UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23-cr-00269-JSW-3 |
|---|---|
| Plaintiff, | |
| v. | **ORDER STRIKING MOTION TO DISMISS COUNT ONE: CONSPIRACY AGAINST RIGHTS (18 U.S.C. § 241) OR IN THE ALTERNATIVE A REQUEST FOR A BOURJAILY HEARING** |
| DEVON CHRISTOPHER WENGER, | |
| Defendant. | Re: Dkt. No. 185 |

The Court has reviewed Defendant Devon Wenger's Motion to Dismiss Count One: Conspiracy Against Rights (18 U.S.C. § 241) or, in the Alternative, a Request for a *Bourjaily* Hearing, and it HEREBY STRIKES the motion for failure to comply with the Court's Order granting Defendant's motion for leave. (Dkt. No. 183.)

Defendant's motion to dismiss is unrelated to the arguments presented in Defendant's motion for leave. Defendant asked for leave to file a motion to dismiss to address alleged constitutional violations "related to *Brady v. Maryland*[,] 373 U.S. 83 (1963), *Franks v. Delaware*[,] 438 U.S. 154 (1978), *Murray v. United States*[,] 487 U.S. 533 (1988), and the retaliatory and selective prosecution of Wenger." (Dkt. No. 181, Motion for Leave, at 3:2-5 (contending Court failed to address those issues).) However, the pending motion to dismiss concentrates on the Government's ability (or not) to prove the elements of a conspiracy and whether Defendant's speech was protected by the First Amendment. These issues are outside the scope of the motion for leave.

Further, Defendant failed to comply with the Court's directive that his motion "must, among other things, demonstrate reasonable diligence in raising the issues identified in his motion

for leave." (Dkt. No. 183, at 2:18-19.) Defendant does not attempt to explain his delay in bringing the motion to dismiss. It appears that the motion is based upon the sufficiency of the Indictment, which Defendant possessed before the motion deadline on May 30, 2024. Moreover, the Court previously addressed several of Defendant's conspiracy arguments, (*see* Dkt. No. 160, Order Denying Defendant Wenger's Motions to Sever), and Defendant has not demonstrated any reason for the Court to revisit those arguments at this time.

Finally, the Court reminded Defendant in its Order striking Defendant's motion for reconsideration, (Dkt. No. 177), and its Order granting the motion for leave, (Dkt. No. 183), "that his motion must include affidavits or declarations in support of his contentions of fact. Evidence should be attached as exhibits to the affidavits or declarations." (Dkt. No. 183, at 2:19-21.) In support of his motion to dismiss, Defendant attaches the "Declaration of Nicole R. Castronovo (Lopes)" which attests, in relevant part: "I am personally familiar with the entire case file and its procedural history. . . This motion is based upon information and belief after review of the case file and relevant case law." (Dkt. No. 185-1.) To the extent any contentions of fact are based upon counsel's "case file" and not the Indictment, this declaration is insufficient.

Accordingly, Defendant Wenger's Motion to Dismiss Count One: Conspiracy Against Rights (18 U.S.C. § 241) or, in the Alternative, a Request for a *Bourjaily* Hearing is STRICKEN.

**IT IS SO ORDERED.**

Dated: November 5, 2024

_____
JEFFREY S. WHITE
United States District Judge