UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 198 |

Now before the Court is Defendant Devon Wenger's motion for leave to file a motion for reconsideration of the Court's Order striking Defendant's motion to dismiss Count One or, in the alternative, for a *Bourjaily* hearing. For the following reasons, the Court DENIES Defendant's motion.

A motion for leave "must specifically show reasonable diligence in bringing the motion and one of the following: (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. . . (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b).

Defendant contends that leave to file a motion for reconsideration is appropriate under the first and second prongs because (1) testimony by Contra Costa County DA Investigator Wallace was provided to defense counsel on November 15, 2024; and (2) a November 4, 2024 search warrant for Wenger's cell phone data was disclosed to the defense on November 19, 2024. The Wallace testimony purportedly includes admissions by Wallace that he did not follow CalECPA and that he operated on a joint task force with the federal government. (Dkt. No. 198-1,

Declaration of Nicole R. Castronovo, ¶ 6.) The November 4, 2024 warrant authorized search of Defendant's cell phone data for evidence of obstruction of justice in connection with deletion of text messages discussing steroid use. (Dkt. No. 193-2, November 4, 2024 Warrant, ¶¶ 12-17.)

Defendant does not explain how this newly obtained information relates to his legal argument in his motion to dismiss Count One that the Government lacks evidence connecting Defendant Wenger to the alleged conspiracy between Defendants Amiri and Rombough. (*See* Dkt. No. 185, Stricken Motion to Dismiss.) The Wallace testimony and new warrant appear to be completely irrelevant to that line of argument, especially given that the Government has represented that it intends to make its case without regard to evidence obtained from Defendant's cell phone data. (*See* Dkt. No. 180, Order Denying Motions to Suppress and Motion for *Franks* Hearing, at 7:4-10.) Whether the Government has sufficient evidence to connect Wenger to the charged conspiracy depends on evidence obtained through other means, such that suppression of the fruits of searches into Wenger's cell phone would have no effect.

Defendant further contends that leave should be granted because his former counsel was ineffective. According to his current counsel, Defendant could not have brought the motion to dismiss Count One prior to the May 31, 2024 law and motion deadline because his prior counsel declined to do so and current counsel was hired only days before the deadline. Former defense counsel nevertheless made timely motions to suppress and to sever. Disagreement in strategy between current and former counsel does not equate to ineffective assistance. *See Harrington v. Richter*, 562 U.S. 86, 106 (2011) (reversing grant of habeas where attorney forewent defense avenue and noting, "[t]here are . . . 'countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.' ") (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 21, 2024

JEFFREY S. WHITE
United States District Judge

2