1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  ERIC CHENG (CABN 274118)
   AJAY KRISHNAMURTHY (CABN 305533)
5  ALETHEA M. SARGENT (CABN 288222)
   ALEXANDRA SHEPARD (CABN 205143)
6  Assistant United States Attorneys

7       1301 Clay Street, Suite 340S
        Oakland, California 94612
8       Telephone: (510) 637-3680
        FAX: (510) 637-3724
9       Eric.Cheng@usdoj.gov
        Ajay.Krishnamurthy@usdoj.gov
10      Alethea.Sargent@usdoj.gov
        Alexandra.Shepard@usdoj.gov
11
   Attorneys for United States of America
12

13                     UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15                            OAKLAND DIVISION

16  UNITED STATES OF AMERICA,          ) Case No. 23-CR-00269 JSW
                                       )
17         Plaintiff,                  ) **[PROPOSED] JOINT PRETRIAL**
                                       ) **CONFERENCE ORDER**
18      v.                             )
                                       )
19  MORTEZA AMIRI and                  )
    DEVON CHRISTOPHER WENGER,          )
20                                     )
           Defendants.                 )
21  _____)

22
            Pursuant to the Court's Standing Orders, the Local Rules, and the Federal Rules of Criminal
23
    Procedure, the parties submit the following proposed joint pretrial conference order:
24

JOINT PRETRIAL CONFERENCE ORDER,
23-CR-00269 JSW                              1

### I. Brief Description of the Substance of the Case

The parties jointly offer the following statement of the case:

This is a criminal case brought by the United States government against defendants Morteza Amiri and Devon Wenger. Defendants Amiri and Wenger are charged with conspiring with each other and other law enforcement officers to violate the civil rights of individuals, in or near Antioch, California, through the use of unreasonable force. Defendants Amiri and Wenger are also charged with individual violations of civil rights through their uses of unreasonable force. Defendant Amiri is also charged with falsification of records. During the relevant time period, Defendants Amiri and Wenger were police officers with the Antioch Police Department.

Specifically, the government alleges that, between at least 2019 and 2022, Defendants Amiri and Wenger took part in a conspiracy with Eric Rombough and other law enforcement officers to use unreasonable force against individuals in or near Antioch, California. The government alleges that, as part of the conspiracy, the defendants agreed with each other to use unreasonable force; communicated about their deployments of unreasonable force and touted them to each other; authored false or misleading police reports to conceal their uses of unreasonable force; and encouraged each other to use unreasonable force, including as punishment. The government also alleges that Defendant Amiri used unreasonable force on A.A. on or about July 24, 2019; on R.S. on or about December 19, 2019; on D.R. on or about August 23, 2020; and on M.Z. on or about October 8, 2020, and that Defendant Wenger used unreasonable force on D.S. on or about October 26, 2021. The government further alleges that Defendant Amiri obstructed justice by falsifying a police report regarding the arrest of A.A., on or about July 24, 2019.

These are only allegations. Defendants Amiri and Wenger have denied the charges and pled not guilty. Defendants Amiri and Wenger are presumed innocent of all charges. The United States government must prove each charge against Defendants Amiri and Wenger beyond a reasonable doubt.

### II. Stipulated Facts

The government has proposed stipulations to streamline the presentation of evidence at trial and obviate the need to call custodians of record.

### III. Joint Exhibit List

The parties have prepared the attached joint exhibit list, **Appendix 1**.

### IV. Parties' Witness Lists

<u>United States' Witness List</u>: The government provides a list of prospective witnesses that it expects to call to testify at trial and a list of witnesses it may call to testify at trial, other than those called solely for impeachment or rebuttal. The government reserves its rights to supplement or modify this list in advance of trial and to call additional witnesses as may be necessary during trial.

