SEKI, NISHIMURA & WATASE, PLC
NICOLE R. CASTRONOVO (SBN 314585)
ncastronovo@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for Defendant DEVON CHRISTOPHER WENGER

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No.: 4:23-CR-00269-JSW-3 |
|---|---|
| Plaintiff, | (Hon. Jeffrey S. White) |
| vs. | **DEFENDANT DEVON CHRISTOPHER WENGER'S FURTHER BRIEFING REGARDING 404(B) EVIDENCE** |
| DEVON CHRISTOPHER WENGER, | |
| Defendant. | Date:   February 10, 2025<br>Time:   9:00am |

Rule 404 (b)(1) begins by reiterating the lesson from Rule 404 (a)(1): "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The rule then goes on to state that prior acts evidence, however, "ma be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404 (b)(2).

In essence, the rule allows a party to use evidence of bad acts, as long as such evidence is not used as propensity evidence. The Supreme Court has held that the government need no prove by a preponderance of the evidence that the

1  other act occurred; instead, it must provide sufficient evidence such that "the jury
2  can reasonably conclude that the act occurred and that the defendant was the
3  actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988).

4      In criminal cases, the rule requires the government to provide the defendant
5  "reasonable notice of any such evidence that the prosecutor intends to offer at
6  trial, so that the defendant has fair opportunity to meet it [and] articulate in the
7  notice the permitted purpose for which the prosecutor intends to offer the evidence
8  and the reasoning that supports the purposed." Fed. R. Evid. 404 (b)(3). This
9  notice must be provided in writing before trial – or during trial if the court, for
10 good cause, excuses the lack of notice. See Id.

11      This notice requirement, which was instituted on December 1, 2020,
12 supplanted and significantly expanded on a prior notice requirement that required
13 the government merely to give "reasonable notice" of the "general nature" of the
14 evidence it intended to offer. The prior version of the rule, moreover, did not
15 require that the prosecutor explain the specific permissible purpose for which it
16 was being offered, or the chain of reasoning that supported its admissibility. After
17 the amendment, failure to articulate a propensity-free chain of reasoning between
18 the prior acts and the charged offense, should result in exclusion of the evidence.
19 *See United States v. Charley*, 1 F.4th 637, 650 (9th Cir. 2021).

20      As the Supreme Court has explained, Rule 404 (b) operates in tandem with
21 Rules 104(b), 402, and 403 to govern the admissibility of other bad acts evidence.
22 *Huddleston*, 485 U.S. at 690-92; accord *United States v. Sampson*, 980 F .2d 883
23 (3d Circ. 1992). Those rules first require that the evidence be relevant.
24 *Huddleston*, 584 U.S. at 691 (citing Fed R. Evid. 402). A jury must be able to
25 reasonably conclude that the act occurred. *Id*. (citing Fed. R. Evid. 104(b)). If it is
26 relevant for a non-propensity purpose, its probative value must not be
27 substantially outweighed by its unfair prejudice. *Id*. (citing Fed. R. Evid. 403).
28 Finally, if the district court decides that the bad acts evidence is admissible, it

1  should give the jury a limiting instruction, explaining the limited purpose of the
2  evidence. *Id*. at 691-92 (citing Fed.R.Evid. 105).
3       Most circuits require the district court to explicitly state the appropriate
4  purpose for which the evidence is being admitted. *Sampson*, 980 F .2d at 887.
5  "Unless the reason [the evidence is being offered] is apparent from the record, a
6  mere list of the purposes found in Rule 404(b) is insufficient. The district court
7  must put a chain of inferences into the record, none of which is the inference that
8  the defendant has a propensity to commit this crime." *Id.* at 888; accord *Marion*,
9  977 F .2d at 1288; *United States v. McElmurry*, 776 F .ed 1061, 1068 (9th Circ.
10 2015).
11      **The government cannot merely claim a piece of evidence is not being**
12 **used for propensity, but just listing off each of the appropriate purposes**
13 **provided in Rule 404 (b) – it must "identify the specific purpose or purposes'**
14 **for which admission [is] sought under Rule 404 (b)(2)."** *McElmurry*, 776 F .3d
15 at 1068.
16      In this case, the attached letter from the government (*Exhibit 1*) merely lists
17 the appropriate purposes provided in Rule 404(b) and fails to identify the specific
18 purposes or purposes for which admission is sought under Rule 404(b)(2). As
19 such, the government has failed to properly abide by the Federal Rules of
20 Evidence and should not be permitted to bring in the aforementioned evidence.
21 \ \ \
22 \ \ \
23 \ \ \
24 \ \ \
25 \ \ \
26 \ \ \
27 \ \ \
28 \ \ \

### III. CONCLUSION

For the foregoing reasons, Mr. Wenger respectfully requests that the Court deny the government's admission of evidence under Rule 404(b). The proposed evidence is not relevant to any permissible purpose, poses a significant risk of unfair prejudice, and would violate Mr. Wenger's right to a fair trial.

Dated: February 6, 2025             SEKI, NISHIMURA & WATASE, PLC


                                    By:  /s/  Nicole Castronovo
                                         NICOLE CASTRONOVO
                                         Attorney for Defendant
                                         Devon Christopher Wenger

-4-
DEFENDANT WENGER'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE 1