UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MORTEZA AMIRI and DEVON CHRISTOPHER WENGER,<br><br>Defendants. | Case No. 23-cr-00269-JSW-1, 3<br><br>**ORDER ON MOTIONS *IN LIMINE***<br><br>Re: Dkt. Nos. 250, 251, 252, 253, 254, 255, 269, 270, 271 |

Now before the Court are the parties' motions *in limine*. Following the pretrial conference, the Court ordered additional briefing regarding Defendant Morteza Amiri's Motion *in Limine* No. 2 to exclude prejudicial language. (Dkt. No. 297.) The Court further notes that there may have been some confusion regarding its orders on the parties' remaining motions *in limine*, and thus it deviates from its normal practice to set forth, in brief, its rulings and reasoning as to each motion.

## BACKGROUND

Defendants Amiri and Devon Christopher Wenger are former officers with the Antioch Police Department. The Government alleges that Amiri and Wenger, together with Eric Allen Rombough and other unidentified or uncharged officers, conspired to deprive residents of Antioch of their rights to be free from use of unreasonable force by a law enforcement officer in violation of 18 U.S.C. section 241. The Government further alleges that Amiri and Wenger violated 18 U.S.C. section 242 by depriving an individual of the right to be free from the use of unreasonable force by a law enforcement officer on five total occasions. Finally, the Government alleges that Amiri knowingly submitted a false police report in violation of 18 U.S.C. section 1519.

## ANALYSIS

The Government and Amiri each submitted motions *in limine* to exclude or admit evidence

ahead of trial. Wenger did not submit any motions *in limine*, but he submitted oppositions to several of the Government's motions.

**A.     Rulings on the Government's Motions *in Limine*.**

    **1.     Motion *in Limine* No. 1 to Admit Evidence as Inextricably Intertwined and/or Pursuant to Federal Rule of Evidence 404(b).**

The Motion is granted, in part, and denied, in part.

The Court finds the incidents in October 2019, on January 3, 2020, on August 22, 2020, and on January 26, 2022 are admissible as intrinsic to the conspiracy charge. All appear to involve the use of excessive force and communication bragging about the same between one or both Defendants and other officers, which may support the Government's theory that the Defendants conspired to deprive Antioch residents of their right to be free from excessive force by law enforcement officers.

The Court finds that the July 7, 2019 arrest by Wenger is not intrinsic to the alleged conspiracy because it is not accompanied by communications between Wenger and other officers regarding the use of force. The Court engaged in the Federal Rule of Evidence 404(b) as stated on the record and finds that the evidence tends to support an impermissible inference relating to character. The Court will not permit evidence of the details of the arrest or allegedly falsifying the police report unless and until the government provides evidence to the Court's satisfaction connecting the conduct to the conspiracy to violate rights. Should the Court revisit this decision, the Court will require a limiting instruction to prevent use of the incident as evidence of Wenger's guilt in Count 8. However, the Court will allow evidence of the remedial training following the arrest to come in for both Count 1 and Count 8.

    **2.     Motion *in Limine* No. 2 to Admit Evidence as to Defendant Morteza Amiri Pursuant to Federal Rule of Evidence 404(b).**

The motion is denied. The Court engaged in the 404(b) analysis as stated on the record and finds the evidence to be improper character evidence.

3.    **Motion *in Limine* No. 3 to Exclude Testimony of Beth Chrisman, Jason Hawks, and Robert McFarlane.**

The motion is granted in part. As stated on the record, testimony by Ms. Chrisman and Mr. Hawks is excluded on the basis of relevance. Mr. McFarlane's testimony is not excluded, but Mr. Wenger must produce the "synchronized audio and video matrix" to the Government, and failure to do so may result in exclusion. The Government may renew its motion as to Mr. McFarlane by February 14, 2025, at 4:00 p.m.

4.    **Motion *in Limine* No. 4 to Limit and Exclude Expert Testimony on Use of Force.**

The motion is granted in part as to improper legal conclusions as stated on the record. Mr. Glenn and Mr. Pfannenstiel may not testify whether they believe the defendants' use of force was "reasonable," "justified," "not criminal," or "lawful." They may further not testify as to the defendants' mental states or as to any legal standards.

