UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23-cr-00269-JSW-1, 3 |
|---|---|
| Plaintiff, | |
| v. | **ORDER REGARDING JUROR NO. 1** |
| MORTEZA AMIRI and DEVON CHRISTOPHER WENGER, | |
| Defendants. | |

The Court has received a communication from Juror No. 1 (formerly Juror No. 12) stating that he contacted his clinic and is unable to reschedule his weekly appointments for Tuesday afternoons due to clinic hours.[1] The Court previously declined to excuse Juror No. 1 for hardship given its understanding that Juror No. 1 could reschedule his appointments. (*See* Dkt. No. 332, Tr. of Proceedings, at 111:3-6 ("The Court: And do you know if you're able to reschedule them [your appointments] if you're selected? Prospective Juror: I can reschedule them, but it's once every week.").) In light of this new information, the Court is inclined to find that Juror #1 is unable to perform his duties as a juror and to replace Juror #1 with an alternate juror pursuant to Federal Rule of Criminal Procedure 24(c). The Court is concerned that permitting Juror No. 1 to continue his service could prejudice the Defendants, as Juror No. 1's condition may impact his ability to focus during the trial.

The Court has broad discretion to determine that a juror is no longer able to perform his duties. *See United States v. Echavarria-Olarte*, 904 F.2d 1391, 1395 (9th Cir. 1990) (holding the determination is "the kind of question peculiarly suited to the exercise of discretion by the trial

---

[1] The communication occurred via phone call to the Courtroom Deputy.

judge"); *United States v. Ciranda-Sanchez*, 448 F. App'x 696, 697 (9th Cir. 2011) (affirming trial judge's decision to remove coughing juror despite her willingness to continue service as "rational"); *Rivera v. Koenig*, No. 2:16-CV-00856-JKS, 2021 WL 1946444, at *6 (E.D. Cal. May 14, 2021) (noting "the Court is unaware of any case finding improper a trial court acquiescing in a juror's statement alleging hardship that would affect the juror's ability to carry out her duties"). The Court intends to exercise its discretion to dismiss the juror on Monday, March 3, 2025, unless a party has a serious objection supported by relevant legal authority.

The parties shall file any objections by **Monday, March 3, 2025, at 7:00 a.m.**

**IT IS SO ORDERED.**

Dated: February 28, 2025

_____
JEFFREY S. WHITE
United States District Judge