SEKI, NISHIMURA & WATASE, PLC
BILL H. SEKI (SBN 137045)
bseki@snw-law.com
NICOLE R. CASTRONOVO (SBN 314585)
ncastronovo@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorney for Defendant DEVON CHRISTOPHER WENGER

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No.: 4:23-CR-00269-JSW-3<br><br>(Hon. Jeffrey S. White)<br><br>**DECLARATION OF BILL H. SEKI IN SUPPORT OF ORDER TO SHOW CAUSE RE REPRESENTATION OF DEFENDANT DEVON WENGER; SETTING HEARING FOR MARCH 25, 2025 AT 1:00 P.M.** |

**TO THE HONORABLE COURT:**

I, BILL H. SEKI, declare as follows:

1. I am a Partner with the law firm Seki Nishimura & Watase, PLC ("Firm"). I am licensed to practice in the state of California. The facts stated in this declaration are based on my personal knowledge. Accordingly, I submit this declaration based upon such knowledge, unless stated upon information and belief.

2. I have not had any personal communication with Ms. Lopes since the Court declared a mistrial in the above matter on March 5, 2025, despite efforts speak

with her. To this date there has not been any telephonic communications with Ms. Lopes. There has been limited communication between the Firm and Ms. Lopes through e-mail and text messages.

3. As late as March 17, 2025, I was under the belief that Ms. Lopes would be appearing for the Status Hearing Following Mistrial (Court's Docket Order 393). This belief was based upon my understanding that Ms. Lopes requested her administrative assistant make hotel reservations for her so she could appear at the hearing, and reservations were in fact made.

4. Additionally, I was informed Ms. Lopes had been communicating with the Government regarding the preparation of a joint status report pursuant to the Court's Order (Court's Docket Order 393), including an email to the Government on March 19, 2025, at 5:40 p.m.

5. On March 19, 2025 at 5:35 p.m., the Firm was informed Ms. Lopes would be extending her medical leave to April 15, 2025. She initially informed the Firm of her medical leave on March 5, 2025.

6. On March 20, 2025, at 11:30 a.m., the Firm was informed by email from Ms. Lopes that all communication between the Firm and Ms. Lopes should be directed to her counsel, George Aloupas. At this time there was no indication that she would not be able to attend the Status Hearing, only that she was on protected leave and could not comply with the Court's filing deadline regarding a joint status report.

7. On March 20, 2025, at 2:19 p.m., the Firm received an email from Mr. Aloupas. The email requested the Firm respond to the Government's Motion to Exclude Time, and to inform the Court that Ms. Lopes has been on medical leave and unavailable to respond. The email did not indicate whether Ms. Lopes would be attending the Status Hearing on March 25, 2025. I subsequently prepared a Declaration Re: Order and Deadlines which was filed with the Court on March 20, 2025.

8. On March 21, 2025, at 8:04 a.m., Ms. Lopes sent a text to Firm management asking who would be appearing at the status hearing. She attached the Court's Order (Dkt. No. 406) to her text message. Upon receipt of this text message, it was assumed that Ms. Lopes would not be appearing at the Status Hearing.

9. I am further informed and believe that Mr. Wenger seeks to have Ms. Lopes represent him in the retrial. I am further informed and believe that Ms. Lopes intends to remain as counsel for Mr. Wenger. I am further informed and believe Ms. Lopes intends to be ready to start trial on or about May 15, 2025.

10. The Firm has attempted to clarify with Ms. Lopes, through her attorney, Mr. Aloupas, all responses ordered by the Court for the Order to Show Cause Re Representation of Defendant Devon Wenger. We have not received any clarification from Ms. Lopes or her attorney.

11. I submit the following responses to the issues presented by the Court in the Order to Show Cause Re Representation of Defendant Devon Wenger (Court Docket no. 404);

    1. Does Ms. Lopes intend to be trial counsel at the retrial?

        RESPONSE: I am informed and believe that Ms. Lopes intends to be trial counsel at the retrial.

    2. If yes:

        a. What specific additional support will Ms. Lopes have before and during trial?

        RESPONSE: The Firm is not in a position to dedicate an additional attorney to the case. However, we are looking to associate another attorney or firm as co-counsel. Further the Firm will continue to provide all administrative support for Ms. Lopes, until such time that the Firm is relieved as counsel of record.

b. What specific measures does Ms. Lopes intend to take to ensure she is prepared for trial?

RESPONSE: The addition of Co-counsel for Mr. Wenger will assist Ms. Lopes in her preparation for trial. Additionally, the Firm will provide the necessary administrative resources to Ms. Lopes to aid in her preparation for trial.

c. What specific measures does Ms. Lopes intend to take to ensure that she is able to comply with all Court orders and deadlines?

RESPONSE: As has been the practice, the Firm will remind Ms. Lopes of all deadlines and provide the necessary administrative resources to meet all Court orders and deadlines, until such time that the Firm is relieved as counsel of record.

d. How can the Court be assured that Ms. Lopes' mental and physical health will not prevent her from effectively representing Wenger at trial?

RESPONSE: Ms. Lopes is presently on medical leave. I am unable to fully respond to the Court's inquiry.

Dated: March 24, 2025    SEKI, NISHIMURA & WATASE, PLC


By: */s/ BILL H. SEKI*
    BILL H. SEKI