Nicole Lopes, Esq.
c/o 20920 Warner Center Lane
Suite B
Woodland Hills, California 91367

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No.:    4:23-CR-00269-JSW-3<br>Judge:     Hon. Jeffrey S. White<br><br>**DECLARATION OF NICOLE LOPES IN RESPONSE TO ATTORNEY BILL SEKI'S DECLARATION OF APRIL 18, 2025** |

I, Nicole Lopes, declare as follows:

1. The facts stated in this declaration are based upon my personal knowledge, except where I indicate they are based on my information and belief, and as to those matters, I believe them to be true.

2. This declaration serves as my response to Bill Seki's declaration of April 18, 2025, pursuant to this Court's Order of April 18, 2025 (Document No. 441).

3. The main reason I was unable to represent Mr. Wenger for the remainder of the trial was because I did not get any meaningful help from Seki Nishimura & Watase, PLC. In particular, I am referring to the month of February 2025. As this Honorable Court has noted, I represented Mr. Wenger satisfactorily in the months before February 2025. But with thousands of pages in exhibits and discovery; nineteen witnesses to prepare for; no help with subpoenas until days before trial and no offer of help regarding approximately twenty trial binders until the evening before trial—even as I

worked on short deadlines to prepare/oppose motions and objections to witnesses and exhibits and prepared for cross-examination, opening statements, closing statements, and jury selection, my employer failed to provide me the support I needed and requested.

4. I informed Mr. Seki that the prosecution and co-defendants in this case had multiple attorneys and that the case involved multiple defendants, thousands of documents, and many witnesses. Had he given me the help I understood from our communications would be given when I first asked him to allow me to represent Mr. Wenger, I would have never moved for a mistrial. Had he assigned me a second chair—even a part-time one—I believe that I would not have experienced a mental health breakdown that negatively impacted my representation of Mr. Wenger and detrimentally affected my career, my life, and my wellbeing.

5. I repeatedly asked for help from Mr. Seki and the managing partner, Joseph Esposito, mostly orally and sometimes in writing. (See, e.g., **Exhibit 1**).

6. According to Mr. Seki's profile posted on the website of Seki Nishimura & Watase, PLC, Mr. Seki is a seasoned criminal trial attorney who was employed as a Deputy District Attorney for nine years. I am informed and believe that in that role, Mr. Seki was responsible for prosecuting high profile cases including murder, sexual assault, and public corruption. Based on Mr. Seki's website information, he was also a member of the Special Investigations Division responsible for investigating and prosecuting public officials, including police officers. Based on Mr. Seki's background, I believe Mr. Seki understood the importance of having second chairs in high profile criminal cases.

**Bill Seki Declaration, 2:06-16, Regarding Representation of Mr. Devon Wenger**

7.   In May 2024, I asked Mr. Seki to assign me to Mr. Wenger's case. We discussed the time commitment to the case, and Mr. Seki told me he could not help at trial, including because he was not admitted to practice before this Court. However, Mr. Wenger's case was part of a larger federal investigation into the Antioch Police Department that had captured the media's attention. For this reason, I explained to Mr. Seki the dynamics of high-profile criminal trials and my experience in trying such cases, including the prosecution and defendants being represented by multiple attorneys; and about how attorneys who were far more experienced than me have a second chair in high-profile criminal trials. I told Mr. Seki I would need a second chair and help with trial preparation, if not from Mr. Seki himself, then from someone else. Both Messrs. Seki and Esposito stated that Mark Montellana, a second-year civil litigation associate who helped another partner, Kari Kadomatsu, could be my second chair.

**Seki Declaration, 3:01-4:02; Mark Montellana and Ms. Lopes's Request for help**

8.   As I have indicated to this Court, in December 2024, Ms. Kadomatsu, the partner in charge of approximately sixty civil matters at Mr. Seki's firm, resigned. To the best of my recollection, either in late December 2024 or early January 2025, Messrs. Seki and Esposito came to my office and said they were here for my annual review. During that meeting, they stated that Ms. Kadomatsu's resignation had blindsided them and that Mr. Montellana could no longer be my second chair in the Wenger matter because they needed him to work on Ms. Kadomatsu's caseload. I responded that I needed someone else assigned to help me with Mr. Wenger's case, but they stated no one was available to help me. Had I known I would not have had a second

**DECLARATION OF NICOLE LOPES**

chair at trial, I would not have asked to represent Mr. Wenger.

9. Mr. Seki's did agree to assign Mr. Montellana as my second chair. If he and Mr. Esposito had not agreed, I would not have requested from the Peace Officers Research Association of California or PORAC (insurance carrier for peace officers) to approve Mr. Montellana as my second chair.

10. After December 2024, I stopped asking Mr. Montellana to help because Messrs. Seki and Esposito told me that Mr. Montellana could no longer be my second chair. After December 2024, nobody at the firm told me that Mr. Montellana was available to help me for trial.

### Seki Declaration, 4:03-08, Regarding "Conversation" Concerning Mr. Montellana

11. My comments on pages 725:24-726:01 of the transcript do not relate to a conversation. The list of items addressed in the transcript reflects my expectations, including based on the work Mr. Montellana performed on the Wenger matter relating to a reply brief and motions in limine in November 2024 through early December 2024.

### Seki Declaration, 4:12-17, Regarding My Being Berated and Yelled at

12. In about December 2024, my anxiety and depression escalated due to my heavy workload and the burnout that I began experiencing in July 2024. I informed Mr. Seki of my mental health disabilities. Hoping he would understand, I called him and said my workload was exasperating me. Mr. Seki raised his voice and said, "Maybe you were not meant to be an attorney." He said this in a demeaning tone, and it stunned me.

