Kasey A. Castillo, Esq. [SBN 236690]
**KC LAW GROUP**
Mail: 31566 Railroad Canyon Road
Suite 2 PMB 1123
Canyon Lake, California 92587
Telephone: (951) 364-3070
Email: kasey@kc-lawgroup.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEVON WENGER,<br><br>Defendant. | Case No.: 4:23-CR-00269-JSW<br>Hearing Date: May 30, 2025<br><br>**NOTICE AND MOTION FOR THE ISSUANCE OF SUBPOENA FOR RECORDS PURSUANT Fed. Rule Crim. Pro. R 17 and Fed. Rule Civ. Proc. R 45(b)** |

## NOTICE

Notice is hereby given that, pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rule 17 of the Federal Rules of Criminal Procedure Defendant, Devon Wenger have issued and intend to serve the attached subpoena commanding production of documents on the Bureau of Security and Investigative Services.

## LEGAL STANDARD

Under Ninth Circuit federal district case law, the issuance of a subpoena duces tecum in a criminal case requires adherence to specific legal standards. First, the subpoena must specify with reasonable particularity the materials sought and demonstrate their relevance to the claims or defenses in the case. Courts have emphasized that the information must be reasonably calculated to lead to admissible evidence under Federal Rule of Civil Procedure 26(b). *Moon v. SCP Pool Corp.*, 232 F.R.D.

---

**NOTICE AND MOTION FOR THE ISSUANCE FOR SUBPOENA OF RECORDS PURSUANT TO Fed. Rule Crim. Pro. R 17 and Fed. Rule Civ. Proc. R 45(b)**

633, 637 (C.D.Cal. 2005); *Herbert v. Lando*, 441 U.S. 153, 183 (1979). This standard is liberally construed to permit wide-ranging discovery, provided the request is not overly broad or irrelevant.

Second, the moving party must demonstrate good faith and avoid using the subpoena as a general fishing expedition. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). The United States Supreme Court has held that subpoenas duces tecum are not intended as a means of discovery in criminal cases and must be supported by a showing that the documents are evidentiary and relevant. This requirement ensures that the subpoena is not misused and that the requested information is genuinely necessary for the defense.

Third, the subpoena must avoid imposing an undue burden on the non-party. Courts evaluate undue burden by considering factors such as the relevance of the information, the need for the documents, the breadth of the request, and the time period covered. *Gerawan Farming v. Prima Bella Produce, Inc.*, 2011 U.S. Dist. LEXIS 168319 (quoting *Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). Overbroad or indefinite subpoenas may be quashed or modified to protect the interests of the subpoenaed party. *Gonzales v. Google, Inc.*, 234 F.R.D. 674.

Finally, the subpoena must respect the principles of reasonableness and particularity. It must describe the materials sought with reasonable particularity and cover only a reasonable period of time. This ensures that the request is narrowly tailored to the specific needs of the case and does not impose excessive demands on the subpoenaed party.

Additionally, Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas in federal court. A subpoena must meet the requirements of particularity, reasonableness, and relevance, and must not impose an undue burden on the subpoenaed party.

## ARGUMENT

1. **The Court Has Jurisdiction to Issue the Subpoena**

The Federal District Court for the Northern District of California has jurisdiction to issue the subpoena because the subpoenaed party is located within this district. Federal Rules of Criminal Procedure R17(c) and its mirrored Federal Rules of Civil Procedure R 45(b) permits the issuance of subpoenas for the production of documents within the district where compliance is required. Since the criminal trail is happening in Oakland, California, this Court has jurisdiction over the case and has the authority to issue a subpoena.

### 2. The Subpoena Meets the Requirements of Good Cause and Fed Rule Crim Proc R 17 and Fed Rule Civ Proc R 45(b)

The requested documentation is described with sufficient particularity and is directly relevant to the issues in this case. Federal rules require that the material sought be adequately described, not overly broad, and reasonably available to the entity from which it is sought. The subpoena in this case complies with these requirements, as it is narrowly tailored to seek only the documents necessary for the resolution of the matter at hand. The documentation that is being requested is personnel files that are specific.

