CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Eric.Cheng@usdoj.gov
    Ajay.Krishnamurthy@usdoj.gov
    Alethea.Sargent@usdoj.gov
    Alexandra.Shepard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>    Defendant. | Case No. 23-CR-00269-JSW-3<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT DEVON WENGER'S MOTION *IN LIMINE* 2**<br><br>Pretrial: June 30, 2025<br>Trial: August 4, 2025<br>Court: Honorable Jeffrey S. White |

Defendant Devon Wenger's motion to allow the use of co-defendant Morteza Amiri's acquittal on Count One (conspiracy) for impeachment purposes (Dkt. 463) should be denied. Wenger, in an apparent acknowledgment that black-letter law requires his own trial for conspiracy to proceed regardless of Amiri's acquittal, attempts to shoehorn the acquittal in as evidence for the jury to consider by arguing it can be used to impeach co-defendant Eric Rombough. This argument must fail. First, the acquittal is not evidence that there was "no agreement to act" and thus in no way implicates Rombough's credibility. Second, even if it did, Rombough could not be impeached by such evidence under the Federal Rules of Evidence. Finally, given the above, any reference to the acquittal in the course of trial—whether in cross-examination of Rombough or otherwise—would carry with it extraordinary prejudice despite having no probative value, and thus fails Rule 403's balancing test. The Court should exclude all reference to the acquittal before the jury.

## I. Background

In Count One, Amiri, Rombough, and Wenger were charged with violating 18 U.S.C. § 241 (Conspiracy Against Rights). The Indictment alleges that, between February 2019 and March 2022, Wenger and his co-defendants Amiri and Rombough agreed to "injure, oppress, threaten, and intimidate residents of Antioch, California . . . in the free exercise and enjoyment of rights secured to them by the Constitution or laws of the United States," and specifically, the right "to be free from the use of unreasonable force by a law enforcement officer." Dkt. 1, ¶¶ 10, 90. Among other things, the Indictment alleges that the defendants deployed force as "'punishment' to subjects beyond any punishment appropriately imposed by the criminal justice system" and agreed with each other "to carry out violent acts . . . even where the force was excessive." Dkt. 1, ¶¶ 12, 18. The Indictment also alleges that, in order to "further perpetuate the scheme," the defendants "concealed and hid . . . the acts done and purpose of the acts done in furtherance of the scheme" and "authored police reports containing false and misleading statements to suggest that the force they used was necessary or justifiable." Dkt. 1, ¶ 19. Wenger's first trial with Amiri resulted in a mistrial as requested by Wenger's counsel and severance from Amiri, leaving Amiri as the sole defendant in that trial. *See, e.g.*, Dkt. 351. On March 14, 2025, Amiri was found guilty of one count of deprivation of rights under color of law and obstruction, and not guilty of conspiracy. *See* Dkt. 390. The United States anticipates that Rombough, as he did in the trial

against Amiri, will testify at Wenger's August 4 trial regarding the existence of the conspiracy.

## II.    Argument

While the Constitution's protection against double jeopardy prevents the same defendant from being retried for a variant of the same conspiracy following an acquittal, *see Ashe v. Swenson*, 397 U.S. 436, 446 (1970), no such collateral estoppel principles apply to the trial of co-conspirators, *see, e.g.*, *United States v. Bundy*, No. 2:16-CR-46-GMN-PAL, 2017 WL 4684655, at *2 (D. Nev. Oct. 18, 2017) (holding defendant was not party to initial trial that resulted in acquittal of coconspirators and therefore his "alleged involvement in the conspiracy is still at issue").  To the contrary, "[i]t is well established that a person may be convicted of conspiring with a co-defendant even when the jury acquits that co-defendant of conspiracy."  *United States v. Ching Tang Lo*, 447 F.3d 1212, 1226 (9th Cir. 2006) (citing *United States v. Powell*, 469 U.S. 57, 65–66 (1984)); *see, e.g.*, *United States v. Galecki*, 89 F.4th 713, 735 (9th Cir. 2023) ("Defendants assert that Eaton cannot be counted as one of the five requisite conspirators given that the jury acquitted him on all charges. That is wrong."); *United States v. Baird*, 189 F.3d 475 (9th Cir. 1999) (upholding judgment against defendant where § 241 defendant's co-conspirators had been acquitted or no verdict had been reached); *United States v. Shields*, No. 12-CR-00410-BLF-1, 2020 WL 353550, at *10 (N.D. Cal. Jan. 21, 2020) ("Sims' acquittal on the majority of the counts does not undermine Shields' conviction").  This is because, in part, "the acquittal of all conspirators but one does not necessarily indicate that the jury found no agreement to act." *Ching Tang Lo*, 447 F.3d at 1226 n.8 (*quoting United States v. Valles–Valencia,* 823 F.2d 381, 382 (9th Cir. 1987), *modifying* 811 F.2d 1232 (9th Cir.1987); *see also Powell*, 469 U.S. at 65 (explaining inconsistent verdicts "should not necessarily be interpreted as a windfall to the Government at the defendant's expense" because "[i]t is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense").

