CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
ALETHEA M. SARGENT (CABN 288222)
ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorneys

     1301 Clay Street, Suite 340S
     Oakland, California 94612
     Telephone: (510) 637-3680
     FAX: (510) 637-3724
     Eric.Cheng@usdoj.gov
     Alethea.Sargent@usdoj.gov
     Alexandra.Shepard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 23-CR-00269 JSW-3 |
| | ) |
| Plaintiff, | ) **[PROPOSED] JOINT PRETRIAL** |
| | ) **CONFERENCE ORDER** |
| v. | ) |
| | ) |
| DEVON CHRISTOPHER WENGER, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

     Pursuant to the Court's Standing Orders, the Local Rules, and the Federal Rules of Criminal

Procedure, the parties submit the following proposed joint pretrial conference order:

///

///

///

///

///

### I.   Brief Description of the Substance of the Case

The parties jointly offer the following statement of the case:

This is a criminal case brought by the United States government against defendant Devon Wenger.  Defendant Wenger is charged with conspiring with other law enforcement officers to violate the civil rights of individuals, in or near Antioch, California, through the use of unreasonable force.  Defendant Wenger is also charged with an individual violation of civil rights through his use of unreasonable force.  During the relevant time period, Defendant Wenger was a police officer with the Antioch Police Department.

Specifically, the government alleges that, Defendant Wenger took part in a conspiracy with Morteza Amiri, Eric Rombough, and other law enforcement officers that lasted from at least 2019 to 2022 to use unreasonable force against individuals in or near Antioch, California.  The government alleges that, as part of the conspiracy, the defendant agreed with his co-conspirators to use unreasonable force; communicated about using unreasonable force with his co-conspirators; and encouraged his co-conspirators to use unreasonable force, including as punishment; among other things.  The government also alleges that Defendant Wenger used unreasonable force on D.S. on or about October 26, 2021.

These are only allegations.  Defendant Wenger has denied the charges and pleaded not guilty.  Defendant Wenger is presumed innocent of all charges. The United States government must prove each charge against Defendant Wenger beyond a reasonable doubt.

### II.  Stipulated Facts

The parties are discussing stipulations to streamline the presentation of evidence at trial and obviate the need to call custodians of record.

### III. Joint Exhibit List

The parties have prepared the attached joint exhibit list, **Appendix 1**.

### IV. Parties' Witness Lists

<u>United States' Witness List</u>: The government provides a list of prospective witnesses that it expects to call to testify at trial and a list of witnesses it may call to testify at trial, other than those called solely for impeachment or rebuttal.  The government reserves its rights to supplement or modify this list in advance of trial and to call additional witnesses as may be necessary during trial.

| Expect to call | May call |
|---|---|
| Joyce T. Blalock | Arturo Becerra |
| Joseph Donleavy | Alexandra Cabrera |
| Darryl Holcombe | Steve Coffin |
| Steve Ijames | Shane Cole |
| Kevin Lucid | Matthew Contreras |
| Timothy Manly Williams | Armando Delgado-Campos |
| Krystal Templin Martinelli | Joshua Evans |
| Anthony Morefield | Munmeet Kular |
| Craig Perry | Brock Marcotte |
| Larry Reed | David Marks |
| Eric Rombough | Steven McElroy |
| Dajon Smith | Kristian Palma |
| Claudjanae Young | Scott Rice |
| Mason Zeigler | Trevor Schnitzius |
| City of Pittsburg Custodian of Records (Cady Richards) | Joseph Smith |
| Sutter Health Custodian of Records | Jennifer Trott |
| | Joseph Vigil |
| | Timothy Yee |
| | Thuy Zoback |
| | City of Antioch Custodian of Records (Amanda Nelson) |
| | City of Oakley Custodian of Records |
| | California POST Custodian of Records (Brian Hoffman) |
| | Apple Custodian of Records |
| | Kaiser Permanente Custodian of Records |

Defendant Wenger's Witness List:

| Expect to call | May Call |
|---|---|
| | Morteza Amiri |
| | Joshua Evans |
| | John Berryhill |
| | Jeff Martinez |
| | Robert McFarlane |
| | Paul Sipe |
| | Mario Sainz |
| | Jim Morgan |
| | Dave Duvay |
| | Steve Papenuhs |
| | Arturo Becera |
| | Patrick Meyer |
| | James Colley |
| | Gary Lowther |

Mr. Wenger incorporates the witnesses whom the government expects to call. Mr. Wenger's witness list does not include those called solely for impeachment or rebuttal. Mr. Wenger reserves his

1    rights to supplement or modify this list in advance of trial and to call additional witnesses as may be

2    necessary during trial.

3    **V. Parties' Lists of Individuals Who May Be Seated at Counsel Table**

4    <u>United States</u>:  Jessie Chelsea, Eric Cheng, Alethea Sargent, Alexandra Shepard, Munmeet

5    Kular, Krystal Templin Martinelli and/or Thuy Zoback.

6    <u>Defendant Wenger</u>:  Devon Wenger, Michael Schwartz, Kasey Castillo, John Hagan, Katie

7    Cappuccio, Robert McFarlane, Robert Dean, Yitz Frankel, Elie Eisenberg.

8

9    **VI. Remaining Items Under N.D. Cal. Crim. L.R. 17.1-1(b)**

10       **1.    Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2;**

11   The United States has disclosed and produced to defendants reports of witnesses it intends to call

12   at trial.  In preparing for trial, the government is continuing to interview witnesses and continuing to

13   obtain and review evidence.  To the extent that the government obtains new transcripts or reports they

14   will be promptly processed and provided to the defendants.  The government will meet and expects to

15   exceed its obligations under the Jencks Act, 18 U.S.C. § 3500 and Rule 26.2 and continues to review the

16   materials in its possession for any statements of witnesses it intends to call at trial, and will process and

17   provide such statements to the defendants as soon as practicable and no later than the date of jury

18   selection.

