UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER DENYING STIPULATION TO CONTINUE PRETRIAL MOTIONS HEARING; GRANTING MOTION TO CONTINUE TRIAL**<br><br>Re: Dkt. Nos. 469, 470 |

Now before the Court are two motions. First, the parties stipulate to continue the motions hearing portion of the pretrial conference by one week. Second, the defense requests a continuance of the trial. For the following reasons, the Court DENIES the stipulation to continue the motions hearing and GRANTS the motion to continue trial.

**A.    The Court Denies the Stipulated Continuance of the Pretrial Motion Hearings.**

The parties last appeared before the Court regarding this case on May 6, 2025. At that status conference, the Court set a briefing schedule for supplementary pretrial motions and ordered that pretrial filings shall follow the Court's usual trial schedule.

The defense appears to have misunderstood the Court's verbal order: the Court intended any substantive pretrial motions—including a motion to suppress—to be filed by the end of May, and motions in limine to be filed two weeks before the pretrial conference date. Defendant reversed these deadlines. Defendant then filed a motion to strike the Government's motions in limine, and the Government has responded implying bad faith on the part of the defense. (*See* Dkt. Nos. 488, 491.)

In the time since the May 6 conference, the parties entered a stipulation to "reschedule hearing on pre-trial motions." (Dkt. No. 470.) In light of the parties' disagreements regarding the

pretrial motion briefing schedule, the Court is unclear as to which motions the parties refer. The Court cannot approve a stipulation that it does not understand.

The Court intends pretrial conferences to be as substantive as possible in order to ensure all parties are ready for trial. This intention is why the Court requires extensive submissions prior to the conference, and why the Court rules on motions in limine, other pretrial motions, and, often, other objections to evidence at the conference. Severing the motions from the pretrial conference would undermine this goal.

Further, the Court does not permit general, free-floating argument on motions in limine. The Court permits argument of counsel only if it has specific questions, which it will endeavor to publish before the conference. Defendant will be represented at the pretrial conference by capable counsel in Ms. Castillo's absence, and a continuance is not necessary.

**B.     The Court Grants Defendant's Motion to Continue Trial.**

The Court credits the representations of defense counsel that they cannot adequately prepare for trial according to the current trial schedule. However, in light of the Government's representations, it appears that defense counsel have not exercised the diligence which the Court would expect from new counsel given the procedural posture and history of this case.

Defendant's request for a continuance is particularly concerning because Defendant himself did not consent to exclude time for adequate preparation under the Speedy Trial Act, and Defendant expressed his desire to assert his right to a speedy trial earlier this spring. The Court provided Defendant additional time to acquire counsel and prepare for trial over Defendant's objection.

The Government correctly notes that further delay impinges on the rights of the alleged victim to be heard in court. Defendant obtained multiple extensions of time, over the Government's objection, before the original trial in this matter. With an additional continuance, more than two years will have passed between the indictment and trial. The Court also credits and acknowledges the Government's position that it must expend resources and disrupt the schedule of witnesses who do not have certainty when they will be called to testify.

In light of the foregoing, the Court would be well within its rights to deny Defendant's

motion. Although it is an extremely close call, the Court narrowly grants Defendant's motion to continue to ensure that Defendant is adequately prepared for trial.

The Court HEREBY ORDERS:

- The pretrial conference will proceed as scheduled on Monday, June 30, 2025.
- Jury selection is CONTINUED to Monday, September 8, 2025, at 8:00 a.m.
- The trial in this action is CONTINUED to Monday, September 8, 2025, to immediately follow jury selection.
- There will be no further continuances.
- Defendant must submit expert disclosures no later than July 2, 2025. This deadline is without prejudice to the Government filing a motion to strike expert disclosures as untimely or on any other basis.
- The Court will not entertain any further motions before trial absent a showing of extremely good cause, except that the Government may file a motion to exclude or strike expert testimony from the Defendant's proposed experts.

**IT IS SO ORDERED.**

Dated: June 26, 2025

_____
JEFFREY S. WHITE
United States District Judge

3