UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER DENYING MOTION FOR LEAVE TO RENEW MOTION TO SUPPRESS; DENYING AS MOOT MOTION FOR CLARIFICATION**<br><br>Re: Dkt. No. 481, 496 |

Now before the Court is Defendant Devon Wenger's motion Requesting Leave to Renew Motion to Suppress and Notice of and Renewed Motion to Suppress Defendant's Phone and Any Information Obtained from It. (Dkt. No. 481.) The Court has considered the Defendant's papers, relevant legal authority, and the record in this case, and it finds the matter suitable for resolution without further briefing or oral argument. For the following reasons, the Court HEREBY DENIES the motion. The Court also DENIES AS MOOT the Government's motion for clarification regarding briefing Defendant's motion. (Dkt. No. 496.)

## BACKGROUND

**A.      The Indictments.**

Defendant was charged in two related cases. In the instant case, *United States v. Wenger*, 23-cr-269-JSW-3 (the "-269 Case"), the Government alleges that Defendant violated 18 U.S.C. section 241 – Conspiracy Against Rights by conspiring with co-defendants Morteza Amiri and Eric Rombough to interfere with the constitutional rights of residents of Antioch, California through threats and use of unreasonable force. (-269 Case, Dkt. No. 1, Indictment, Count One.) The United States further alleges that Wenger violated 18 U.S.C. section 242 – Deprivation of Rights Under Color of Law by shooting an individual, "D.S.," with a 40 mm less lethal launcher.

(*Id.*, Count Eight.)

In a related case, *United States v. Wenger*, 23-cr-268-JSW-2 (the "-268 Case"), the Government charged Defendant with violations of 21 U.S.C. sections 846, 841(a)(1), and 841(b)(1)(E)(i) – Conspiracy to Distribute and Possess with Intent to Distribute Anabolic Steroids by conspiring with co-defendant Daniel Harris to deliver anabolic steroids to another officer and 18 U.S.C. section 1519 – Destruction, Alteration, and Falsification of Records in Federal Investigations by deleting messages from his cell phone relating to the alleged steroid conspiracy. (-268 Case, Dkt. No. 1, Indictment.) A jury found Defendant guilty on both counts. (-268 Case, Dkt. No. 207, Jury Verdict.)

**B.  Trial History.**

This matter proceeded to trial against Defendant and his co-defendant Morteza Amiri on March 3, 2025. On March 4, 2025, the Court observed that defense counsel, Ms. Lopes, appeared overwhelmed, and it issued an order to her law firm to provide additional support or explain why such support would not be provided. (Dkt. No. 343.) On March 5, 2025, the Court granted a mistrial as to Defendant. (Dkt. No. 350.) In doing so, the Court found that defense counsel's "emotional state and administrative capacity is such that she is not competent to effectively represent Mr. Wenger for the remainder of the trial." (*Id.* at 8:3-4.)

On March 25, 2025, the Court discharged counsel as incompetent. The Court found that Ms. Lopes was "unprepared from the moment of jury selection." (Dkt. No. 428, Hr'g Tr., at 8:23-24.) The Court also found that Ms. Lopes' comments following the mistrial indicated that she may have made misrepresentations to the Court regarding her abilities and mental state. (*Id.* at 10:18-11:3.)

Current lead counsel for the defense, Mr. Schwartz, entered an appearance on April 1, 2025. (Dkt. No. 429.) Co-counsel, Ms. Castillo, first appeared on April 14, 2025. (Dkt. No. 436.)

On May 6, 2025, the Court held a status conference to set trial dates and ensure new counsel could prepare for trial. At that conference, the Court ruled that pretrial motions were to be filed by May 30, 2025, and that the remainder of the pretrial submissions should proceed according to the Court's standing orders. By "pretrial motions," the Court referred to any

anticipated motions to reconsider, including a potential renewed motion to suppress raised by Mr. Schwartz.

Trial in the -268 Case began on April 28, 2025. Defendant was represented in that trial and in pre- and post-trial matters by Ms. Young. Ms. Young has represented Defendant competently and without issue.

