UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL MINUTE ORDER

**DATE**: June 30, 2025

**TIME IN COURT**: 1 Hour

**JUDGE**: JEFFREY S. WHITE

**COURTROOM DEPUTY**: Nicole Hall

**COURT REPORTER**: April Brott

**CASE NO.**: 23-cr-00269-JSW-3

**TITLE**: United States of America   v.   Devon Christopher Wenger
☒ Present   ☐ Not Present   ☐ In-Custody

**U.S. ATTORNEY**:
Aletha Sargent
Alexander Shepard

**DEFENSE COUNSEL**:
Michael Schwartz

## PROCEEDINGS

**RESULT OF HEARING**: Pretrial Conference and Motion hearing – HELD.

Pretrial Conference hearing held. The Court directs the parties to review the Court's Guidelines for Trial in Criminal Cases and Criminal Standing Order, before trial.

**Government's Motions in Limine**

**No. 1 [471]** – Motion to admit evidence as inextricably Intertwined and/or Pursuant to Federal Rule of Evidence 404(b) – **Granted in Part, as stated on the record.**

**No. 2 [472]** – Motion to Preclude Irrelevant Attempts to Encourage Jury Nullification – **Granted, as stated on the record.**

**No. 3 [473]** – Motion to Exclude Testimony of Robert McFarlane – **Granted, as stated on the record.**

**Wegner's Motions in Limine**

**No. 1 [462]** – Motion to Exclude Highly Prejudicial Communications- **Denied, as stated on the record.**

**No. 2 [463]** – Motion to Allow Admission into Evidence of Co-Defendant's Acquittal for Impeachment of Government's Witness – **Denied, as stated on the record.**

**Wegner's Motion to Strike [488]**

The Motion to Strike - **Denied, as stated on the record.**

**Length of Trial/ Schedule**
The trial is expected to last a total of eight days. Trial will be held Monday, Wednesday, and Thursday from 8:00 a.m. to 1:30 p.m. and on Tuesday from 8:00 a.m. to 12:25 p.m., with two fifteen-minute breaks.  The parties should appear at 7:30 a.m.

**Jury Selection**

The Court posted the general and preliminary jury instructions, standard jury questionnaire and intended questions for Voir Dire. Objections, if any, should be filed no later than July 14, 2025.

After receiving the survey responses from the potential jurors, the parties will need to meet and confer regarding excuses for cause and hardships and provide that information to the Court prior to jury selection. The Court will set a date for that submission once survey responses are received.

The parties will be permitted to submit to the Court requested follow-up questions for Voir Dire based on the jury questionnaire responses. The Court will ask the proposed follow-up questions that it deems appropriate or necessary.

**Peremptory Challenges**

The parties are directed to exercise their peremptory challenges simultaneously and blind as to the other party's selection until the jury is final. The Government is permitted six peremptory challenges. The defendant will have ten peremptory challenges. The Court will seat 12 jurors with 2 alternates.

Each side has one additional peremptory challenge which may be used only to remove alternate jurors. This challenge will be exercised after the parties have exercised their peremptory challenges as to the regular jurors. At the conclusion of testimony, the alternates will be excused from deliberations but will remain on call and subject to the Conduct of the Jury Instructions until the jurors have reached a verdict.

The order of challenges and/or excusals is as follows:
1. hardship/time
2. cause
3. peremptory
4. Batson

**Exhibits, Evidence, and Additional Deadlines**

The Court orders the Government to file a finalized Exhibit List due no later than July 21, 2025. Any additional exhibits offered after the deadline will be permitted only with the showing of good cause why the Court should allow submission of the proposed exhibit(s).

The Court extends the discovery deadline and expert disclosure deadline to Monday, July 7, 2025.

The parties should provide two USB drives with exhibits at the start of trial.

At the end of each day of trial, the parties will meet with the Courtroom Deputy to confirm which exhibits have been admitted into evidence. At the close of trial, the parties are directed to prepare a directory of admitted exhibits to go to the jury for deliberation via CAND PC.

**Opening Statements**

Government anticipates 35 minutes.
Defendant Wenger anticipates 30-40 minutes.

The parties' opening statement should be confined to expected content of witness testimony. The parties are not to be argumentative or to suggest inferences they would like the jury to make from the evidence.

The Court will require the parties to exchange their opening statement demonstrative by the close of business on Thursday, September 4, 2025; and to file any objections with the Court no later than 4:00 p.m. on Friday, September 5, 2025.

The Court provided the parties a copy of the juror certification in open court, agreeing to abide by the instructions to the jurors. The parties do not object.

**Objections**

The Court will consider objections as they are raised during the course of trial, without prejudice to the Government asserting that the Defendant has waived objections.