UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER DENYING MOTION FOR THE ISSUANCE OF SUBPOENA FOR RECORDS**<br><br>Re: Dkt. No. 459 |

Now before the Court is the Motion for the Issuance of a Subpoena of Records filed by Defendant Devon Wenger. Defendant moves pursuant to Federal Rule of Criminal Procedure 17 and Federal Rule of Civil Procedure 45(b). The Court has considered the parties' papers, the record in this case, and relevant legal authority, and it finds the matter suitable for resolution without oral argument. For the following reasons, the Court DENIES the motion.

## BACKGROUND

Defendant is a former police officer with the Antioch Police Department. The Government alleges that Defendant conspired with other law enforcement officers to violate the rights of Antioch residents through the use of unreasonable force. The Government also alleges that on October 26, 2021, Defendant deprived an individual, D.S., of his right to be free from unreasonable force. (*See* Dkt. No. 1, Indictment, ¶ 84.)

Defendant seeks discovery relating to D.S. from the Bureau of Security and Investigative Services ("BSIS"). He seeks the following categories of documents:

1. All records in possession of BSIS for [D.S.] License No. [].

2. All applications submitted to BSIS for a Security Guard License by [D.S.].

3. A copy of [D.S.]'s BSIS Security Guard License No. [].

    4. All records in possession of BSIS for [D.S.], BSIS License No. [] between September 22, 2017 – September 30, 2021.

    5. All training records and/or certificates of training for [D.S.], BSIS License No. [].

    6. All complaints made against [D.S.], BSIS License No. [] between September 22, 2017 = September 30, 2021.

    7. All disciplinary records concerning [D.S.], BSIS License No. [].

    8. Copies of the Department of Consumer Affairs – Bureau of Security and Investigative Services – Security Gard [sic] Guides for 2017, 2018, 2019, 2020, and 2021.

    9. Copies of the Department of Consumer Affairs – Bureau of Security and Investigative Services – Powers to Arrest and Appropriate Use of Force Training Manuals for 2017, 2018, 2019, 2020, and 2021.

(Dkt. No. 459, Mot., Ex. A, Document Requests.)

Upon receipt of Defendant's motion, the Court set a briefing schedule. It asked the parties to address whether Federal Rule of Criminal Procedure 17(c)(3) applied to the requested subpoena and, if so, to propose a timeline for notice to D.S.

The Government timely objected to Defendant's motion. Defendant did not file a reply.

**ANALYSIS**

**A.    Applicable Legal Standards.**

Federal Rule of Criminal Procedure 17(c) provides that a criminal defendant may issue a subpoena duces tecum for the production of "any books, papers, documents, data, or other objects." Fed. R. Crim. P. 17(c)(1). If those items contain "personal or confidential information about a victim," the subpoena may issue only upon court order. *Id.* 17(c)(3). "Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object." *Id.*

Rule 17(c) is "more narrow in scope than the corollary rules of civil procedure, which permit broad discovery." *United States v. Reyes*, 239 F.R.D. 591, 597 (N.D. Cal. 2006). The issuing party has the burden to show "relevancy, admissibility, and specificity" of the proposed subpoena duces tecum. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). "Rule 17(c) was not intended to provide an additional means of discovery," *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951), "or to allow a blind fishing expedition seeking unknown evidence,"

1  *Reed*, 726 F.2d at 577 (quoting *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981)).

2  Accordingly, in order to obtain a subpoena duces tecum, a defendant must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). The issuing court must engage in a "discretionary, case-by-case inquiry" of these factors. *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (quoting *United States v. Bergeson*, 425 F.3d 1221, 1225 (9th Cir. 2005)).

The Government has standing to object to a proposed subpoena on behalf of victims. *See United States v. Crutchfield*, No. 5:14-cr-00051-DLJ-PSG, 2014 WL 2569058, at *1 (N.D. Cal. June 6, 2014) (holding "although the protections afforded by Rule 17(c)(3) are not specifically bestowed by the Crime Victims' Rights Act, the court finds that the standing bestowed by the statute extends to derivative rules created to ensure its application.").

**B.      Defendant Has Not Shown the Documents Are Relevant.**

Defendant does not offer an explanation of how or why the requested records are relevant to the case. The Government objects that the proposed subpoena requests information that is irrelevant to the questions before the jury, namely, whether Defendant conspired to deprive individuals of their rights and whether Defendant deprived D.S. of his rights via use of unreasonable force.

The Court agrees with the Government. The records requested by Defendant appear to relate to whether the victim D.S. is trained in appropriate use of force or whether he ever used unreasonable force on another person. The issues at trial relate to Defendant's use of force, not D.S.'s hypothetical uses of force in his occupation as a security guard. The victim's state of mind is not an element of the crime, and Defendant has not articulated a connection between D.S.'s training or state of mind and Defendant's use of force.

**C.   Defendant Has Not Shown the Subpoena Is Not a Fishing Expedition.**

Defendant makes no argument or showing regarding whether the subpoena constitutes a fishing expedition. The Government objects that certain categories of documents to be produced are purely sought for fishing purposes: (1) the request for complaints against D.S., and (2) the request for disciplinary records for D.S.

The Court agrees with the Government. Defendant has not articulated a basis to believe documents in those categories exist, nor what he expects to uncover in those categories through the issuance of the subpoena. It appears that Defendant intends to use the subpoena as a general discovery device, which is not permitted. *Bowman Dairy Co.*, 341 U.S. at 220.

**D.   Defendant Has Not Made a Showing as to the Remaining Factors.**

In addition to the objections raised by the Government, the Court finds that Defendant has not met the remaining *Nixon* factors. Defendant has not shown that the documents are not otherwise attainable or that he cannot prepare for trial without the requested records.

Defendant makes no showing as to the availability of the documents in the absence of a subpoena. Two of the document categories do not relate directly to D.S. and may be publicly available or obtainable through alternate means: (1) the BSIS Security Guard Guides, and (2) the BSIS Powers to Arrest and Appropriate Use of Force Training Manuals. Defendant makes no attempt to explain what efforts he has taken to obtain these or any of the other requested items.

Defendant's argument as to necessity is conclusory. He states that the requested documents are "essential" to his case, but he provides no explanation of how or why. (*See* Mot., at 3:17-20.) As the Court finds above, the documents appear to lack any relevance to the case. Denial of the subpoena will not delay the trial.

**E.   Defendant Does Not Address Other Issues with the Subpoena.**

In its Order setting a briefing schedule on Defendant's motion, the Court requested the parties to state their positions on the applicability of Rule 17(c)(3)'s notice requirement and to suggest a timeline for notice. Defendant did not file a reply and so did not address the Court's request.

In its opposition, the Government argues that, should the subpoena issue, it must first be

4

corrected because the definitions erroneously referred to the "World Professional Association for Transgender Health and its predecessor organizations and other names by which it has been known, including but not limited to the Henry Benjamin International Gender Dysphoria Association." (*See* Mot., Ex. A, Definitions.) The proposed subpoena is directed to BSIS, not the World Professional Association for Transgender Health. (*See id.*, Subpoena.) Defendant did not respond to this objection or propose a revised subpoena to correct the error.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion. Defendant may not issue the subpoena duces tecum.

**IT IS SO ORDERED.**

Dated: July 2, 2025

_____
JEFFREY S. WHITE
United States District Judge