UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**NOTICE OF QUESTIONS FOR HEARING ON UNITED STATES' MOTION TO LIMIT AND EXCLUDE PROPOSED EXPERT TESTIMONY; SETTING FURTHER PRETRIAL CONFERENCE**<br><br>Re: Dkt. No. 516 |

The Government has filed a motion to limit or exclude four expert witnesses proposed by Defendant Devon Wenger. This matter is set for hearing on August 21, 2025, at 1:00 p.m.

The Court set a July 7, 2025 deadline for expert disclosures. (Dkt. No. 504, Pretrial Conference Min. Order, at 3.) Rule 16(b)(1)(C)(iii) requires the defendant to disclose, among other things and upon the Government's request, "a complete statement of all opinions that the defendant will elicit in the defendant's case-in-chief" and "the bases and reasons for them." Fed. R. Crim. P. 16(b)(1)(C)(iii). The Court tentatively agrees with the Government that Defendant did not timely disclose certain opinions of Messrs. James Colley and Dave DuBay. Thus, the Court tentatively finds that Defendant has violated Rule 16.

Courts disfavor issuing exclusionary sanctions for violations of Rule 16. *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002). Exclusion is an appropriate remedy for an omission if it was "willful and motivated by a desire to obtain a tactical advantage." *Id.* That said, exclusion is an appropriate means of enforcing a scheduling or other pretrial order. *United States v. Ornelas*, 906 F.3d 1138, 1150 (9th Cir. 2018).

At the hearing, the parties shall be prepared to discuss the appropriate remedy for

incomplete disclosures. In particular, the Court will inquire whether exclusion is appropriate as a sanction for violation of Rule 16; if exclusion is required to enforce the Court's order mandating expert disclosures by July 7, 2025; or if an alternative resolution is warranted. If the parties intend to rely on additional authorities not previously presented in their briefs, they shall file citations to the authorities only, without argument or additional briefing, by August 20, 2025, at 5:00 p.m. *Cf.* N.D. Civ. L.R. 7-3(d).

The Court has identified additional pretrial matters that it would like to discuss with the parties. It therefore SETS a further pretrial conference to take place on August 21, 2025, at 1:00 p.m., immediately following the motion hearing. The Court will provide the parties an opportunity to raise any issues regarding the trial at that time.

**IT IS SO ORDERED.**

Dated: August 19, 2025

_____
JEFFREY S. WHITE
United States District Judge