1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  ALETHEA M. SARGENT (CABN 288222)
   ALEXANDRA SHEPARD (CABN 205143)
5  Assistant United States Attorneys

6       1301 Clay Street, Suite 340S
        Oakland, California 94612
7       Telephone: (510) 637-3680
        FAX: (510) 637-3724
8       Alethea.Sargent@usdoj.gov
        Alexandra.Shepard@usdoj.gov
9
   Attorneys for United States of America
10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    OAKLAND DIVISION

14 UNITED STATES OF AMERICA,              ) Case No. 23-CR-00269 JSW-3
                                          )
15          Plaintiff,                     ) **PROPOSED ADDITIONAL VOIR DIRE**
                                          ) **QUESTIONS**
16      v.                                 )
                                          )
17 DEVON CHRISTOPHER WENGER,              )
                                          )
18          Defendant.                     )
                                          )
19 _____)

20

21

22

23

24

25

26

27

28

1    Pursuant to the Court's Order (Dkt. No. 556), the United States proposes the following questions
2    to ask potential jurors during voir dire:

3    For jurors who indicated that they are not able to fluently read, write, and/or speak English:  In
4    your questionnaire, you indicated that you are not fluent in English. Have you had any difficulty
5    understanding the proceedings today?  If so, do you think that difficulty would prevent you from
6    meaningfully understanding the evidence in this case and participating in the deliberations?

7    <u>For the venire</u>:  Multiple people indicated that they or their family members have been the
8    victims of crime.  You will hear that some of the testifying witnesses in this case have committed
9    crimes. Would your own personal experiences with crime make it difficult for you to assess their
10   testimony fairly?

11   <u>For the venire</u>:  Multiple people have indicated some distrust in law enforcement.  You will hear
12   that some of the testifying witnesses are local or federal law enforcement officers, and that the defendant
13   was a police officer.  Would you be able to set aside your personal experiences and views and fairly and
14   impartially evaluate the evidence in this case?

15   <u>For the venire</u>:  You will be instructed by the Court that you cannot hold a defendant's choice not
16   to testify against him or her.  Some of you have indicated that you may find that difficult.  Now that we
17   have talked more about this concept, does anybody believe they will not be able to do that?

18   <u>Juror No. 5</u>:  In your questionnaire, you indicated that you tend to trust police officers.  Would
19   those feelings prevent you from fairly and impartially considering evidence about whether a former
20   police officer committed a crime?  If the government proves the allegations beyond a reasonable doubt,
21   is there anything about your feelings that would prevent you from returning a guilty verdict?

22   <u>Juror No. 7</u>:  In your questionnaire, you wrote that you believe that local law enforcement are
23   the good guys, and that the FBI is no longer an outstanding law enforcement organization.  You also
24   indicated that you have a close family member who is a retired federal agent, and a child who is an
25   intelligence analyst.  This case involves witnesses who are employed as federal law enforcement
26   officers, like the FBI, and as police officers. The defendant was also a police officer.  Would you be able
27   to set aside your personal experiences and views and fairly and impartially evaluate the evidence in this

28

PROPOSED ADDITIONAL VOIR DIRE QUESTIONS,
23-CR-00269 JSW-3                          2

1  case? If the government proves the allegations beyond a reasonable doubt, is there anything about your

2  feelings that would prevent you from returning a guilty verdict?

3      <u>Juror No. 12</u>:   In your questionnaire, you wrote that you would be less likely to believe law

4  enforcement witnesses. This case involves witnesses who are employed as local and federal law

5  enforcement officers.  Would you be able to set aside your personal experiences about law enforcement,

6  and fairly and impartially consider the testimony of such witnesses in this case?  You also wrote that you

7  believe police abuses of power are common.  Would those feelings prevent you from fairly and

8  impartially considering evidence about whether a former police officer committed a crime?  If the

9  government failed to prove its case beyond a reasonable doubt, would you be able to return a verdict of

10  not guilty?

11      <u>Juror No. 13</u>:  In your questionnaire, you wrote that you believe that some races know they can

12  get away with crime by paying a good lawyer.  Could you explain what you mean?  You also wrote that

13  you believe that police officers have a way out from any wrongdoing.  Could you explain this as well?

14  Would your personal views prevent you from fairly and impartially considering evidence about whether

15  a former police officer committed a crime?

16      <u>Juror No. 16</u>:  You indicated in your questionnaire that you would be influenced by a

17  participant's race, color, religious belief, national ancestry, sexual orientation, gender identity, gender,

18  or economic circumstances that may be different from yours.  Could you explain what you mean?  You

19  also indicated that you believe a person's background is important to understanding the likelihood of

20  committing a crime.  Would your impression of a witness's background affect your ability to believe the

21  witness's testimony?

22      <u>Juror No. 18</u>:  You wrote in your questionnaire that you believe that if a case goes to trial, the

23  prosecution must have enough evidence to prove a defendant's guilt.  If the government in this case

24  were to fail to prove the allegations beyond a reasonable doubt, would your feelings prevent you from

25  returning a verdict of not guilty?

26  ///

27  ///

28
PROPOSED ADDITIONAL VOIR DIRE QUESTIONS,
23-CR-00269 JSW-3                    3

Juror No. 27:  In your questionnaire, you wrote that if the defendant is a Trump supporter, you would vote guilty. If you were to see commentary about current events in the evidence, would you impute a political view to the defendant and judge him guilty on that basis?  You also indicate strong distrust of government officials, and law enforcement in particular.  Could you set that aside and assess the credibility of a witness based solely on the criteria on which the judge will instruct you?

Juror No. 32:  You wrote in your questionnaire that you witnessed a difficult experience involving a family member and a police officer. You also indicated that you have had positive childhood experiences with police officers. In light of these experiences, and knowing that the defendant is a former police officer, would you be able to assess all the evidence fairly and find for or against the defendant based only on the evidence presented in the trial?

Juror No. 38:  In your questionnaire, you wrote that there are some bad actors at the FBI.  This case involves witnesses who are employed as federal law enforcement officers, like the FBI.  Would you be able to set aside your personal experiences about federal law enforcement, and fairly and impartially consider the testimony of such witnesses in this case?

Juror No. 68:  You have indicated that your views are strongly influenced by biblical truth, and that truth is determined by God and the Bible.  Would that influence your ability to evaluate the evidence presented at trial fairly and impartially?  Would you be able to set aside your personal views and follow the Court's instructions?

Juror No. 74:  In your questionnaire, you wrote that you had been shot in the leg with a rubber bullet by local police.  Some of the allegations in this case relate to the defendant's use of a similar projectile on one occasion.  Would you be able to differentiate between your own experience and the evidence you hear in court and base your verdict solely on the law and evidence in this case?

///

///

///

<u>Juror No. 82</u>:  You wrote in your questionnaire that you cannot support "those who sin against the Lord."  If, after hearing the evidence in this case, you believe the defendant has done something that offends your conscience, but that the government has not proven the alleged crimes beyond a reasonable doubt, would you be able to put aside your religious beliefs and vote not guilty?

DATED:  September 5, 2025                    Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


_____/s/_____
ALETHEA SARGENT
ALEXANDRA SHEPARD
Assistant United States Attorneys