1    CRAIG H. MISSAKIAN (CABN 125202)
     United States Attorney
2
     MARTHA BOERSCH (CABN 126569)
3    Chief, Criminal Division

4    ALETHEA M. SARGENT (CABN 288222)
     ALEXANDRA SHEPARD (CABN 205143)
5    Assistant United States Attorneys

6        1301 Clay Street, Suite 340S
         Oakland, California 94612
7        Telephone: (510) 637-3680
         FAX: (510) 637-3724
8        Alethea.Sargent@usdoj.gov
         Alexandra.Shepard@usdoj.gov
9
     Attorneys for United States of America
10
                          UNITED STATES DISTRICT COURT
11
                       NORTHERN DISTRICT OF CALIFORNIA
12
                                OAKLAND DIVISION
13

14   UNITED STATES OF AMERICA,              )   **CASE NO. 23-cr-269 JSW-3**
                                            )
15              Plaintiff,                  )   **OBJECTIONS TO DEFENSE OPENING**
                                            )   **VISUALS**
16        v.                                )
                                            )
17   DEVON CHRISTOPHER WENGER,              )
                                            )
18              Defendant.                  )
                                            )
19   _____)

20          Pursuant to the Court's Order at Dkt. 504, the government makes the following objections to

21   defense counsel's proposed opening visuals.

22          Objection 1: The defense visuals include four video clips related to the D.S. incident that is the

23   subject of Count 8.  The government objects that three of these clips continue temporally past the point

24   of relevance, and the fourth consists entirely of inadmissible hearsay.

25          First, the government contends that the first three videos should end at the point at which D.S.

26   was impacted by the 40mm less lethal projectile.  On the day of the incident in question, after the

27   defendant shot D.S. with the 40mm less lethal launcher, another officer deployed a K-9 on D.S. on the

28   basis of D.S.'s reaction to that shot.  The first three clips continue past the 40mm deployment and

include D.S.'s reaction to that deployment and the K-9 deployment. "The decision by a police officer to use force shall be evaluated from the perspective of a reasonable officer in the same situation, based on the totality of the circumstances known to or perceived by the officer at the time rather than with the benefit of hindsight." Dkt. 378, at p. 26. The reaction of D.S. to being shot with the 40mm launcher, and the subsequent decision to deploy a K-9 on D.S., are irrelevant to this inquiry and risk prejudicing the jury by confusing the jury and suggesting on the basis of events that occurred *after* Mr. Wenger's deployment of the 40mm launcher that D.S.'s behavior *before* that deployment warranted more force than Mr. Wenger deployed. *See* Fed. R. Evid. 403.

Second, the government contends that the fourth video is entirely inadmissible. This clip depicts a conversation between Mr. Wenger, D.S., and another officer after D.S. was handcuffed and seated on a curb in which Mr. Wenger and the other officer explain to D.S. why force was deployed, and D.S. responds. The government understands from defense counsel that defense counsel's position is that this conversation is relevant to show lack of willfulness on Mr. Wenger's part. However, it also consists entirely of inadmissible out-of-court statements that are being introduced for the truth of the matter asserted. *See* Fed. R. Evid. 802; *cf. See* Fed. R. Evid. 801(d)(2) (exempting from hearsay definition opposing party's statement but not party's own statement).

Objection 2: The defense visuals include the names of prospective witnesses on a series of slides, including the government's noticed expert witness, Steve Ijames. Following the government's review of defense's visuals, the government informed defense counsel that it will not be calling Mr. Ijames in its case-in-chief. The government understands from defense counsel that defense counsel still intends to inform the jury that they "may hear from" Mr. Ijames. The government objects to that reference.

DATED:      9/5/2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


_____/s/_____
ALETHEA SARGENT
ALEXANDRA SHEPARD
Assistant United States Attorneys