UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER RESOLVING GOVERNMENT OBJECTION TO DEFENSE OPENING STATEMENT DEMONSTRATIVES**<br><br>Re: Dkt. No. 560 |

Now before the Court is the Government's objection to the Defendant's intended opening statement demonstratives. The Defendant intends to show four body-worn camera videos relating to the incident described in Count 8 of the Indictment.[1] The Court heard argument on the Government's objection, and it rules as follows:

The Court "has discretion to manage opening statements." *United States v. Racion*, No. 1:20-cr-00020-JLT, 2022 WL 3908096, at *7 (E.D. Cal. Aug. 30, 2022). Courts often prohibit the showing of video evidence during opening statements because repeated playing of the videos "exalt the relevance of the videotaped evidence over other forms of evidence." *Id.* (citation omitted); *see Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-05-00334 RMW, 2008 WL 190990, at *1 (N.D. Cal. Jan. 21, 2008) (noting "court is less sanguine regarding the practice" of showing video during opening statements because repetition of videos "exalt[s] the relevance of those videotaped shreds of evidence over live testimony"); *United States v. Wells*, No. 3:13-CR-00008-SLG, 2019 WL 4196052, at *5 (D. Alaska Sept. 4, 2019) (mitigating risk of unfair prejudice by prohibiting government from showing video in opening statement).

---

[1] The parties stipulated to refer to Count 8 as "Count 2" before the jury. (Dkt. No. 478, Stipulated Verdict Form, at 2.)

The Government objects to the portions of the videos which occur after the Defendant discharged the 40 mm less lethal launcher. The defense responds that the videos are relevant and admissible. Without reaching the question of admissibility, the Court exercises its discretion to ORDER that neither party shall use any videos, or still photographs therefrom, in their opening statements. This Order prohibits the use of all videos and stills in the parties' opening statements, not merely the videos to which the Government objects. The Court further ORDERS:

With respect to Video 1, "Becerra 026-231," and Video 3, "Wenger BWC 0-239," the parties may describe (without argument), but not show, the events in the videos in their opening statements. The Court is tentatively inclined to find the videos admissible in their entirety.

With respect to Video 2, "Palma 211-308," the parties may not describe or show the video in their opening statements. The Court is tentatively inclined to find the video inadmissible under Federal Rule of Evidence 403.

With respect to Video 4, "Wenger BWC 452-657," the parties may not describe or show the video in their opening statements. The Court is tentatively inclined to find the video inadmissible under Federal Rules of Evidence 403 and 802.

**IT IS SO ORDERED.**

Dated: September 8, 2025

JEFFREY S. WHITE
United States District Judge