Kasey A. Castillo, Esq. [SBN 236690]
**KC LAW GROUP**
Mail: 31566 Railroad Canyon Road
Suite 2, PMB 1123
Canyon Lake, CA  92587
Telephone: (951) 364-3070
Email: kasey@kc-lawgroup.com

Michael D. Schwartz, Esq. [SBN 166556]
**THE MICHAEL SCHWARTZ FIRM**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, CA 90010
Telephone: (323)793-6735
Email: mds@themichaelschwartzfirm.com

*Attorneys for Defendant.*
DEVON CHRISTOPHER WENGER

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Petitioner,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>                              Respondent. | Case No.: 4:23-CR-00269-JSW<br>Judge Presiding: Hon. Jeffrey S. White<br><br>**DEFENDANT'S POCKET BRIEF In Re:**<br>**COURT ORDER, DOCKET NUMBER 574** |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

   Comes the Defendant, Devon Christopher Wenger, by and through undersigned counsel and respectfully submits his Pocket Brief pursuant to this Court's Order of September 9, 2025, Dkt. No. 574.

## SUMMARY

   At issue is defense counsel's subpoena of the Government's expert witness, Mr. Steve Ijames. The Government initially disclosed Mr. Ijames as an expert witness, informed both defense counsel and the Court of its intent to call him, and retained and compensated him for his services. However, following receipt of the defense expert report prepared by Mr. Paul Sipe, the Government advised that it no longer

intended to present Mr. Ijames in its case-in-chief. Notwithstanding the Government's change of position, the defense maintains that Mr. Ijames's testimony is directly relevant to the issues in this case and, based on his prior statements, is expected to be favorable to the defense. Accordingly, the defense seeks to secure his testimony through subpoena to ensure that the jury has the benefit of a full and fair evidentiary record.

## APPLICABLE LAW

The Sixth Amendment requires the Defendant be allowed the right to present a complete defense under the Compulsory Process. Excluding defense evidence or witnesses it chooses that are material and favorable, violates that right. "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." *Washington v. Texas*, 388 U.S. 14, 19 (1967).

Under Federal Rule 17(a) authorizes subpoenas to compel witnesses to attend and testify; Rule 17(a) authorizes subpoenas to compel witnesses to attend and a subpoena may be quashed only if compliance would be "unreasonable or oppressive."

In criminal cases, Rule 16 regulates expert disclosures. It is recognized that courts have broad latitude to regulate expert disclosures to ensure fairness once Rule 16 is triggered. Reports and results of examiners/test are discoverable under Rule 16(a)(1)(F); expert bases and reasoning fall under Rule 16(a)(1)(G). Where an expert has produced reports or test results, Rule 16(a)(1)(F) mandates disclosure; where opinions and bases exist, Rule 16(a)(1)(G) ensures the defense can prepare to examine them. Having identified and used the Mr. Ijames in the review and offering a report of his findings, the Government cannot, by declining to call the witness, foreclose the defense's examination of relevant opinions and underlying work. Ordinary evidentiary controls (Rules 401–403 and 702–705) address scope; categorical exclusion undermines the Sixth Amendment and prejudices the defense. *United States v. W.R. Grace*, 526 F.3d 499, 510–14 (9th Cir. 2008).

In the case at bar, Mr. Ijames has been a part of the process of this trial, evidenced from the disclosure and reports he shared. Question is, when will he testify? To now object to having Mr. Ijames be subpoenaed and called by the Defense when the Government has indicated it would not use Mr. Ijames is perplexing when he is available and aware of his participation in the trial. In no way, would the Government be prejudiced by Defense calling Mr. Ijames.

Defense must at least make some plausible showing of how [Mr. Ijames'] testimony would be both relevant and material to his defense. *Washington*, 14 U.S. at 23.

Mr. Ijames's testimony is both relevant and material. He is qualified to address the considerations a reasonable officer would weigh when confronting a non-compliant felony suspect, particularly in light of accepted tactics and training. In addition, he possesses specialized expertise in the field of less-lethal weapons and munitions, with a focus on the 40mm launcher and its corresponding rounds at issue in this case. His testimony will inform the Court and jury not only on the application of such munitions in the context of felony car stops, but also on their mechanics and operational function.

Moreover, Mr. Ijames can provide valuable historical and technical perspective regarding the evolution of less-lethal weaponry, including the transition from wooden projectiles to beanbag and rubber rounds, culminating in the development of the 40mm sponge round that lies at the heart of this case. For these reasons, and as further demonstrated by his curriculum vitae already before the Court, Mr. Ijames is uniquely qualified to offer expert testimony directly bearing on the issues in dispute.

Wherefore, Defense Prays that this Court will DENY the Government's request to preclude the defense from calling the expert. Enforce the defense subpoena and permit testimony limited to (1) the expert's testing, methods, observations, results, and conclusions; (2) opinions grounded in materials experts reasonably rely upon; and (3) any reports, bench notes, and data produced or required under Rule 16. Address any privilege or scope issues via targeted objections at trial.

Respectfully submitted,

Kasey A. Castillo, Esq.
CA State Bar Number: 236690
**KC LAW GROUP**
31566 Railroad Canyon Road
Suite 2, PMB 1123
Canyon Lake, CA 92587
Telephone: (951) 364-3070
Email: kasey@kc-lawgroup.com

>   _____/s/_____
>   Michael D. Schwartz, Esq.
>   CA State Bar Number: 166556
>   **THE MICHAEL SCHWARTZ FIRM**
>   3580 Wilshire Boulevard, Suite 1260
>   Los Angeles, CA 90010
>   Telephone: (323)793-6735
>   Email: mds@themichaelschwartzfirm.com
>
>   *Attorneys for Defendant,*
>   DEVON CHRISTOPHER WENGER

DEFENDANT'S POCKET BRIEF In Re COURT ORDER