| <u>Expect to call</u> | <u>May call</u> |
|---|---|
| Ashley Allen | Jonathan Adams |
| Adrian Arroyo | Steve Coffin |
| Joyce T. Blalock | Armando Delgado-Campos |
| Logan Cartwright | Joshua Evans |
| Matthew Contreras | Randall Gragg |
| Joseph Donleavy | Johnathan Harrison |
| Robert Green | Rick Hoffman |
| Steve Ijames | Munmeet Kular |
| Kevin Lucid | Lindzie Laughridge |
| Timothy Manly Williams | Brock Marcotte |
| Craig Perry | Krystal Templin Martinelli |
| Larry Reed | Anthony Morefield |
| Eric Rombough | Erik Nilsen |
| Daniel Romo | Trevor Schnitzius |
| Dajon Smith | Scott Rice |
| Ken Wallentine | Joseph Smith |
| Jessie Lee Wilson | Kyle Smith |
| Mason Zeigler | Rodney Lamon Smith |
| | Steven Soares |
| | Gregg Tawney |
| | Kevin Tjahjadi |
| | Jennifer Trott |
| | Joseph Vigil |
| | Patrick Wentz |
| | Jimmy Wisecarver, Jr. |
| | Timothy Yee |
| | Thuy Zoback |
| | City of Antioch Custodian of Records |
| | City of Pittsburg Custodian of Records |
| | City of Oakley Custodian of Records |
| | California POST Custodian of Records |
| | Apple Custodian of Records |
| | Sutter Health Custodian of Records |
| | Kaiser Permanente Custodian of Records |

Defendant Amiri's Witness List:

| Expect to call | May Call |
|---|---|
| Zachary Pfannenstiel | Todd Orlando |
| | James Stenger |
| | CSO Nieves |
| | Robert Green |
| | Aaron Hughes |
| | Tyler Radcliffe |
| | Logan Cartwright |
| | Matthew Contreras |
| | John Fortner |
| | Rob Gerber |

Mr. Amiri incorporates the witnesses whom the government expects to call. Mr. Amiri's witness list does not include those called solely for impeachment or rebuttal. Mr. Amiri reserves his rights to supplement or modify this list in advance of trial and to call additional witnesses as may be necessary during trial.

Defendant Wenger's Witness List:

| Expect to call | May Call |
|---|---|
| Gary Lowther | |
| Don Noble | |
| Mike Rains | |
| Julia Fox | |
| Larry Wallace | |
| Matthew Ernst | |
| Josh Evans | |
| Jonathan Adams | |
| Scott Rice | |
| Ryan Duff | |
| Darryl Brian | |
| Nicholas Shiplov | |
| Matthew Nutt | |
| Erik Nielson | |
| Shane Cole | |
| Arturo Becerra | |
| Kristian Palma | |
| Patrick Mayer | |
| James Colley | |
| Brittany Thorpe | |
| Ana Cortez | |
| Patrick Wentz | |
| Rick Hoffman | |
| Karen Kramer | |
| Mark Lillienfeld | |

Mr. Wenger incorporates the witnesses whom the government expects to call. Mr. Wenger's witness list does not include those called solely for impeachment or rebuttal. Mr. Wenger reserves his rights to supplement or modify this list in advance of trial and to call additional witnesses as may be necessary during trial.

**V.  Parties' Lists of Individuals Who May Be Seated at Counsel Table**

<u>United States</u>:  Jessie Chelsea, Eric Cheng, Ajay Krishnamurthy, Alethea Sargent, Alexandra Shepard, Krystal Templin Martinelli and/or Thuy Zoback.

<u>Defendant Amiri</u>:  Paul Q. Goyette, Janelle F. Crandell, Gabriella Turnbull, Morteza Amiri.

<u>Defendant Wenger</u>:  Nicole Lopes, Devon Wenger, Mark Lillienfeld.

**VI. Remaining Items Under N.D. Cal. Crim. L.R. 17.1-1(b)**

 **1. Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2;**

The United States has disclosed and produced to defendants reports of witnesses it intends to call at trial. In preparing for trial, the government is continuing to interview witnesses and continuing to obtain and review evidence. To the extent that the government obtains new transcripts or reports they will be promptly processed and provided to the defendants. The government will meet and expects to exceed its obligations under the Jencks Act, 18 U.S.C. § 3500 and Rule 26.2 and continues to review the materials in its possession for any statements of witnesses it intends to call at trial, and will process and provide such statements to the defendants as soon as practicable and no later than the date of jury selection.

This Court previously set a defense discovery cut-off of December 13, 2024. To date, the defense has produced approximately 39 pages of discovery.[1] The United States takes the position that, absent good cause, any additional discovery is untimely.

 **2. Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial;**

The United States has exceeded its obligations and already provided to the defendants in

---

[1] The defense also provided several expert witness reports, which are the subject of several of the parties' Motions in Limine.

discovery transcripts of any grand jury testimony of witnesses the government anticipates calling in its case-in-chief.