Mr. Glenn and Mr. Pfannenstiel may testify regarding general police policies and professional standards of practice, the Defendants' training, and the Antioch Police Department's policies.

5.    **Motion *in Limine* No. 5 to Preclude Irrelevant Attempts to Encourage Jury Nullification.**

The motion is granted. The parties should not appeal to the jury's sympathy, reference potential punishment, or re-argue their pretrial motions to the jury.

**B.    Amiri's Motions *in Limine*.**

1.    **Motion *in Limine* No. 1 to Exclude Statements of Co-Conspirators.**

The motion is denied. The Government has produced enough evidence of conspiracy, including through the anticipated testimony of Mr. Rombough, that, as an evidentiary matter, co-conspirator statements are admissible under Rule 801(d)(2)(E).

2.    **Motion *in Limine* No. 2 to Exclude Unfairly Prejudicial Language.**

The motion is granted in part and denied in part. The Court will admit, without redaction, the word "faggot" in Exhibits 902 and 932; the word "gorilla(s)" in Exhibit 116; and the words "monkeys" and "zoo" in Exhibit 118. The Court will not admit the word "nigger" or its

variations.

Evidence of racial animus is highly probative of Mr. Amiri's alleged intent to use unreasonable force. As in *Price v. Kramer*, 200 F.3d 1237, 1251 (9th Cir. 2000), "racial bias [is] an obvious and appropriate subject to explore given the nature of the [excessive force] case." Racial motivation bears directly on whether Mr. Amiri conspired to deprive or did in fact deprive the residents of Antioch of their rights, and further tends to demonstrate why the alleged victims' testimony should be credited. *See id.* (noting that, in addition to directly bearing on whether the officers stopped the plaintiffs without probable cause, evidence of racial motivation related to credibility of witnesses and whether the officers' conduct was "malicious, wanton or oppressive or in reckless disregard of the plaintiffs' rights").

Mr. Amiri relies principally on the Ninth Circuit's ruling in *United States v. Brown*, 720 F.2d 1059 (9th Cir. 1983) to assert that racist statements made by or to Mr. Amiri outside of the context of the specific uses of force with which he is charged are more prejudicial than probative. In that case, the Ninth Circuit found that statements made by the defendant to a police officer without the benefit of *Miranda* warnings, and which included vulgar terms, was improperly admitted at trial. *Id.* at 1069. The Ninth Circuit found that the "offensive language ascribed to [the defendant] had insubstantial tendency to prove him a member of the Government-charged conspiracy, and did not relate to any of the substantive counts against him." *Id.*

The Court finds *Brown* inapposite. Although *Brown* involved admission of racial language outside of the direct incidents with which the defendant was charged, the vulgarities had no connection to the charges of conspiring to distribute heroin. *See id.* Here, in contrast, allegations of racial bias go directly to whether Mr. Amiri did in fact intend to use unreasonable force. The Court joins other courts in holding "that the admission of racially offense language, when race is at issue (*i.e.* when a civil rights statute is involved), is admissible because its probative value outweighs the danger of unfair prejudice." *United States v. Bowen*, No. R18-01013001-TUCCKJDTF, 2019 WL 3238469, at *4 (D. Ariz. July 18, 2019). The risk of unfair prejudice does not outweigh, let alone "substantially outweigh," the probative value of the evidence. *See id.* (noting that "any evidence that tends to prove the government's case is by its very nature

prejudicial.").

      **3.**     **Motion *in Limine* No. 3 to Exclude Reference to Defendant's Termination and Employment Status.**

The motion is granted. The fact of Mr. Amiri's termination from the Antioch Police Department will be admissible only for impeachment (with the reminder that it is the Court, not the Government, who determines whether Mr. Amiri has "opened the door" to that evidence). Evidence of discipline or training while on the police force will not be excluded.

      **4.**     **Motion *in Limine* No. 4 to Exclude Evidence of Prior Conviction.**

The motion is denied. If Mr. Amiri decides to testify at trial, evidence of his conviction of wire fraud is admissible under Rule 609(a)(2) because it involved a dishonest act or false statement.

**IT IS SO ORDERED.**

Dated: February 13, 2025

_____
JEFFREY S. WHITE
United States District Judge