13. After my call with Mr. Seki, I called Mr. Esposito. I was crying when I explained to him what had happened when I spoke to Mr. Seki. Mr. Esposito took Mr. Seki's

**DECLARATION OF NICOLE LOPES**

side, was dismissive, and said he had a class to teach and ended the conversation.

**Seki Declaration, 5:22-6:23, Regarding Help With Subpoenas and Trial Binders**

14. In January 2025, I first orally asked my legal assistant, Lucy Garcia, to start working on trial binders.

15. January 26, 2025, was the date I first asked Ms. Garcia, to prepare witness subpoenas. I provided her with a list of witnesses, as well as a list of the exhibits I intended to use at trial. I followed up by phone, and I did not receive a response from Ms. Garcia. Attached as **Exhibit 2** is a copy of my January 26 email to Ms. Garcia, which I forwarded to Mr. Seki on March 2.

16. On February 5, I again emailed Ms. Garcia regarding the subpoenas. (**Exhibit 2**, page 3). I received no response. On February 6, I sent another email, again following up regarding the witness subpoenas. She did not respond to my email until February 20, 2025, and then, it was to pose a question rather than to provide the work I had requested be done. (**Exhibit 3**, page 2, top email). I again followed up regarding the subpoenas on February 21 (**Exhibit 2**, page 1) February 25 (**Exhibit 4**, page 1), and February 26 (**Exhibit 4**, pages 2-3).

17. Based upon information and belief, Ms. Garcia did not start working on the subpoenas until February 25, 2025. Ms. Garcia emailed me subpoenas on February 26, and when I retrieved them on February 27, they were incomplete. (See **Exhibit 1**, page 2, my text messages to Mr. Esposito).

18. Deadline reminders were sometimes sent by Ms. Garcia and I appreciated them when they were sent to me. However, I needed to advise Ms. Garcia about deadlines that I had requested to be placed on the calendar, but that she failed to do. Attached as **Exhibit 5** are two of numerous examples of my reminders to Ms. Garcia in this

**DECLARATION OF NICOLE LOPES**

regard.

19. Having received no help from the firm with trial binders, on March 2, 2025—a Sunday, and the day before trial—I arrived at the office, located in Los Angeles, at approximately 6:00 a.m. and started working on the trial binders. Two female peace officers had graciously agreed to assist me with preparing the binders. When I spoke with Mr. Seki that day, he stated he was with his daughter and that, if I wanted, he could come to the office for a couple of hours to help me with the binders. I stated to him that two of my friends had kindly volunteered to help me.

20. At no time did Mr. Seki mention that Ms. Garcia, who I had previously asked to help work on the trial binders, would (on a Sunday) be able to help me. I worked from approximately 6:00 a.m. to close to midnight, partially completed the trial binders, and left Los Angeles around midnight directly for Oakland, arriving there at approximately 6:45 a.m. for the first day of trial, commencing at 7:30 a.m.

**Seki Declaration, 6:24-7:10, Effect of Partner Resignation on my Workload**

21. As reflected at page 713:01-09 of the transcript, dated March 5, 2025, I stated to the Court that the two civil and criminal practice groups of the firm are separate and are generally handled by separate attorneys. My workload was primarily related to criminal matters.

22. As reflected at pages 713:19-714:08 of the March 5, 2025 transcript, the resignation of Mr. Seki's partner impacted Mark Montellana's workload directly. It impacted my trial preparation for Mr. Wenger's case indirectly because shortly after the partner in question resigned, during my annual review, Messrs. Seki and Esposito informed me that Mr. Montellana could no longer assist me.

**DECLARATION OF NICOLE LOPES**

**Seki Declaration, 7:11-8:04, Regarding Billable Hours and Trevor Kirk Case**

23. As reflected at pages 727:12-728:03 of the March 5, 2025 transcript, I was involved in the Trevor Kirk matter and was assigned as the trial attorney for that case. (See, e.g., captions on documents at **Exhibit 6**). I ultimately did not try that case and, in January 2025, stopped representing Mr. Kirk. To the extent the transcript at page 732:02-03 indicates that I tried Mr. Kirk's case, I misspoke and meant that I was assigned to try Mr. Kirk's case. I was very emotional on March 5, 2025, and would never intentionally misrepresent a fact to this Court.

24. As to my billable hours, neither Mr. Seki nor anyone else at his firm indicated to me that my "billable" hours were low or that I was not working hard enough. In fact, I received thanks from Mr. Seki for referring high-profile cases to them, which they in turn referred out to other firms and earned and are in the process of earning a substantial profit.

25. I did not have a billable hour requirement for the criminal matters I handled. Upon information and belief, the firm represented criminal matters based on a flat fee rate.

26. At the time I was representing Mr. Wenger, I was also assigned as trial counsel for another nine cases. Attached as **Exhibit 7** is my email of December 10, 2024 to Mr. Seki regarding my trial calendar.

**Seki Declaration, 8:05-20, Regarding Police Involved Shootings, Court Appearances, and Mr. Seki's Impressions**

27. As reflected at pages 733:16-734:12 of the March 5, 2025 transcript, I mentioned police involved shooting incidents as an example of one of my responsibilities as an attorney at Mr. Seki's firm. I did not state that my representation of clients involving police shootings impeded my trial preparation in Mr. Wenger's case.

**DECLARATION OF NICOLE LOPES**

28. Regarding my comments that "I'm usually in court every morning" and "in the afternoon as an IA interviewer," (March 5, 2025 transcript, 750:12-15), by "usually" I did not mean my entire career, but in recent times. On March 5, I was very emotional and am deeply sorry and profusely apologize for not being more specific regarding these comments.

29. I believed I expressed clearly to Messrs. Seki and Esposito that I was in the trenches and needed another attorney's help. I felt generally ignored until March 2025, after this Court contacted Mr. Seki.