### 3. The Subpoena Does Not Impose an Undue Burden

The Federal Rules of Civil Procedure afford nonparties protection against undue burden or expense in complying with subpoenas. The subpoena in this case has been carefully crafted to minimize any potential burden on the subpoenaed party. The documents requested are reasonably available to the subpoenaed party and are not overly broad or indefinite. The documents being requested are regularly maintained records that are kept as personnel records and are easily accessible and are not too voluminous to which copies cannot be provided.

### 4. The Subpoena is Necessary for the Resolution of the Case

The requested documentation is essential to the resolution of the issues before this Court. Without these documents, Defense will be unable to fully present its case. Courts have recognized the importance of subpoenas in ensuring that all relevant evidence is available for adjudication. These records are important to the defense of this case and go to the strategy of defense counsel for the trial.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court issue a subpoena for the production of documentation from Security and Investigative Services. The subpoena complies with the requirements of Rule 45 of the Federal Rules of Civil Procedure and California law and is necessary for the fair and efficient resolution of this case.

///

///

///

Respectfully submitted,

**KC Law Group**

*[signature: Kasey Castillo]*

Kasey A. Castillo, Esq.
State Bar Number: 236690
31566 Railroad Canyon Road,
Ste 2 PMB1123
Canyon Lake, California 92587
Telephone:
Email: kasey@kc-lawgroup.com

Attorneys for Defendant
DEVON WENGER

---

# EXHIBIT A

DEFINITIONS

A. The terms "you" and "your" refer to the World Professional Association for Transgender Health and its predecessor organizations and other names by which it has been known, including but not limited to the Henry Benjamin International Gender Dysphoria Association.

B. The term "document" is intended to include any written, printed, typed, photocopied, photographic, electronically recorded or encoded matter or communication of any kind, however produced, stored or reproduced, including, but not limited to, computer hard drives, computer printouts, computer disks, e-mail, correspondence, letters, telegrams, cables, telexes, pleadings, notes, memoranda, reports, work papers, diaries, calendars, photographs, charts, minutes of meetings, contracts, agreements and amendments and addenda thereto, financial journals and ledgers, bookkeeping records, accounts receivable, accounts payable, cash receipt records, payment records, work files, customer files, promotional literature, sales literature, prospectuses, offering circulars, interoffice communications, accountings, projections, statistical records, stenographers' notebooks, appointment books, time sheets and logs, chronological files, reading files, social media activity (including without limitation Facebook, LinkedIn, Twitter, YouTube, Instagram), blogs, ListServs, and all other materials, including drafts and other copies of any of the foregoing which are or have been in your possession, custody or control, or of which you have knowledge or to which you may gain access or possession. The term "document" also means a copy where the original is not in your possession, custody or control or reasonably accessible. This definition includes each copy of each document that is not an exact duplicate of the original and includes every duplicate having any writing, figure, notation or the like on it, drafts of each document and any attachment to or enclosure accompanying or referred to in such document.

C. The term "all documents" encompasses each and every document in your possession, custody or control, including documents provided by you to your lawyers, that you have reviewed, considered, relied upon, generated, received, and/or provided to any other person, at any time and in any context.

D. The term "communicate" or "communication" means any form of disclosure, exchange or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, including transmissions made in conversations and through the use of documents, face-to-face meetings, mail, personal delivery, telephone calls, text messages, or other electronic means including, but not limited to, computer or modem, or otherwise. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

E. The terms "and" and "or," and any other conjunctions and disjunctions, shall have both conjunctive and disjunctive meaning, so as to require the enumeration of all information responsive to all or any part of each request for production in which any conjunction or disjunction appears.

F. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender, and the singular or plural form, as in each case is most appropriate.

G. The term "person" and "persons" means not only natural persons but also firms, partnerships, companies, corporations, associations, organizations, or other entities.

H. The term "refer" or "reference" means, in addition to their customary and usual meaning, reporting on, regarding, showing or indicating knowledge of, mentioning, discussing, reflecting, recording, constituting, embodying, setting forth and/or evidencing.