Wenger, perhaps in view of this caselaw, acknowledges that Amiri's acquittal cannot constitute "substantive evidence of innocence."  Dkt. 463, p. 1.  Nonetheless, he argues that the *fact* of the acquittal is "not subject to dispute" pursuant to Rule 201, and that the Court therefore can take judicial notice of it and allow its use to impeach Rombough.

In the first place, this argument misunderstands the basic rules around judicial notice. Pursuant to Federal Rule of Evidence 201, the Court may take notice of an "adjudicative fact"[1] that is "not subject to reasonable dispute." Rule 201. The Ninth Circuit has held that "taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *see M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"). Consequently, Rule 201 does not permit this Court to take judicial notice of a jury's acquittal of Amiri on the conspiracy charge, *much less* what that acquittal might mean as to that jury's assessment of the facts before it, which, as the Supreme Court in *Powell* made clear, are unknowable to those outside the deliberations and may at times involve "mistake, compromise, or lenity." *Powell*, 469 U.S. at 65.

Second, even if the jury's verdict did give clear insight into its assessment of the facts, the use of that verdict to impeach Rombough would be improper, because it does not reflect *his* assessment of the facts and thus undermine his credibility. Indeed, the Federal Rules of Evidence set forth very specific methods by which a witness's character for truthfulness may be attacked to ensure that impeachment actually does go to a witness's credibility. First, opinion evidence as to the witness's untruthfulness may be admitted, and opinion evidence as to the witness's truthfulness may be admitted if the witness's credibility has been attacked. Rule 608(a). Second, on cross-examination and without resort to extrinsic evidence, a party may inquire about specific instances of conduct of the witness. Rule 608(b). Third, a witness may, under specific circumstances, be impeached by evidence of a prior criminal conviction. Rule 609. Finally, a witness may be impeached by a prior statement of that witness, and extrinsic

---

[1] Wenger uses the term "adjudicated fact" in his motion, a misnomer which risks confusing the issue. Dkt. 463, p. 2. "Adjudicative facts are simply the facts of the particular case." Rule 201, Notes of Advisory Committee on Proposed Rules. In other words, "adjudicative" implies that the present jury is tasked in part with adjudicating the fact in question. As the case law proscribing the use of "findings of fact from another case" under Rule 201 makes clear, this is very different from a fact *previously* adjudicated by a different jury. *See Banks v. Schweiker*, 654 F.2d 637, 640 (9th Cir. 1981) (defining "adjudicative fact" as fact "concerning the immediate parties"; noting that "extreme caution should be used in taking notice of adjudicative facts" because "the taking of evidence, subject to established safeguards, is the best way to resolve controversies involving disputes of adjudicative facts").

U.S. RESPONSE TO AMIRI MOT. IN LIMINE 2      3
23-CR-269-JSW

1  evidence of a prior inconsistent statement may be admitted after he is given a chance to explain or deny
2  the statement.  Rule 613.
3     Wenger's proposed impeachment evidence—the jury's decision to acquit Amiri of the
4  conspiracy count during the trial of Amiri—falls into none of these categories.  It is not opinion
5  evidence as to Rombough's untruthfulness.  It is not a specific instance of untruthful conduct.  It is not a
6  criminal conviction—though of course Rombough could be impeached by his conviction in the present
7  case.  And it is not a prior inconsistent statement by Rombough.  In short, even if the decision of the jury
8  was somehow discernible as a factual finding by the jury that Amiri did not commit the acts with which
9  he was charged—which, as described above, the Supreme Court has found it is *not*—there is no valid
10 mechanism for its use to impeach Rombough, because it does not actually go to Rombough's credibility.
11    Finally, any reference to Amiri's acquittal on Count One during the last trial in the course of this
12 retrial of Wenger—whether in cross-examination of Rombough or otherwise—fails Rule 403's
13 balancing test.  As the above discussion makes clear, it has no probative value, in the first place because
14 it does not necessarily reflect a finding by the jury of innocence, *see Powell*, 469 U.S. at 65, and in the
15 second place, it does not comport with Rombough's, or any other witness's, assessment about the facts
16 and belief about the agreement he entered into.  Despite, or perhaps because of, this lack of probative
17 value, any reference to the acquittal would carry extraordinary prejudice to the government, confuse the
18 jury as to the issues at hand, and mislead the jury as to their proper role.  *See* Rule 403.  For this reason,
19 the Court should exclude all reference to Amiri's acquittal on Count One before the jury.
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

### III.     Conclusion

For the foregoing reasons, Wenger's motion *in limine* (Dkt. 463) should be denied and the Court should exclude all reference to Amiri's acquittal on Count One before the jury in the retrial of Wenger.

DATED: June 10, 2025                                    Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


_____/s/_____
ERIC CHENG
AJAY KRISHNAMURTHY
ALETHEA SARGENT
ALEXANDRA SHEPARD
Assistant United States Attorneys