19   The government's understands that defense counsel expects to produce one or more additional

20   expert notices and reports.  Although the motions *in limine* deadline has passed, the United States

21   reserves the right to bring any objections to those notices and reports to the Court's attention.

22

23       **2.    Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial;**

24   The United States has exceeded its obligations and already provided to the defendants in

25   discovery transcripts of any grand jury testimony of witnesses the government anticipates calling in its

26   case-in-chief.

27   ///

28   ///

3. **Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment;**

The United States believes that it has supplied all materials that may be relevant under *Brady v. Maryland*, 373 U.S. 83 (1963). In preparing for trial, the government is continuing to interview witnesses and continuing to obtain and review evidence. The government continues to review materials in its possession for potential exculpatory or impeachment information. The government recognizes and will comply with its ongoing obligation to provide the defense with materials subject to *Brady, Giglio v. United States*, 405 U.S. 150 (1972); and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

4. **Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses;**

*See* Part II (Stipulated Facts) above.

5. **Appointment by the Court of interpreters under Fed. R. Crim. P. 28;**

The parties do not anticipate the need for Court-appointed interpreters.

6. **Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations;**

The government does not anticipate dismissing counts.

The defendants have not disclosed to the United States, any issues regarding insanity, alibi, mental condition, duress, justification, or any other related issues.

7. **Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant;**

The case has been effectively severed by means of the defendant's mistrial.

8. **Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.;**

The United States intends call in its case-in-chief two individuals who pleaded guilty to crime(s) arising out of the same or related events for which the defendants are on trial: Timothy Manly Williams and Eric Allen Rombough. The defendants are aware of the identity of these individuals, which were previously provided in discovery and who both testified at co-defendant Morteza Amiri's trial.

///

1   The United States also intends to call D.S., the alleged victim of Count 8 of the Indictment. It is

2   understood by the parties that the impeachment of D.S. by criminal convictions will be subject to

3   Federal Rule of Evidence 609.  Defense is not aware at this time of impeachment evidence against D.S.

4   that is more than ten years old.  However, if discovered or it became known to defense that such

5   impeachment exists, defense reserves the right to argue its admissibility when and if it comes relevant.

6   Regarding other witnesses disclosed by the United States as witnesses that it expects to call or

7   may call, the defendants have not provided notice of any intent to use impeachment evidence in which

8   more than 10 years have passed since a witness' prior conviction or release from confinement.  Fed. R.

9   Evid. 609(b).

10  Defendant Wenger's prior conviction before this Court for obstruction is subject to Fed. R. Evid.

11  (a)(2) .

12  **9.      Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal;**

13

14  *See* Part IV (Parties' Witness Lists) above.

15  **10.     Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal;**

16

17  *See* Part III (Joint Exhibit List) above.  The United States is preparing summaries, diagrams, and

18  demonstrative exhibits in anticipation of trial, and will share them with defense counsel as they are

19  completed.

20  The parties have agreed to exchange any exhibits and/or demonstratives to be used during

21  opening statements at least 72 hours before trial begins so that any potential disputes may be addressed

22  in advance of trial, absent any unforeseen, extenuating circumstances which will be noticed to the other

23  party and addressed with the Court.

24  **11.     Pretrial resolution of objections to exhibits or testimony to be offered at trial;**

25  The parties are meeting and conferring to resolve potential objections to exhibits and testimony

26  before bringing any matters to the attention of the Court.  Objections by a party will be concurrently

27  filed by the objecting party pursuant to the Court's Standing Order.

28  *///*

1    **12.    Preparation of trial briefs on controverted points of law likely to arise at trial;**

2    The United States will file a trial brief pursuant to the Court's Standing Order.  The parties also

3    filed motions *in limine* to attempt to address anticipated disputes likely to arise at trial.

4    **13.    Scheduling of the trial and of witnesses;**

5    The trial is set to begin on August 4, 2025.  The parties anticipate that the trial may take

6    approximately eight court days.

7    **14.    Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges**

8    **and jury instructions;**

9    The parties will concurrently file a joint set of proposed voir dire questions upon which the

10    parties agree, and supplement with disputed questions proposed by a party, if any.  The parties also

11    request oral voir dire.

12    **15.    Any other matter which may tend to promote a fair and expeditious trial.**

13    The parties will continue working together to resolve matters in an effort to promote a fair and

14    expeditious trial and will timely bring to the Court's attention those matters upon which the parties

15    disagree.

16    DATED:  June 16, 2025                          Respectfully submitted,

17                                                  CRAIG H. MISSAKIAN
18                                                  United States Attorney

19                                                  _____/s/_____
20                                                  ERIC CHENG
                                                    ALETHEA SARGENT
21                                                  ALEXANDRA SHEPARD
                                                    Assistant United States Attorneys
22

23    DATED:  June 16, 2025

24                                                  _____/s/_____
25                                                  MICHAEL D. SCHWARTZ
                                                    KASEY A. CASTILLO
26                                                  Attorneys for Defendant DEVON WENGER

27

28

1

**[PROPOSED] ORDER**

2

    **IT IS SO ORDERED.**

3

DATED: _____

4

                                                      HON. JEFFREY S. WHITE
                                                      United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28