**C.     Defendant's Motions to Suppress.**

Defendant has moved eight times to suppress content from his cell phone and derivatives thereof and/or for a *Franks* hearing: five times in the -269 Case and three times in the -268 case. (*See* -268 Case, Dkt. Nos. 114, 123, 130.) The content of warrant applications for Defendant's cell phone is set forth at length in the Court's prior rulings. (*See* -269 Case, Dkt. Nos. 180, 236.)

Defendant was originally represented in this action by Ms. Fields and Mr. Fischer. Ms. Fields and Mr. Fischer filed a motion to suppress evidence, motion for separate trial, and motion to sever counts prior to the initial law and motion deadline of May 30, 2024. (-269 Case, Dkt. Nos. 103, 104, 112.)

On May 28, 2024, Ms. Lopes entered her appearance on behalf of Defendant. She timely filed a motion for a hearing pursuant to *Franks v. Delaware*, 423 U.S. 154 (1978), which largely duplicated the arguments presented in Defendant's motion to suppress. (Dkt. No. 109.)

The Court heard oral argument on all four motions on July 30, 2024. At the hearing, the Court permitted Ms. Lopes to file additional briefing to suppress a newly disclosed federal warrant. Ms. Lopes then filed a new motion to suppress. (Dkt. No. 161.) Thereafter, the Court denied the motions to suppress and motion for *Franks* hearing. (Dkt. No. 180, Order Denying Mot. to Suppress.)

Defendant filed a motion for leave to file a motion for reconsideration, which the Court granted. (Dkt. No. 183.) The Court subsequently granted Defendant's motion for permission to supplement briefing. (Dkt. No. 201.) Defendant then filed a supplemental motion for reconsideration and a supplemental motion to suppress evidence. (Dkt. Nos. 207, 213.) The supplemental motion to suppress was filed in both the -269 Case and the -268 Case. The Court denied the motions. (Dkt. No. 236, Order Denying Mot. to Reconsider.)

3

# ANALYSIS

## A. Legal Standards on a Motion for Reconsideration.

District courts have "inherent authority" to reconsider orders in criminal cases. *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). The Criminal Local Rules do not directly address motions for reconsideration. However, Criminal Local Rule 2-1 indicates that Civil Local Rules shall apply in criminal cases except where they conflict with a provision of law specifically applicable to criminal cases. Accordingly, Civil Local Rule 7-9, which governs motions for reconsideration in civil cases, provides the applicable standard as it does not conflict with any provision of law specifically applicable to criminal cases.

Under Civil Local Rule 7-9, a motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3).

The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c). "Motions for reconsideration are not 'the proper vehicles for rehashing old arguments,' and are not 'intended to give an unhappy litigant one additional chance to sway the judge.' " *United States v. Brown*, No. 2:13-CR-00407-TLN, 2016 WL 6988665, at *3 (E.D. Cal. Nov. 29, 2016) (quoting *United States v. DePue*, No. 2:10-CR-109-RLH-PAL, 2013 WL 321667, at *1 (D. Nev. Jan 28, 2013)).

## B. Defendant Does Not Identify a Basis for Reconsideration.

Defendant argues that reconsideration is appropriate because: (1) the Government reversed its prior position and intends to use the cell phone in its case-in-chief; (2) there is "newly disclosed evidence demonstrating that the foundational Wallace warrant was secured with fabricated and tampered evidence"; and (3) Defendant's prior counsel was discharged for ineffective assistance.

### 1. The Government's "Reversal" Does Not Merit Reconsideration.

Defendant contends that the Government decision to use the cell phone data in its case-in-

4

chief warrants reconsideration because the Court found the prior motion to be moot. This argument ignores the Court's analysis in its original ruling on Defendant's motions to suppress. The Court held that the motions were moot, but it proceeded to analyze the validity of the warrants anyway. (Order Denying Mot. to Suppress, at 7-10 (addressing suppression motions on their merits and holding, "even if the motions were not moot, the federal warrants are valid").) Moreover, the Court addressed the validity of the same warrants in the -268 Case, where the Government used the cell phone data in its case-in-chief. (-268 Case, Dkt. No. 144, Order Denying Mot. to Suppress.)