**3. Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment;**

The United States believes that it has supplied all materials that may be relevant under *Brady v. Maryland*, 373 U.S. 83 (1963). In preparing for trial, the government is continuing to interview witnesses and continuing to obtain and review evidence. The government continues to review materials in its possession for potential exculpatory or impeachment information. The government recognizes and will comply with its ongoing obligation to provide the defense with materials subject to *Brady, Giglio v. United States*, 405 U.S. 150 (1972); and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

**4. Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses;**

*See* Part II (Stipulated Facts) above.

**5. Appointment by the Court of interpreters under Fed. R. Crim. P. 28;**

The parties do not anticipate the need for Court-appointed interpreters.

**6. Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations;**

The government is evaluating whether one or more counts alleged in the Indictment may be dismissed solely for purposes of streamlining the upcoming trial.

The defendants have not disclosed to the United States, any issues regarding insanity, alibi, mental condition, duress, justification, or any other related issues.

**7. Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant;**

The parties are not seeking severance of trial as to any co-defendant.

**8. Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.;**

The United States intends call in its case-in-chief two individuals who pleaded guilty to crime(s) arising out of the same or related events for which the defendants are on trial: Timothy Manly Williams and Eric Allen Rombough. The defendants are aware of the identity of these individuals, which were previously provided in discovery.

Regarding other witnesses disclosed by the United States as witnesses that it expects to call or may call, the defendants have not provided notice of any intent to use impeachment evidence in which more than 10 years have passed since a witness' prior conviction or release from confinement. Fed. R. Evid. 609(b).

Defendant Amiri's prior convictions before this Court for conspiracy to commit wire fraud and wire fraud are the subject of the parties' motions *in limine*.

**9. Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal;**

*See* Part IV (Parties' Witness Lists) above.

**10. Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal;**

*See* Part III (Joint Exhibit List) above. The United States is preparing summaries, diagrams, and demonstrative exhibits in anticipation of trial, and will share them with defense counsel as they are completed.

The parties have agreed to exchange any exhibits and/or demonstratives to be used during opening statements at least 72 hours before trial begins so that any potential disputes may be addressed in advance of trial.

**11. Pretrial resolution of objections to exhibits or testimony to be offered at trial;**

The parties are meeting and conferring to resolve potential objections to exhibits and testimony before bringing any matters to the attention of the Court. Objections by a party will be concurrently filed by the objecting party pursuant to the Court's Standing Order.

An evidentiary objection made by one defendant shall be treated as an evidentiary objection made by both defendants unless otherwise indicated.

**12. Preparation of trial briefs on controverted points of law likely to arise at trial;**

The United States will file a trial brief pursuant to the Court's Standing Order. The parties also filed motions *in limine* to attempt to address anticipated disputes likely to arise at trial.

**13.  Scheduling of the trial and of witnesses;**

The parties provided a joint statement regarding the anticipated length of trial on January 16, 2025 (Dkt. No. 242).

**14.  Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions;**

The parties will concurrently file a joint set of proposed voir dire questions upon which the parties agree, and supplement with disputed questions proposed by a party, if any.

**15.  Any other matter which may tend to promote a fair and expeditious trial.**

The parties will continue working together to resolve matters in an effort to promote a fair and expeditious trial and will timely bring to the Court's attention those matters upon which the parties disagree.

DATED: January 27, 2025               Respectfully submitted,

                                      ISMAIL J. RAMSEY
                                      United States Attorney

                                      ____/s/____
                                      ERIC CHENG
                                      ALETHEA SARGENT
                                      AJAY KRISHNAMURTHY
                                      ALEXANDRA SHEPARD
                                      Assistant United States Attorneys

DATED: January 27, 2025               GOYETTE, RUANO & THOMPSON

                                      ____/s/____
                                      PAUL GOYETTE
                                      JANELLE CRANDELL
                                      Attorneys for Defendant MORTEZA AMIRI

DATED: January 27, 2025               Respectfully submitted,

                                      SEKI, NISHIMURA & WATASE, PLC

                                      ____/s/____
                                      NICOLE LOPES
                                      Attorney for Defendant DEVON WENGER

**[PROPOSED] ORDER**

**IT IS SO ORDERED.**

DATED:

HON. JEFFREY S. WHITE
United States District Judge