30. I told Mr. Seki, for instance, that after the original discovery deadline of May 2024, the government had sent voluminous discovery—on November 19, 25, 26; December 4; January 3, 22, 31; and February 12, 20, 25. I also told him that the government was seeking to introduce over 900 exhibits and that, pursuant to Paragraph 20 of this Court's Standing Order, each day during trial all counsel were required to exchange a list of witnesses and exhibits to be used for each witness and that counsel only had twenty-four hours to object to such notice and provide their own list of exhibits for cross-examination purposes. Given this, I feel confident that I was not provided the necessary support or even similar support that the government lawyers had available to them.

31. Exhibits 1 through 7 attached to this declaration are true copies and incorporated herein by this reference. Said exhibits were either sent to me or received by me on the dates reflected on the exhibits. Yellow highlights have been added for ease of reference. Black marks indicate redactions.

//

//

**DECLARATION OF NICOLE LOPES**

I declare under penalty of perjury under the laws of the state of California that the facts stated in this declaration are true. Executed on this 2nd day of May 2025, in Los Angeles, California.

By: *Nicole Lopes*
_____
Nicole Lopes

**DECLARATION OF NICOLE LOPES**

# EXHIBIT 1



**From:** Nicole Lopes
**Sent:** Monday, November 11, 2024 1:14 PM
**To:** Joseph Esposito <jesposito@snw-law.com>
**Cc:** Bill Seki <bseki@snw-law.com>
**Subject:** Case Load
**Importance:** High

Hi Bill & Joey:

I took some time to sit down and write out my current trial schedule, Board of Rights schedule, civil case list and criminal case list. I did not include any of my administrative cases with LAPPL or PORAC as it would take too much time to compile a list of them.

I want to let you know that I very much need help.  I feel like I can't litigate these matters as they should be - given that I'm always in court or an IA and then my litigation of my criminal and civil cases. In light of the work load, I do not think I can litigate these cases competently.  I regularly work nights and weekends to play catch up for the time I miss at my desk when I'm in hearings.

This is no longer tenable for me. It is impacting my mental health, my physical health and time with my family. I was originally hired to do criminal and administrative work, but now I am also carrying a roster of heavy high profile civil cases as well.

I am ready willing and able to be the firm's trial attorney, but in order to do so we need to hire another associate as soon as possible.

I know I am not a partner but I am the only one willing to do the trial work and I really need the support of someone I can trust with smaller items while I focus on the tougher motions, court appearances and strategy.

I know we have each discussed this individually, but I firmly believe we are at a point where something needs to give one way or another for the well being of me and the clients.

Nicole (Castronovo) Lopes
Attorney at Law
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard
Suite 1250
Los Angeles, California  90017
nlopes@snw-law.com
213.481.2869





**From:** Nicole Lopes
Sent: Wednesday, February 26, 2025 5:15 PM
To: Bill Seki <bseki@snw-law.com>; Joseph Esposito <jesposito@snw-law.com>
**Subject:** Wenger - Jury Subpoenas/Jury Binders
**Importance:** High

Bill and Joey:

Its 5pm and we have a jury. I have asked Lucy to prepare subpoenas for weeks and they have not been done. I have also asked for binders to be created for my 19 witnesses which I need to pick up before I travel to trial Monday. They have not been done.

I don't know if we need to grab another assistant to help her get these things done. There are two days left to accomplish these tasks and the court stated explicitly that there will be no delays if witnesses aren't ready. Please help its about as urgent as it gets.

Nicole Lopes
Attorney at Law
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard
Suite 1250
Los Angeles, California  90017
nlopes@snw-law.com
213.481.2869
213.481.2871 (fax)

# EXHIBIT 2



**From:** Nicole Lopes
**Sent:** Sunday, March 2, 2025 3:48 PM
**To:** Joseph Esposito <jesposito@snw-law.com>; Bill Seki <bseki@snw-law.com>; Erika Chan <Echan@snw-law.com>
**Subject:** Subpoenas Were Asked for in January
**Importance:** Low

See the witness list below.

**From:** Nicole Lopes
**Sent:** Sunday, January 26, 2025 12:56 PM
**To:** Lucy Garcia <lgarcia@snw-law.com>
**Subject:** FW: US v. Amiri, et al., 23-CR-269 - Oppositions to Defendant Amiri's Motions in Limine

Hi Lucy:

We need to do subpoenas for the below witnesses. We will also need to subpoena documents from some of them. We need to try to get these to our investigator next week.

Thanks!

Nicole Lopes
Attorney at Law
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard
Suite 1250
Los Angeles, California  90017
nlopes@snw-law.com
213.481.2869
213.481.2871 (fax)

**From:** Nicole Lopes
**Sent:** Sunday, January 26, 2025 10:53 AM
**To:** Janelle Crandell <Janelle@grtlaw.com>; Krishnamurthy, Ajay (USACAN) <Ajay.Krishnamurthy@usdoj.gov>; Paul Goyette <paul@grtlaw.com>
**Cc:** Shepard, Alexandra (USACAN) <Alexandra.Shepard@usdoj.gov>; Sargent, Alethea (USACAN) <Alethea.Sargent@usdoj.gov>; Cheng, Eric (USACAN) <Eric.Cheng@usdoj.gov>
**Subject:** RE: US v. Amiri, et al., 23-CR-269 - Oppositions to Defendant Amiri's Motions in Limine

Hi All:

Here are my requested changes to the below:

- Stipulated Verdict Form – Please remove Bill Seki as an attorney of record
- Joint Proposed Voir Dire – I would request the following be added:
    - Have you had any experience with law enforcement?
    - Have you supported any associations which support law enforcement? Or defund the police?
    - Have you had any training in law enforcement?
    - Have you had any legal training?
- Joint Pretrial Conference Order
    - Witnesses:
    - Sgt. Gary Lowther
    - Don Noble
    - Mike Rains
    - Julia Fox
    - Larry Wallace
    - Matthew Ernst
    - Josh Evans
    - Jonathan Adams
    - Scott Rice
    - Ryan Duff
    - Darryl Brian
    - Nicholas Shiplov
    - Matthew Nutt
    - Erik Nielson
    - Shane Cole
    - Arturo Becerra
    - Kristian Palma
    - Patrick Mayer
    - James Colley
    - Brittany Thorpe
    - Ana Cortez
    - Patrick Wentz
    - Rick Hoffman
    - Karen Kramer
    - Mark Lillienfeld
- Stipulation Re: Business Records – will agree to stipulations
- Exhibit List
    - IA Records pertaining to Dajon Smith
    - IA records pertaining to 404 uses of force
    - IOD Records
    - FBI Interview – Wenger
    - FBI Interview – Rombough
    - FBI Interview – Karen Kramer

I will send the jury instruction changes under separate cover. I agree with the changes made by Ms. Crandell to both the statement of the case and the special jury instruction.


Nicole Lopes
Attorney at Law
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard
Suite 1250



**From:** Nicole Lopes
**Sent:** Wednesday, February 5, 2025 2:13 PM
**To:** Lucy Garcia <lgarcia@snw-law.com>
**Cc:** mark lillienfeld <marklee1494@gmail.com>
**Subject:** Wenger - Subpoenas
**Importance:** High

Hi Lucy:

What's the status of the subpoenas? Can you send them to Mark by the end of the week?

Thanks!

Nicole Lopes
Attorney at Law
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard
Suite 1250
Los Angeles, California  90017
nlopes@snw-law.com
213.481.2869
213.481.2871 (fax)

# EXHIBIT 3



**From:** Nicole Lopes
**Sent:** Friday, February 21, 2025 1:22 AM

**To:** Lucy Garcia <lgarcia@snw-law.com>
**Subject:** RE: Wenger - Subpoenas
**Importance:** High

Hey lady:

Can we do a call at 9am tomorrow so I can get with you on the subpoenas? Mark is flying up either Sunday or Monday so I need to get them to him to serve.

Nicole Lopes

Attorney at Law

SEKI, NISHIMURA & WATASE, PLC

600 Wilshire Boulevard

Suite 1250

Los Angeles, California  90017

nlopes@snw-law.com

213.481.2869

213.481.2871 (fax)

**From:** Lucy Garcia <lgarcia@snw-law.com>
**Sent:** Thursday, February 20, 2025 12:11 PM
**To:** Nicole Lopes <nlopes@snw-law.com>
**Subject:** FW: Wenger - Subpoenas
**Importance:** High


This one?


**Lucy Garcia, Legal Assistant**

Seki, Nishimura & Watase, PLC

600 Wilshire Boulevard, Suite 1250

Los Angeles, CA 90017

lgarcia@snw-law.com

(213) 481-2869 (Office)

(213) 481-2871 (Fax)


CONFIDENTIALITY:  The information contained in this e-mail message, including any accompanying documents or attachments, is from SEKI, NISHIMURA & WATASE, PLC and is intended only for the use of the individual or entity named above, and is privileged and confidential.  If you are not the intended recipient, be aware that any disclosure, dissemination, distribution, copying or use of the contents of this message is strictly prohibited. If this message was received in error, please notify the sender and delete promptly delete it.


From: Nicole Lopes <nlopes@snw-law.com>

Sent: Thursday, February 6, 2025 12:52 PM
**To:** mark lillienfeld <marklee1494@gmail.com>
**Cc:** Devon Wenger <dcwg10@gmail.com>; Lucy Garcia <lgarcia@snw-law.com>
**Subject:** Wenger - Subpoenas
**Importance:** High


Hi Mark:

Below is the final working list of who we are actually going to subpoena for trial. I've cc'd Devon here so he can provide you with contact information for the friendlies – we could get them to agree to email service if they promise to appear. If not we have to serve them the old fashioned way.

Hi Lucy:

I will send you the list of subpoenas with documents etc, under separate cover.

Gary Lowther (APD)

Larry Wallace (Contra Costa DA)

Matthew Ernst  (FBI – SF Swat Team)

Josh Evans (APD – unsure of whether he's fired or not)

Scott Rice (civilian – Allen victim)

Ryan Duff (APD)

Darryl Brian (PI)

Nicholas Shiplov (APD)

Matthew Nutt  (APD)

Erik Nielson (APD)

Shane Cole (APD)

Arturo Becerra (APD)

Kristian Palma (APD)

Patrick Mayer (APD)

James Colley (former APD)

Brittany Thorpe (Civilian)

Ana Cortez (City of Antioch)

Patrick Wentz (Pittsburgh PD)

Karen Kramer

Nicole Lopes

Attorney at Law

SEKI, NISHIMURA & WATASE, PLC

600 Wilshire Boulevard

Suite 1250

Los Angeles, California  90017

nlopes@snw-law.com

213.481.2869

213.481.2871 (fax)

# EXHIBIT 4



**From:** Nicole Lopes
**Sent:** Tuesday, February 25, 2025 2:24 PM
**To:** Lucy Garcia <lgarcia@snw-law.com>
**Subject:** Subpoenas
**Importance:** High

My phone just died because I've been on back to back calls with experts. Can you just email me what the deal is with the subpoenas? If not I'll call you once it starts up again.