I. The terms "relating to," "concerning" or "pertaining to" mean, in addition to their customary and usual meaning, reporting on, regarding, showing or indicating knowledge of, mentioning, discussing, reflecting, recording, constituting, embodying, setting forth and/or evidencing.

**INSTRUCTIONS**

1. Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular request for documents.

2. In producing the documents designated below, you are requested to furnish all documents known or available to you regardless of whether a document is currently in your possession, custody, or control, or that of your attorneys, employees, agents, investigators, or other representatives, or is otherwise available to you.

**NOTICE AND MOTION FOR THE ISSUANCE FOR SUBPOENA OF RECORDS PURSUANT TO Fed. Rule Crim. Pro. R 17 and Fed. Rule Civ. Proc. R 45(b)**

3. As to each document produced, you are requested to designate the paragraph and subparagraph of the request to which each such document is responsive.

4. If an answer to any request for production of document is "unknown," "not applicable" or any similar phrase or answer, state why the answer to that request for production is "unknown," the efforts made to obtain documents to the particular request, and the name and address of any person who may have the responsive documents.

5. With respect to the production of any document claimed to be privileged, provide a statement setting forth as to each document: (a) the author, sender, and recipients, including all persons to whom the contents of the document have been communicated by copy (blind or otherwise), exhibition, reading or substantial summarization; (b) the date of the document; (c) a description of the nature and subject matter of the document; (d) the legal basis for the assertion of privilege; (e) the present custodian and location of the document; (f) number of pages, including attachments or appendices; and (g) whether the document is handwritten, typed or otherwise printed.

6. If for any reason you are unable to produce in full any document or information requested:
    a. Produce each such document to the fullest extent possible;
    b. Specify the reasons for your inability to produce the remainder; and
    c. State in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of each document not produced in full.

7. If any responsive document has been lost, misplaced, or destroyed, or is otherwise no longer available, in addition to identifying the document, state also the following with respect to each:
    a. The number of copies prepared;
    b. The date when, and location where, the original and each copy thereof was last known to exist; and
    c. If such document was destroyed or disposed of, state also:
        i. The date of such destruction or disposition;
        ii. The identity of each person who participated in destroying or disposing of such documents;

**NOTICE AND MOTION FOR THE ISSUANCE FOR SUBPOENA OF RECORDS PURSUANT TO Fed. Rule Crim. Pro. R 17 and Fed. Rule Civ. Proc. R 45(b)**

      iii. The identity of each other person who authorized the destruction or disposal of the original or any copy of such document and the specific nature and terms of any such authorization; and

      iv. The reason the document was destroyed or disposed of.

8. This request is continuing in nature and requires supplementation along with prompt production of additional documents if you obtain further, additional, or different information or documents prior to the trial in this matter.

## DOCUMENT REQUESTS

1. All records in possession of BSIS for Dajon William Smith BSIS License No. 6338789.
2. All applications submitted to BSIS for a Security Guard License by Dajon Willam Smith.
3. A copy of Dajon William Smith's BSIS Security Guard License No. 6338789.
4. All records in possession of BSIS for Dajon William Smith, BSIS License No. 6338789 between September 22, 2017 – September 30, 2021.
5. All training records and/or certificates of training for Dajon William Smith, BSIS License No. 6338789.
6. All complaints made against Dajon William Smith, BSIS License No. 6338789 between September 22, 2017 – September 30, 2021.
7. All disciplinary records concerning Dajon William Smith, BSIS License No. 6338789.
8. Copies of the Department of Consumer Affairs – Bureau of Security and Investigative Services – Security Gard Guides for 2017, 2018, 2019, 2020, and 2021.
9. Copies of the Department of Consumer Affairs – Bureau of Security and Investigative Services – Powers to Arrest and Appropriate Use of Force Training Manuals for 2017, 2018, 2019, 2020, and 2021.

**NOTICE AND MOTION FOR THE ISSUANCE FOR SUBPOENA OF RECORDS PURSUANT TO Fed. Rule Crim. Pro. R 17 and Fed. Rule Civ. Proc. R 45(b)**