**2.     The Court Previously Ruled on the Effect of the Wallace Warrant.**

Defendant asks the Court to take another look at the state court warrant obtained by D.A. Investigator Wallace prior to the initial seizure of Defendant's phone. Defendant previously argued that the warrant was defective because Wallace fabricated anonymous letters cited in the warrant, fabricated a citation to Sprint subscriber records, and the scope of the warrant was overbroad. He now argues that the warrant was defective for the additional reason that Wallace stated a USPS Priority Mail package at issue weighed 2.1 pounds when it weighed only 1.06 pounds. He asserts that "[a] lead postal inspector later confirmed that entries made by field agents between February 25 and March 1, 2022 were backdated and falsified." (Dkt. No. 281, Mot., at 5:27-6:2.)

Defendant has not made a showing of newly discovered facts. His claim that a postal inspector determined the evidence relating to the intercepted package to be fabricated is unsupported. Defendant does not identify the "lead postal inspector" or provide any information or exhibits regarding that postal inspector's findings. Additionally, it is not clear to the Court whether the package weight in the exhibit produced by Defendant is the true weight of the package or an estimate entered by the sender.

In any event, as the Court has repeatedly ruled, defects in the state court warrant do not prevent admission of the cell phone or its data because the subsequent federal warrants were supported by independent sources. (Order Denying Mot. to Suppress, at 8 (holding state court warrant "has no bearing on the validity of the Federal Warrants"); Order Denying Mot. to

Reconsider, at 7-8 (rejecting motion to consider in light of "new evidence" Wallace falsified information because the Court had "considered those arguments and determined they did not impact the validity of the federal warrants in this action"); -268 Case, Order Denying Mot. to Suppress, at 8-10 (holding the state warrant was "defective in part" but that suppression was not warranted).) Defendant disagrees with that outcome, but he fails to show a material difference in facts or law, a change in the law, or manifest injustice that would warrant reconsideration.

### 3. Discharge of Prior Counsel Does Not Merit Reconsideration.

The discharge of Ms. Lopes due to ineffective assistance of counsel does not warrant a blank slate for Defendant to present his suppression argument yet another time. The Court held that prior counsel was ineffective in her trial preparation and presentation, but that she was effective in bringing pretrial motions. (*See* Dkt. No. 344, at 2:3-6 ("Although the Court notes that thus far Ms. Lopes has effectively represented her client, the Court is concerned that she has been unable to work with the Court and counsel to administer this trial effectively, which could potentially affect the completion of the trial and inconvenience the Court and jury.").) Defendant's original motion to suppress in this case was submitted by his first set of counsel, who were not discharged due to ineffective assistance. Further, Defendant is represented by competent counsel in the -268 Case, where the Court has rejected identical challenges to the warrants. Defendant does not need a fourth set of attorneys to present the same arguments which have been effectively presented on eight previous occasions.

### C. The Government's Motion for Clarification Is Moot.

Defendant filed his motion for reconsideration after the Court-issued deadline, on June 16, 2025. He noticed the motion for June 30, 2025. The Government did not file a response, and Defendant did not file a reply.

The parties stipulated to continue motion hearings, which the Court denied. (Dkt. No. 493.) In response to the Court's denial, the Government requested clarification on whether it could file an opposition brief to Defendant's untimely motion. Because the Court finds leave to file a motion for reconsideration is unwarranted, it does not need further briefing from the parties on the question of suppression.

6

**CONCLUSION**

For the foregoing reasons, Defendant's motion for reconsideration of his motion to suppress is DENIED. The Court DENIES AS MOOT the Government's motion for clarification.

**IT IS SO ORDERED.**

Dated: June 27, 2025

_____
JEFFREY S. WHITE
United States District Judge

7