Nicole Lopes
Attorney at Law
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard
Suite 1250
Los Angeles, California  90017
nlopes@snw-law.com
213.481.2869
213.481.2871 (fax)

**From:** Nicole Lopes
**Sent:** Wednesday, February 26, 2025 5:01 PM
**To:** Lucy Garcia <lgarcia@snw-law.com>
**Cc:** Bill Seki <bseki@snw-law.com>

**Subject:** RE: Wenger; 2025-02-13; (DRAFT) Statement of Nicole R. Castronovo re MIL 3
**Importance:** High

Hi Lucy:

I was up all night working on prep for jury selection and did not have time to get the subpoenas done. That's why I sent the earlier email to you this morning with the link of the downloaded subpoenas and asked that it be completed today. You replied you would do it after the filing for Bill. I need these done today.

Trial starts Monday and Mark needs to travel up here to serve everyone before Monday.  This can't sit on the back burner right now.

Thank you!

Nicole Lopes

Attorney at Law

SEKI, NISHIMURA & WATASE, PLC

600 Wilshire Boulevard

Suite 1250

Los Angeles, California  90017

nlopes@snw-law.com

213.481.2869

213.481.2871 (fax)

---

**From:** Lucy Garcia <lgarcia@snw-law.com>
**Sent:** Wednesday, February 26, 2025 4:57 PM
**To:** Nicole Lopes <nlopes@snw-law.com>
**Cc:** Bill Seki <bseki@snw-law.com>
**Subject:** RE: Wenger; 2025-02-13; (DRAFT) Statement of Nicole R. Castronovo re MIL 3

Hi Nicole,

When we talked yesterday, you mentioned you were going to work on them last night.  You downloaded the signed ones.

**Lucy Garcia, Legal Assistant**

Seki, Nishimura & Watase, PLC

600 Wilshire Boulevard, Suite 1250

Los Angeles, CA 90017

lgarcia@snw-law.com

(213) 481-2869 (Office)

(213) 481-2871 (Fax)

CONFIDENTIALITY:  The information contained in this e-mail message, including any accompanying documents or attachments, is from SEKI, NISHIMURA & WATASE, PLC and is intended only for the use of the individual or entity named above, and is privileged and confidential.  If you are not the intended recipient, be aware that any disclosure, dissemination, distribution, copying or use of the contents of this message is strictly prohibited. If this message was received in error, please notify the sender and delete promptly delete it.

**From:** Nicole Lopes <nlopes@snw-law.com>
**Sent:** Wednesday, February 26, 2025 4:52 PM
**To:** Lucy Garcia <lgarcia@snw-law.com>
**Cc:** Bill Seki <bseki@snw-law.com>
**Subject:** RE: Wenger; 2025-02-13; (DRAFT) Statement of Nicole R. Castronovo re MIL 3


We just finished selecting a jury. What's the status on the subpoenas?


Nicole Lopes

Attorney at Law

SEKI, NISHIMURA & WATASE, PLC

600 Wilshire Boulevard

Suite 1250

Los Angeles, California  90017

nlopes@snw-law.com

213.481.2869

213.481.2871 (fax)

# EXHIBIT 5



**From:** Nicole Lopes
**Sent:** Sunday, January 26, 2025 3:03 PM
**To:** Lucy Garcia <lgarcia@snw-law.com>
**Subject:** Criminal Case List

Hi Lucy:

We really need to update the criminal case list/calendar. We don't have ▮▮▮▮▮▮▮▮ next date – can you please look it up and calendar?

We can delete ▮▮▮▮▮▮▮▮▮▮▮ from the list as their cases are closed.  I believe we can take ▮▮▮▮▮▮ ▮▮▮▮▮▮ off too.

We are missing a few cases as well, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

We need new dates calendared for the following too: ▮▮▮▮▮▮▮▮▮▮ We don't have their upcoming court dates on the list.

Thanks!

Nicole Lopes
Attorney at Law
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard
Suite 1250
Los Angeles, California  90017
nlopes@snw-law.com
213.481.2869
213.481.2871 (fax)



**From:** Nicole Lopes
**Sent:** Wednesday, January 15, 2025 5:03 PM
**To:** Lucy Garcia <lgarcia@snw-law.com>
**Subject:** FW: U.S. Amiri, et al., 23-CR-269 MIL

Hi Lucy:

Couple questions–

- I don't see February 10, 2025 on the calendar for hearings. Can you check Pacer and make sure we have all the dates calendared?
- Amiri's counsel made reference to the government's exhibit list – can you please tell me where this is saved?
- Can you save the attached?

Thanks!

Nicole Lopes
Attorney at Law
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard
Suite 1250
Los Angeles, California  90017
nlopes@snw-law.com
213.481.2869
213.481.2871 (fax)

**From:** Janelle Crandell <Janelle@grtlaw.com>
**Sent:** Wednesday, January 15, 2025 4:56 PM
**To:** Cheng, Eric (USACAN) <Eric.Cheng@usdoj.gov>; Krishnamurthy, Ajay (USACAN) <Ajay.Krishnamurthy@usdoj.gov>; alexandra.shepard@usdoj.gov; Sargent, Alethea (USACAN) <Alethea.Sargent@usdoj.gov>
**Cc:** Paul Goyette <paul@grtlaw.com>; Gabby Turnbull <Gabby@grtlaw.com>; Nicole Lopes <nlopes@snw-law.com>
**Subject:** U.S. Amiri, et al., 23-CR-269 MIL

Counsel,

Please see attached:

1. Defendant Amiri's Motion in Limine 1: Motion to Exclude Co-Conspirator Statements;
2. Defendant Amiri's Motion in Limine 2: Motion to Exclude Inflammatory Language;

3.   Defendant Amiri's Motion in LImine 3: Motion to Exclude Termination and Employment Status;
4.   Defendant Amiri's Motion in Limine 4: Motion to Exclude Prior Conviction.

Thank you,

**Janelle F. Crandell**
Attorney

**Goyette, Ruano & Thompson**
2366 Gold Meadow Way, Suite 200 | Gold River, CA 95670
**E:** Janelle@grtlaw.com | **W:** www.grtlaw.com
**O:** 916-851-1900 | **F:** 916-851-1995



**PRIVILEGE AND CONFIDENTIALITY NOTICE**

The information in this electronic mail is intended for named recipients only. It may contain privileged or confidential matter. If you are not the intended recipient or have received this electronic message in error, you are hereby: (1) notified that any dissemination of this communication is strictly prohibited and (2) requested to: (a) notify the sender by telephone or by electronic mail and (b) permanently delete all electronic copies of this message and its attachments, and destroy any hard copies you may have created.

# EXHIBIT 6

1  GILBERT M. NISHIMURA (SBN 57905)
2  gnishimura@snw-law.com
   JANET L. KEUPER (SBN 128417)
3  jkeuper@snw-law.com
4  NICOLE R. CASTRONOVO (SBN 314585)
   ncastronovo@snw-law.com
5  SEKI, NISHIMURA & WATASE, PLC
6  600 Wilshire Boulevard, Suite 1250
   Los Angeles, California 90017
7  Tel.: (213) 481-2869 | Fax: (213) 481-2871
8
9  Attorneys for Defendant DEPUTY TREVOR KIRK
10
11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13
14 | JACY HOUSETON and DAMON          | Case No. 2:23-cv-06887-SVW-MRW
15 | BARNES,                          |
16 |            Plaintiffs,            | (Hon. Stephen V. Wilson)
17 |     vs.                          | **DEFENDANT TREVOR KIRK'S**
18 |                                  | **RESPONSE TO PLAINTIFFS'**
   |                                  | **SEPARATE STATEMENT OF**
19 | COUNTY OF LOS ANGELES,           | **UNCONTROVERTED**
20 | SHERIFF ROBERT LUNA, DEP.        | **MATERIAL FACTS**
   | TREVOR KIRK, WINCO FOODS,        |
21 | LLC, a Delaware limited liability | *[Filed concurrently with Reply to*
22 | company, and WINCO HOLDINGS,     | *Plaintiff's Opposition to Motion of*
   | INC., an Idaho corporation, individually | *Defendant Trevor Kirk for Summary*
23 | and in their official capacities and | *Judgment on Claim of Jacy*
24 | DOES 1-10, inclusive,            | *Houseton; Declaration of Janet L.*
   |                                  | *Keuper; Objection to Declaration*
25 |            Defendants.            | *and Evidenced Submitted in*
26 |                                  | *Opposition to Motion of Defendant*
27 |                                  | *Deputy Trevor Kirk for Summary*
   |                                  | *Judgment]*

-1-

|   |   | Date: | December 2, 2024 |
|---|---|-------|------------------|
|   |   | Time: | 1:30 p.m. |
|   |   | Location: | 350 W. First Street |
|   |   |   | Los Angeles, CA 90012 |
|   |   | Courtroom: | 10A |
|   |   | Jury Trial: | February 18, 2025 |
|   |   | Action Filed: | August 22, 2023 |

Pursuant to Federal Rule of Civil Procedure 56, Defendant Trevor Kirk ("Defendant"), submits this Response to Plaintiff's Statement of Facts and Conclusions of Law.

| RESPONSE TO PLAINTIFF'S UNCONVERTED FACTS | | |
|---|---|---|
| **No.** | **MATERIAL FACT** | **RESPONSE** |
| 1. | On September 4, 2024, Defendant TREVOR KIRK was criminally indicted in the matter United States of America v. Trevor James Kirk, Case No. 2:24-cr-00527-SVW.<br><br>**Supporting Evidence**<br>Exhibit 5 | Undisputed that there was an indictment.<br><br>Objection. Irrelevant to the issues of this motion.<br><br>**Supporting Evidence**<br><br>Federal Rules of Evidence ("FRE") 402 |
| 2. | The basis for Defendant KIRK's criminal indicted is for violating Plaintiff HOUSETON's civil rights.<br><br>**Supporting Evidence**<br>Exhibit 5 | Objection. Irrelevant to the issues of this motion. An indictment is not evidence of any fact.<br><br>**Supporting Evidence**<br>FRE 402 |
| 3. | Defendant KIRK used excessive force in Plaintiff HOUSETON while also violating her rights under state law causing her bodily harm. | Disputed. Objection. Purported evidence not authenticated and lacks foundation. Irrelevant to the issues of this motion as the requests have been deemed |

| No. | MATERIAL FACT | RESPONSE |
|---|---|---|
| | **RESPONSE TO PLAINTIFF'S UNCONVERTED FACTS** | |
| | | admitted and contrary evidence cannot be considered. **Supporting Evidence** FRE 402; FRE 104 |
| 4. | On January 29, 2024, Plaintiff JACY HOUSETON served, through her counsel of record, Requests for Admissions to Defendant TREVOR KIRK via Federal Express. **Supporting Evidence** Exhibit 7, 8 | Undisputed. |
| 5. | On February 8, 2024, Defendant TREVOR KIRK untimely responded to Plaintiff JACY HOUSETON Requests for Admissions to Defendant TREVOR KIRK via electronic service. **Supporting Evidence** Exhibit 7, 8 | Disputed. The timely responses of defendant Kirk to Requests for Admissions were served via email on February 28, 2024. **Supporting Evidence** Plaintiff's Exhibit 8; Docket 100 to 100-1 to 100-22. |
| 6. | Given that Defendant KIRK failed to timely respond to Plaintiff's Requests for Admissions, Defendant KIRK made the following admissions: 1. Admit that YOU were working in your capacity as a sworn Sheriffs' deputy on the date of the INCIDENT. 2. Admit that YOU responded | Disputed. The timely responses of defendant Kirk to Requests for Admissions were served via email on February 28, 2024. The issue was the subject of a motion for relief by Kirk on grounds that timely responses were served, but were served via email rather than USPS. [Docket 100, 100-1 to 100-22] |

| No. | MATERIAL FACT | RESPONSE |
|-----|---------------|----------|

**RESPONSE TO PLAINTIFF'S UNCONVERTED FACTS**

| No. | MATERIAL FACT | RESPONSE |
|-----|---------------|----------|
| | to the WINCO in Lancaster.<br>3. Admit that YOU have a tattoo on your right forearm.<br>4. Admit that YOU did not personally contact WinCo personnel before contacting PLAINTIFFS.<br>5. Admit that YOU have a tattoo on your ankle.<br>6. Admit that YOU were involved in an officer-involved shooting<br>7. Admit that YOU are in a gang.<br>8. Admit that YOU were in the military.<br>9. Admit that YOU were disciplined while in the military.<br>10. Admit that YOU have no Black friends.<br>11. Admit that YOU were taught to only use force reasonably necessary to affect an arrest of a suspect.<br>12. Admit that YOU felt JACY HOUSETON had no right to film you.<br>13. Admit that YOU believe citizens should not film the police.<br>14. Admit that JACY HOUSETON had a right to film you in the WinCo parking lot on the date of the INCIDENT. | **Supporting Evidence**<br>Exhibit 8 to Plaintiff's Dec. in Opposition; Docket 100 to 100-1 to 100-22; Docket 147; Docket 160 |

| No. | MATERIAL FACT | RESPONSE |
|-----|---------------|----------|
| | **RESPONSE TO PLAINTIFF'S UNCONVERTED FACTS** | |

| No. | MATERIAL FACT | RESPONSE |
|-----|---------------|----------|
| | 15. Admit that YOU have never detained a citizen for filming while you have been a deputy with LASD. | |
| | 16. Admit that YOU received training to handle citizens who film the police. | |
| | 17. Admit that YOU never received training about dealing with citizens who filmed police. | |
| | 18. Admit that YOU did not know if JACY HOUSETON had been inside WINCO when you contacted her in the parking lot. | |
| | 19. Admit that YOU threatened to punch JACY HOUSETON on the date of the INCIDENT. | |
| | 20. Admit that YOU punched JACY HOUSETON on the date of the INCIDENT. | |
| | 21. Admit that YOU pepper-sprayed JACY HOUSETON on the date of the INCIDENT. | |
| | 22. Admit that YOU arrested JACY HOUSETON on the date of the incident. | |
| | 23. Admit that YOU handcuffed JACY HOUSETON on the date of the INCIDENT. | |
| | 24. Admit that YOU taught proper handcuffing techniques at the police | |

| RESPONSE TO PLAINTIFF'S UNCONVERTED FACTS | | |
|---|---|---|
| **No.** | **MATERIAL FACT** | **RESPONSE** |
| | academy you attended. <br> 25. Admit that YOU were taught proper handcuffing techniques by LASD instructors. <br> 26. Admit that YOU incorrectly handcuffed DAMON BARNES. <br> 27. Admit that YOU incorrectly handcuffed JACY HOUSETON. <br> 28. Admit that YOU never saw PLAINTIFFS in possession of any weapon on the date of the INCIDENT. <br> 29. Admit that citizens are allowed to film police. <br> 30. Admit that no WinCo employee identified DAMON BARNES before you placed handcuffs on him. <br><br> **Supporting Evidence** <br> Exhibit 7, 8 | |
| 7. | Defendant KIRK's admissions to Plaintiff's RFAs were the subject of Defendant KIRK's own motion for relief which was denied by Hon. Judge Wilner because Plaintiff filed a motion in limine to have the RFAs deemed admitted. *See* Dkts. 147, 160. <br><br> **Supporting Evidence** <br> Exhibit 7, 8 | Disputed. Judge Wilner stated in his Order that the issue had been presented separately in a motion *in limine*, and Judge Wilner declined to interfere with the district judge's pretrial preparation. Judge Wilner did not deny the motion. <br><br> **Supporting Evidence** <br> Docket 160 |

1

2   Dated: November 18, 2024

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

SEKI, NISHIMURA & WATASE, PLC

By:_____*/s/ JANET L. KEUPER*_____
         JANET L. KEUPER
         NICOLE R. CASTRONOVO
         Attorneys for Defendant,
         DEPUTY TREVOR KIRK

GILBERT M. NISHIMURA (SBN 57905)
gnishimura@snw-law.com
JANET L. KEUPER (SBN 128417)
jkeuper@snw-law.com
NICOLE R. CASTRONOVO (SBN 314585)
nlopes@snw-law.com
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for Defendant DEPUTY TREVOR KIRK

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACY HOUSETON and DAMON BARNES,<br><br>        Plaintiffs,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, SHERIFF ROBERT LUNA, DEP. TREVOR KIRK, WINCO FOODS, LLC, a Delaware limited liability company, and WINCO HOLDINGS, INC., an Idaho corporation, individually and in their official capacities and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:23-cv-06887-SVW-MRW<br><br>(Hon. Stephen V. Wilson)<br><br>**DEFENDANT DEPUTY TREVOR KIRK'S EXPERT WITNESS DISCLOSURE UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 26**<br><br>**PRE-TRIAL CONF: 2/\*\*/25**<br>**JURY TRIAL:         2/18/25**<br><br>Action Filed: August 22, 2023 |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**:

///

PLEASE TAKE NOTICE that defendant, DEPUTY TREVOR KIRK, hereby provides his disclosure of expert witnesses pursuant to *Federal Rules of Civil Procedure*, Rule 26 of the Federal Rules of Civil Procedure.

## I.    **RETAINED EXPERTS**

Defendant anticipates that he will present evidence under the *Federal Rules of Evidence*, Rules 702, 703, or 705 by way of the following retained experts:

**1.    James W. Borden, C.I.R. Consultants,** 3870 E. Flamingo Road, Suite 511, Las Vegas, NV 89121

James W. Borden is an expert in police performance dynamics as they pertain to use of force decision-making and reaction timing. His expertise is in police practices, policy, training, and forensic video analysis pertaining to the use of force in courts across California and other states. He is a member of the California Force Instructors Association and actively trains its members and he has been appointed as a training consultant by the California Department of Justice (Cal DOJ) for force incident review and analysis. He also provides case analysis services for the Law Enforcement Legal Defense Fund (LELDF) in Washington DC, and he has acted as an expert witness on multiple use-of-force cases with the Federal Department of Justice (DOJ).  For further details regarding the qualifications of Mr. Borden, see the attached curriculum vitae attached to this Designation.

Attached to this Disclosure are the following documents, which are provided on the enclosed flash drive:

1.    Rule 26 Report Incident Review and Analysis prepared by James Borden;

2.    Current Curriculum Vitae of James Borden;

3.    List of Cases of James Borden;

4. Fee Schedule Agreement.  Mr. Borden's fees for deposition testimony given online from his office are $300.00 per hour, with a four- hour minimum.  For additional details regarding the fees for Mr. Borden, see attached Fee Schedule Agreement.

2. **Robert McFarlane, Digital FVA, LLC,** 16027 Redington Drive Redington Beach, FL 33708

Defendant anticipates that he will present evidence under the *Federal Rules of Evidence*, Rules 702, 703, or 705 by way of the following retained experts:

Since 2016, Robert McFarlane has been qualified to testify as an expert witness in state and federal courts as a forensic video analyst in the jurisdictions of AZ, CA, TX, and MI. In addition to providing expert testimony, many of his exhibits and reports have been accepted and admitted as evidence without testimony. For a decade prior to his expert work in the field of forensic video analysis, Robert was a private investigator specializing in complex matters including serious criminal cases and high-profile disciplinary actions. In addition to private-sector investigative experience, Robert has twelve years of law enforcement experience with the Oakland, CA Police Department as a patrolman, undercover narcotics detective and street-level drug enforcement officer.  For further details regarding the qualifications of Mr. McFarlane, see the attached curriculum vitae attached to this Designation.

Attached to this Disclosure are the following documents, which are provided on the enclosed flash drive:

1. Rule 26 Report Incident Review and Analysis prepared by Mr. Robert McFarlane.

2. Current Curriculum Vitae of Robert McFarlane;

3. List of Cases of Robert McFarlane contained in his CV;

4.    Fee Schedule Agreement.  Mr. McFarlane's fees for deposition testimony given online from his office are $ 235.00 per hour, and $285.00.  For additional details regarding the fees for  Mr. McFarlane, see attached Fee Schedule Agreement.

## II.    **RESERVATION OF RIGHTS**

Defendant reserves the right to elicit expert witness testimony from any expert designated by any other party in this case.  Defendant further reserves the right to designate further experts as may be required as a result of discovery which takes place after the designation date.

Defendant reserves the right to supplement this disclosure per Federal Rules of Civil Procedure, Rule 26(e)(1).

Defendant reserves the right to elicit testimony regarding Plaintiff's injuries, medical conditions, prognosis, and/or treatment from non-retained experts and healthcare providers.

Further, should new allegations or contentions be made, Defendant reserves the right to nominate and to call at the time of trial such further experts as Defendant may deem advisable or appropriate.


Dated:  November 20, 2024          SEKI, NISHIMURA & WATASE, PLC



By:___ */s/  JANET L. KEUPER*_____
       JANET L. KEUPER
       NICOLE R. CASTRONOVO
       Attorneys for Defendant
       DEPUTY TREVOR KIRK

# EXHIBIT 7



**From:** Nicole Lopes
**Sent:** Tuesday, December 10, 2024 10:17 AM
**To:** Bill Seki <bseki@snw-law.com>
**Cc:** Lucy Garcia <lgarcia@snw-law.com>
**Subject:** Wenger - Motion to Continue Trial Denied

Hi All:

The court denied my motion to continue Wenger.

So below is my new trial schedule/Board of Rights Schedule.

| Case Name | Court | Type | Trial Date |
|-----------|-------|------|------------|
| ███████ | Lancaster | Criminal | December 30, 2024 – Motion to Withdraw |
| ███████ | Bellflower | Criminal | TBD – May be dismissed |
| Houseton, Jacey | Federal (DTLA) | Civil | February 18, 2025 |
| Wenger, Devon | Federal (Oakland) | Criminal | March 3, 2025 |
| ███████ | Norwalk | Civil | April 14, 2025 |
| ███████ | Norwalk | Civil | June 3, 2025 |

| Case Name | Location | Type | Date |
|-----------|----------|------|------|
| ███████ | DTLA | LAPPL | February 4, 2025 |
| ███████ | DTLA | LAPPL | January 13,14,15,16 – will speak to client about moving |
| ███████ | DTLA | LAPPL | January 21, 22, 23, 24 – working on moving this to March |
| ███████ | DTLA | LAPPL | January 17, March 17, March 24 |

Nicole (Castronovo) Lopes
Attorney at Law
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard
Suite 1250
Los Angeles, California  90017
nlopes@snw-law.com
213.481.2869
213.481.2871 (fax)