# EXHIBIT A

09:28:19  1          IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                    OAKLAND DIVISION

4

5    UNITED STATES OF AMERICA,        )   CR-23-469-JSW-1
                                      )   CR-23-469-JSW-2
6                    PLAINTIFF,       )
                                      )   OAKLAND, CALIFORNIA
7         VS.                         )
                                      )   FEBRUARY 10, 2025
8    MORTEZA AMIRI AND DEVON          )
     CHRISTOPHER WENGER,              )   PAGES 1-47
                                      )
9                    DEFENDANTS.      )
                                      )
10   _____ )

11                 TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE JEFFREY S. WHITE
12                UNITED STATES DISTRICT JUDGE

13

14   A P P E A R A N C E S:

15   FOR THE GOVERNMENT:    BY:  AJAY K KRISHNAMURTHY
                                 ALEXANDRA SHEPARD
16                               ERIC CHENG
                            U.S. ATTORNEY'S OFFICE
17                          NORTHERN DISTRICT OF CALIFORNIA
                            450 GOLDEN GATE AVENUE, 11TH FLOOR
18                          SAN FRANCISCO, CA 94102

19   FOR THE GOVERNMENT:    BY:  ALETHEA M. SARGENT
                            U.S. ATTORNEY'S OFFICE
20                          NORTHERN DISTRICT OF CALIFORNIA
                            1301 CLAY STREET, #340S
21                          OAKLAND, CA 94612

22               APPEARANCES CONTINUED ON NEXT PAGE

23

     REPORTED REMOTELY BY:       SUMMER FISHER, CSR, CRR
24                               CERTIFICATE NUMBER 13185

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER

1    APPEARANCES (CONT.'D):

2    FOR THE DEFENDANT:    BY:  PAUL Q. GOYETTE
     AMIRI                     JANELLE CRANDELL
3                          GOYETTE, RUANO & THOMPSON
                          2366 GOLD MEADOW WAY, SUITE 200
4                          GOLD RIVER, CA 95670

5

     FOR THE DEFENDANT:    BY:  NICOLE RACHEL CASTRONOVO
6    WENGER                SEKI, NISHIMURA & WATASE, PLC
                          600 WILSHIRE BLVD., SUITE 1250
7                          LOS ANGELES, CA 90017

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              SAN JOSE, CALIFORNIA              FEBRUARY 10, 2025

 2                        P R O C E E D I N G S

 3              (COURT CONVENED AT 9:35 A.M.)

 4              THE CLERK:  CALLING CRIMINAL CASE 23-469-JSW-1,

 5      23-469-JSW-2.  USA VERSUS MORTEZA AMIRI, U.S. VERSUS DEVON

 6      CHRISTOPHER WENGER.

 7              PARTIES, PLEASE STEP FORWARD AND STATE YOUR APPEARANCES.

 8              MR. KRISHNAMURTHY:  GOOD MORNING.

 9          AJAY KRISHNAMURTHY, ALETHEA SARGENT, ERIC CHENG AND

10      ALEX SHEPARD FOR THE UNITED STATES.

11              THE COURT:  GOOD MORNING.

12              MS. LOPES:  GOOD MORNING.

13          NICOLE LOPES ON BEHALF OF DEVON WENGER.

14              THE COURT:  GOOD MORNING.

15              MS. CRANDELL:  GOOD MORNING, YOUR HONOR.

16          JANELLE CRANDELL ON BEHALF OF MR. MORTEZA AMIRI.

17              THE COURT:  GOOD MORNING.

18              MR. GOYETTE:  GOOD MORNING, YOUR HONOR.

19          PAUL GOYETTE ON BEHALF OF MORTEZA AMIRI.

20              THE COURT:  GOOD MORNING.

21          COUNSEL, YOU MAY BE SEATED.  IF I NEED TO HAVE YOU ADDRESS

22      THE COURT, I WILL CERTAINLY LET YOU KNOW.

23          SO THOSE OF YOU WHO MAY NOT HAVE BEEN AWARE OR ARE NOT

24      AWARE OF HOW THE COURT CONDUCTS ITS PRETRIAL CONFERENCES AND

25      WHAT IT SEEKS TO ACHIEVE IN THESE CONFERENCES, THIS CONFERENCE
```

The timestamps in the left margin are:
09:35:36, 09:35:42, 09:35:51, 09:35:51, 09:35:54, 09:35:57, 09:35:58, 09:35:59, 09:36:00, 09:36:02, 09:36:03, 09:36:05, 09:36:07, 09:36:10, 09:36:11, 09:36:12, 09:36:15, 09:36:15, 09:36:18, 09:36:22, 09:36:27, 09:36:33

09:36:38  1    IS INTENDED TO BE AS SUBSTANTIVE AS POSSIBLE IN ORDER TO

09:36:41  2    RESOLVE AS MANY ISSUES AS POSSIBLE PRIOR TO TRIAL SO AS NOT TO

09:36:47  3    TAKE UP OR WASTE ANY OF THE JURY'S TIME.

09:36:52  4         SO THAT BECAUSE THE COURT REQUIRES IN ITS LOCAL STANDING

09:36:56  5    ORDERS, SUBSTANTIAL SUBMISSIONS WHICH THE COURT HAD THE

09:37:03  6    OPPORTUNITY TO CONSIDER, THIS WILL BE MORE OF A SOLILOQUY THAN

09:37:09  7    A COLLOQUY.

09:37:11  8         AND SO FIRST OF ALL, THE COURT DIRECTS THE PARTIES TO

09:37:15  9    REVIEW THE COURT'S GUIDELINES FOR TRIAL IN CRIMINAL CASES

09:37:21  10   BEFORE TRIAL.  AND THE COURT REMINDS THE PARTIES THAT CIVILITY

09:37:27  11   IS PARTICULARLY IMPORTANT IN FRONT OF THE COURT, BUT ESPECIALLY

09:37:30  12   IN FRONT OF THE JURY.  WE DO NOT WANT ANY SIDE COMMENTS OR

09:37:38  13   SPEAKING OBJECTIONS, AND I WILL TALK ABOUT THAT LATER ON IN THE

09:37:41  14   PROCEEDINGS.

09:37:43  15        I WANT TO SORT OF START REVERSE CHRONOLOGICAL ORDER WITH

09:37:50  16   THE MOST RECENT FILING THAT WAS FILED BY MR. WENGER'S COUNSEL

09:37:58  17   WHICH IS A DEMAND FOR INSPECTION OF -- AN IN CAMERA INSPECTION

09:38:02  18   OF THE ENTIRE PROSECUTION'S FILE.

09:38:05  19        LET ME ASK MR. KRISHNAMURTHY, HAVE YOU SEEN THAT YET?

09:38:09  20        MR. KRISHNAMURTHY:  WE HAVE NOT.  WE WERE NOT SERVED

09:38:12  21    WITH THAT.

09:38:13  22        THE COURT:  ALL RIGHT.  HAVE A SEAT.

09:38:16  23        OBVIOUSLY I'M NOT GOING TO REQUIRE YOU TO RESPOND TO

09:38:21  24   SOMETHING YOU HAVEN'T SEEN, MUCH LESS SOMETHING EVEN IF YOU HAD

09:38:24  25    SEEN IT, IT WOULD HAVE BEEN AT A VERY LATE DATE.

09:38:26  1          SO JUST FOR THE RECORD, AS I MENTION, THE COURT HAS

09:38:29  2      RECEIVED A DEMAND FROM DEFENDANT WENGER FOR THE COURT TO

09:38:33  3      CONDUCT AN IN CAMERA REVIEW OF THE PROSECUTION FILE TO ENSURE

09:38:38  4      IT HAS COMPLIED WITH ITS BRADY OBLIGATIONS.

09:38:43  5          FIRST OF ALL, COUNSEL FOR MR. WENGER SHOULD FILE THE

09:38:45  6      MOTION ON THE DOCKET SO THAT IT MAY BE PRESERVED FOR THE

09:38:52  7      RECORD.  HOWEVER, AND I WILL TALK ABOUT THIS MORE AS WE GO

09:38:57  8      FORWARD BECAUSE THIS SEEMS TO BE A CONTINUING PROBLEM, COUNSEL

09:39:00  9      SHOULD NOTE THAT THESE ITERATIVE AND LATE BREAKING MOTIONS ARE

09:39:04 10      DISRUPTIVE AND INAPPROPRIATE.  AND ONCE AGAIN, COUNSEL'S

09:39:08 11      CONTENTION OF FACTS ARE NOT APPROPRIATELY SUPPORTED BY A

09:39:13 12      DECLARATION OR AFFIDAVIT AS REQUIRED.

09:39:17 13          THE COURT WILL NOT REVIEW THE PROSECUTION'S FILE IN

09:39:20 14      CAMERA.  BRADY IS NOT A DISCOVERY TOOL, IT IS AN OBLIGATION

09:39:24 15      IMPOSED ON THE PROSECUTION TO TURN OVER EXCULPATORY EVIDENCE.

09:39:30 16          NOW THAT SAID, LET ME JUST ASK SINCE I HAVE GOVERNMENT

09:39:33 17      COUNSEL HERE, HAS THE GOVERNMENT COMPLIED WITH ITS OBLIGATIONS

09:39:40 18      UNDER BRADY AND GIGLIO?

09:39:44 19              MR. KRISHNAMURTHY:  WE HAVE AND WE CONTINUE TO

09:39:47 20      GENERATE INFORMATION, WE WILL CONTINUE TO DO SO.

09:39:50 21              THE COURT:  ALL RIGHT.  THANK YOU.

09:39:52 22          AND SO I WOULD -- TO THE EXTENT THAT DEFENSE COUNSEL

09:39:58 23      BELIEVES THAT PROSECUTION HAS EVIDENCE OR HAS THE ABILITY TO

09:40:05 24      OBTAIN EVIDENCE SUCH THAT IT'S CONSTRUCTIVELY IN THE

09:40:09 25      GOVERNMENT'S POSSESSION UNDER APPLICABLE LAW, IT SHOULD MEET

09:40:14  1    AND CONFER WITH GOVERNMENT COUNSEL AND DISCUSS WITH THEM

09:40:20  2    PERHAPS WHAT THE SUBSTANCE OF THEIR MOTION AND WHETHER THE

09:40:23  3    GOVERNMENT HAS SUCH A THING, AND THEN REMEMBER AGAIN BRADY IS

09:40:27  4    NOT A DISCOVERY TOOL, IT'S AN OBLIGATION IMPOSED ON THE

09:40:32  5    GOVERNMENT AND THERE ARE SEVERE REMEDIES THAT ARE AVAILABLE TO

09:40:38  6    THE COURT, SHOULD THAT BE VIOLATED.

09:40:41  7          SO I'M GOING TO LEAVE IT AT THAT.  I WILL NOT CONDUCT AN

09:40:45  8    IN CAMERA REVIEW OF THE GOVERNMENT'S FILE.  SO THAT'S ALL I'M

09:40:50  9    GOING TO SAY ON THAT SUBJECT RIGHT NOW.

09:40:52  10         AGAIN, JUST TO REITERATE, THE LAST THING WOULD BE I URGE

09:40:55  11   DEFENSE COUNSEL TO HAVE A DISCUSSION WITH GOVERNMENT COUNSEL

09:40:58  12   ABOUT WHAT THEY THINK THEY ARE MISSING SO THAT THE GOVERNMENT

09:41:02  13   DOESN'T INADVERTENTLY -- DOESN'T INADVERTENTLY FAIL TO DISCLOSE

09:41:09  14   INFORMATION THAT IT WOULD IF IT WAS AWARE OF IT, WOULD COMPLY

09:41:17  15   WITH -- FURTHER COMPLY WITH ITS BRADY OBLIGATIONS.  I'M GOING

09:41:20  16   TO LEAVE IT AT THAT.

09:41:21  17         NOW I'M GOING TO TALK ABOUT THE PARTIES' PROPOSED PRETRIAL

09:41:25  18   ORDER.  BOTH DEFENDANTS ADOPT THE GOVERNMENT'S WITNESS LIST AND

09:41:32  19   RESERVE THE RIGHT TO SUPPLEMENT OR MODIFY THE LIST.  AS A

09:41:37  20   REMINDER, PER THE COURT'S STANDING ORDERS, DEFENSE WITNESSES

09:41:41  21   WHO ARE NOT TRUE REBUTTAL WITNESSES ARE CONSIDERED PART OF THE

09:41:44  22   DEFENDANT'S CASE IN CHIEF AND MUST BE DISCLOSED.  REBUTTAL

09:41:48  23   EXPERTS MUST ALSO BE DISCLOSED IN ACCORDANCE WITH THE COURT'S

09:41:54  24   STANDING RULES AND THE FEDERAL RULES OF CRIMINAL PROCEDURE.

09:41:58  25         IF THE DEFENDANTS SEEK TO ADD ADDITIONAL WITNESSES WHO

09:42:02  1    HAVE NOT BEEN DISCLOSED, THE COURT WILL REQUIRE THE DEFENDANTS

09:42:07  2    TO SHOW GOOD CAUSE FOR ALLOWING THE SUPPLEMENTATION OF THEIR

09:42:13  3    WITNESS LIST.  WE ARE NOT GOING TO BE INVOLVED IN A TRIAL BY

09:42:16  4    AMBUSH HERE.

09:42:19  5         THE NEXT THING I WANT TO TALK ABOUT IS THE TRIAL AND THE

09:42:23  6    SCHEDULE, AND FIRSTLY, THE LENGTH OF TRIAL.  ALTHOUGH THE COURT

09:42:27  7    DOES NOT IMPOSE TIME LIMITS IN CRIMINAL TRIALS, THE COURT IS

09:42:32  8    RESERVING TIME COMMENSURATE WITH THE PARTIES' ESTIMATES, THE

09:42:36  9    PARTIES SHOULD LET THE COURT KNOW AS SOON AS POSSIBLE IF THEY

09:42:40  10   WOULD NEED ADDITIONAL TIME.

09:42:42  11        LET ME ASK GOVERNMENT COUNSEL FIRST, SINCE THE RESPONSE TO

09:42:49  12   THE COURT'S ORDER WITH RESPECT TO SCHEDULING, HAS THERE BEEN

09:42:53  13   ANY CHANGE IN THE GOVERNMENT'S ESTIMATE?

09:42:55  14             MR. KRISHNAMURTHY:  NO.

09:42:56  15             THE COURT:  FROM THE DEFENSE PERSPECTIVE, HAS THERE

09:42:58  16   BEEN ANY CHANGE IN YOUR ESTIMATES OF THE LENGTH OF THE CASE AS

09:43:03  17   IT RELATES TO THE WHOLE CASE AS WELL AS ANY CASE THE DEFENDANTS

09:43:07  18   CHOOSE TO PUT ON?

09:43:08  19             MS. CRANDELL:  ON BEHALF OF MR. AMIRI, NO.

09:43:10  20             THE COURT:  AND ON BEHALF OF MR. WENGER?

09:43:13  21             MS. LOPES:  NO.

09:43:13  22             THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.

09:43:16  23        LET'S TALK ABOUT SCHEDULE NOW BECAUSE WE ARE GOING TO DO

09:43:19  24   SOMETHING A LITTLE BIT DIFFERENT FROM THE WAY THE COURT

09:43:21  25   NORMALLY HANDLES THIS CASE BECAUSE THE COURT HAS OTHER MATTERS

09:43:26  1    AND AVAILABILITY ISSUES LATE IN MARCH AND I WANT TO MAKE SURE

09:43:30  2    THAT COMMENSURATE WITH DUE PROCESS, THIS CASE GETS DONE IN TIME

09:43:34  3    FOR ALL OF THAT.

09:43:35  4        SO FOR THIS CASE, WE WILL SIT MONDAY, WEDNESDAY, THURSDAY

09:43:39  5    AND FRIDAY FROM 8:00 A.M. TO 4:30 P.M. AND ON TUESDAYS FROM

09:43:47  6    8:00 A.M. TO 12:15 IN ORDER TO ACCOMMODATE THE COURT'S

09:43:51  7    CRIMINAL -- REGULAR CRIMINAL CALENDAR.

09:43:55  8        ON MONDAY, MARCH 24TH, WE WILL ADJOURN AT 1:00 P.M. TO

09:43:59  9    GIVE THE GOVERNMENT AND MR. WENGER A BREAK BEFORE THE PRETRIAL

09:44:05  10   CONFERENCE IN THE -268 CASE SO THAT YOU HAVE A LITTLE BIT OF

09:44:10  11   BREATHING ROOM THERE AND THE COURT DOES AS WELL.

09:44:14  12        COUNSEL SHALL ARRIVE BY 7:30 A.M. EVERY TRIAL DAY, AT THE

09:44:19  13   LATEST, TO ADDRESS MATTERS, IF ANY, OUTSIDE OF THE PRESENCE OF

09:44:23  14   THE JURY.

09:44:24  15        WE RESERVE THAT TIME BEFORE THE JURY COMES IN AND ALSO

09:44:29  16   AFTER THE CLOSE OF BUSINESS TO DEAL WITH THOSE KINDS OF

09:44:34  17   MATTERS.  I WILL SAY THAT ON THE DAYS WE ARE SITTING AT 4:30,

09:44:38  18   THERE'S PROBABLY NOT GOING TO BE AN AWFUL LOT OF TIME IN

09:44:42  19   DEFERENCE TO COURT'S STAFF AND THE COURT REPORTER, TO DO ANY

09:44:44  20   BUSINESS, SO MOST OF IT WILL BE DONE BEFORE THE JURY COMES IN.

09:44:53  21        NOW I'M GOING TO TALK ABOUT OPENING STATEMENTS.  I WOULD

09:44:55  22   LIKE TO ASK THE GOVERNMENT OR THE PARTIES, STARTING WITH THE

09:44:58  23   GOVERNMENT, HOW MUCH TIME THE PARTIES REQUEST FOR OPENING

09:45:01  24   STATEMENT?

09:45:03  25        MR. KRISHNAMURTHY:  WE ANTICIPATE THE GOVERNMENT'S

09:45:05  1     OPENING STATEMENT WILL BE 30 TO 45 MINUTES.

09:45:08  2           THE COURT:  VERY WELL.

09:45:08  3        AND FROM THE DEFENDANT'S PERSPECTIVE?

09:45:12  4           MR. GOYETTE:  ON BEHALF OF MR. AMIRI, I'M ALSO

09:45:15  5     EXPECTING APPROXIMATELY 30 MINUTES.

09:45:16  6           THE COURT:  AND ON BEHALF OF MR. WENGER?

09:45:18  7           MS. LOPES:  APPROXIMATELY 25 TO 30 MINUTES.

09:45:21  8           THE COURT:  OKAY.  THANK YOU, YOUR HONOR.

09:45:25  9        THE PARTIES' OPENING STATEMENTS, THIS NEEDS NOT BE SAID

09:45:28  10    BUT I WILL SAY IT ANYWAY, I FIND OCCASIONALLY THAT COUNSEL

09:45:31  11    FORGETS THIS OR DOESN'T COMPLY, THE PARTIES' OPENING STATEMENT

09:45:36  12    SHALL BE CONFINED TO EXPECTED CONTENTS OF WITNESS'S TESTIMONY

09:45:38  13    AND EXHIBITS THAT THEY REASONABLY BELIEVE WILL BE ADMITTED.

09:45:42  14    THE PARTIES ARE NOT TO BE ARGUMENTATIVE OR TO SUGGEST

09:45:45  15    INFERENCES THAT THEY WOULD LIKE THE JURY TO MAKE FROM THE

09:45:49  16    EVIDENCE.

09:45:49  17        I THINK AS A MATTER OF TRIAL PRACTICE, SKILLS, IT'S A BAD

09:45:55  18    HABIT OR BAD IDEA TO DO THAT ANYWAY BUT I DON'T ALLOW IT

09:45:58  19    BECAUSE IT'S NOT APPROPRIATE FOR OPENING STATEMENT.

09:46:01  20        THE COURT WILL REQUIRE THE PARTIES TO EXCHANGE THEIR

09:46:05  21    OPENING STATEMENT, DEMONSTRATIVE AIDS, IF ANY, BY THE CLOSE OF

09:46:09  22    BUSINESS ON THE THURSDAY BEFORE TRIAL AND FILE ANY OBJECTIONS

09:46:13  23    WITH THE COURT BY 4:00 P.M. ON THE FRIDAY BEFORE THE TRIAL.  BY

09:46:20  24    TRIAL, I MEAN THAT THE OPENING STATEMENTS AND THE TESTIMONY,

09:46:22  25    ET CETERA, NOT JURY SELECTION.

09:46:31  1      NOW I'M GOING TO TALK ABOUT MOTIONS IN LIMINE.  UNLESS I

09:46:33  2  HAVE SPECIFIC QUESTIONS, I WILL NOT PERMIT FURTHER ARGUMENT ON

09:46:37  3  THE MOTION, THERE WILL BE NO FURTHER WRITTEN RULINGS ON THE

09:46:41  4  MOTIONS REGARDING MOTIONS IN LIMINE.  MY RULINGS ON MOTIONS IN

09:46:43  5  LIMINE, THE EFFECT OF THOSE RULINGS, WILL BE THE LAW OF THIS

09:46:50  6  CASE.  I KNOW THE LAW OF THE CASE DOCTRINE IS AN APPELLATE

09:46:53  7  DOCTRINE, BUT EFFECTIVELY IT'S ALSO THE LAW OF THE CASE FOR THE

09:47:00  8  TRIAL; THEREFORE WHAT FLOWS FROM THAT IS THAT IF ANY PARTY

09:47:04  9  BELIEVES THAT THE OPPOSING PARTY HAS VIOLATED THE COURT'S

09:47:07  10  RULING OR ACTED IN A MANNER THAT REQUIRES THE COURT TO REVISIT

09:47:10  11  THE IN LIMINE RULING, THAT PARTY SHOULD NOT ENGAGE IN SELF-HELP

09:47:15  12  AND SAY TO THEMSELVES OR TO OTHERS, HEY, WE THINK THE OTHER

09:47:19  13  SIDE OPENED THE DOOR AND I'M GOING TO THEREFORE WALK IN AND

09:47:23  14  PRODUCE EVIDENCE THAT WOULD HAVE OTHERWISE BEEN EXCLUDABLE.

09:47:27  15      IF YOU FEEL THAT THAT'S THE CASE, YOU SHOULD ASK --

09:47:30  16  COUNSEL SHOULD ASK THE COURT TO APPROACH FOR SIDEBAR, AND IF I

09:47:36  17  INQUIRE, SIMPLY STATE THAT HE OR SHE WISHES TO ADDRESS AN ISSUE

09:47:41  18  RAISED AT THE PRETRIAL CONFERENCE AND THEN I WILL HEAR ARGUMENT

09:47:44  19  OUTSIDE OF THE PRESENCE OF THE JURY AND DETERMINE WHETHER OR

09:47:48  20  NOT THE DOOR HAS BEEN OPENED TO RECONSIDERING ANY IN LIMINE

09:47:53  21  RULING.

09:47:54  22      NOW I'M GOING TO GO TO THE SPECIFIC IN LIMINE MOTIONS AND

09:48:01  23  THE COURT'S RULING WITH RESPECT TO THOSE.

09:48:03  24      SO THE FIRST ONE IS THE MOTION TO ADMIT EVIDENCE, AND

09:48:09  25  THESE ARE THE GOVERNMENT'S MOTION'S FIRST WHICH TRADITIONALLY

09:48:13  1    THE COURT RULES ON FIRST.

09:48:14  2        THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE WHICH IS

09:48:17  3    INEXTRICABLY INTERTWINED AND/OR PURSUANT TO FEDERAL RULE OF

09:48:21  4    EVIDENCE SECTION 404(B).

09:48:23  5        IN RESOLVING THIS MOTION, THE COURT DID NOT CONSIDER AND

09:48:28  6    WILL NOT CONSIDER THE UNAUTHORIZED SUPPLEMENTAL BRIEF FILED BY

09:48:33  7    COUNSEL FOR MR. WENGER AT DOCKET NUMBER 294.

09:48:38  8        PARAGRAPH 6(G) OF THE COURT'S STANDING ORDERS FOR CRIMINAL

09:48:41  9    CASES REQUIRES OPPOSITIONS TO MOTIONS IN LIMINE TO BE SERVED ON

09:48:46  10   OPPOSING COUNSEL 20 DAYS BEFORE THE PRETRIAL CONFERENCE AND

09:48:49  11   FILED WITH THE COURT 14 DAYS BEFORE THE PRETRIAL CONFERENCE.

09:48:55  12       MS. CASTRONOVO FILED THE SUPPLEMENTAL BRIEF ONLY FOUR DAYS

09:49:01  13   BEFORE THE PRETRIAL CONFERENCE, SO THE COURT WILL NOT AND DOES

09:49:04  14   NOT CONSIDER IT.

09:49:06  15       THE SAME PARAGRAPH OF THE COURT'S STANDING ORDERS PLACES

09:49:09  16   STRICT LIMITS ON THE NUMBER AND LENGTH OF BRIEFS AND REQUIRES

09:49:13  17   LEAVE TO DEVIATE FROM THOSE LIMITS.  THE COURT DOES NOT PERMIT

09:49:18  18   REPLY BRIEFING.  BY FILING A SUPPLEMENTAL BRIEF OUT OF TIME AND

09:49:24  19   OUT OF LEAVE OF COURT, MS. CASTRONOVO VIOLATED THESE LIMITS,

09:49:28  20   AND THE COURT DOES NOT TAKE THAT VIOLATION LIGHTLY.

09:49:31  21       THIS IS NOT THE FIRST TIME THAT COUNSEL, MS. CASTRONOVO,

09:49:34  22   HAS FILED BRIEFS ON MOTIONS NOT PERMITTED BY THE COURT'S ORDERS

09:49:38  23   OR PROCEDURES.  THIS IS NOT THE FIRST TIME THAT THE COURT HAS

09:49:41  24   DECLINED TO CONSIDER OR EVEN STRUCK A FILING BY MS. CASTRONOVO.

09:49:47  25       IT IS INAPPROPRIATE TO CLUTTER THE DOCKET WITH EXTRANEOUS

```
09:49:51  1    FILINGS INSTEAD OF MAKING ARGUMENTS IN THE FORM AND PROCESS
09:49:56  2    CONTEMPLATED AND REQUIRED BY THE COURT'S ORDERS AND RULES OF
09:49:59  3    PROCEDURE.  IT IS UNFAIR TO THE OTHER PARTIES, IT BOGS DOWN THE
09:50:03  4    COURT AND CAUSES DELAYS WHICH THE COURT DOES NOT APPRECIATE.
09:50:09  5         THE COURT HEREBY ADMONISHES MS. CASTRONOVO AND MR. WENGER
09:50:14  6    AND WARNS THAT FURTHER SUCH FILINGS, MEANING FILINGS NOT
09:50:17  7    ALLOWED BY THE FEDERAL RULES, BY THIS COURT'S STANDING ORDERS
09:50:20  8    OR OTHERWISE NOT AUTHORIZED BY A LEAVE OF COURT, WILL RESULT IN
09:50:23  9    AN ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED,
09:50:27 10    INCLUDING MONETARY SANCTIONS, ON EITHER OR BOTH MS. CASTRONOVO
09:50:31 11    AND/OR MR. WENGER.
09:50:36 12         TO THE GOVERNMENT, I HAVE A QUESTION, HOW MUCH TIME DOES
09:50:39 13    THE GOVERNMENT ESTIMATE IT WILL TAKE TO INTRODUCE EVIDENCE
09:50:42 14    ABOUT THE INCIDENCE REFERENCED IN THE GOVERNMENT'S MOTIONS IN
09:50:50 15    LIMINE TO ADMIT THIS EVIDENCE THAT I'VE DESCRIBED?
09:50:53 16         MR. KRISHNAMURTHY:  SO THE FORM OF THE EVIDENCE FOR
09:50:54 17    EACH OF THE INCIDENTS IS GOING TO BE SLIGHTLY DIFFERENT.  I
09:50:59 18    DON'T HAVE AN ESTIMATE OF ALL OF THIS TOGETHER BUT I WILL SAY
09:51:03 19    THAT WE ARE STILL INCLUDING THIS EVIDENCE COMFORTABLY WITHIN
09:51:08 20    THE INITIAL ESTIMATE THAT WE PROVIDED THE COURT.
09:51:11 21         THE COURT:  WELL THE REASON I ASK THE QUESTION,
09:51:13 22    COUNSEL, IS THAT AS YOU KNOW, ONE OF THE -- THE COURT ALWAYS
09:51:19 23    HAS DISCRETION UNDER RULE 403 TO EXCLUDE EVIDENCE BASED UPON
09:51:27 24    WASTING COURT RESOURCES OR IMPOSING TOO MUCH TIME FOR IT.
09:51:32 25         AND SO ONE OF THE BALANCING TESTS THAT THE COURT CONSIDERS
```

09:51:36  1    IS ESSENTIALLY TAKING AS A CORE, OR SEPARATELY THIS EXTRA, I

09:51:41  2    WILL CALL IT EXTRA EVIDENCE FOR EASE OF CHARACTERIZATION,

09:51:45  3    VERSUS THE CORE EVIDENCE AND DETERMINING.

09:51:48  4        SO FOR EXAMPLE, IF IT WAS 50/50 OR EVEN 70/30, 30 PERCENT

09:51:55  5    BEING THE EXTRA, THE COURT MIGHT USE THAT AS A ONE FACTOR TO

09:51:59  6    DETERMINE IN WHETHER TO EXERCISE ITS DISCRETION UNDER 403.  SO

09:52:05  7    WITH THAT IN MIND, ARE YOU TELLING ME YOU STILL DON'T HAVE SUCH

09:52:08  8    AN ESTIMATE?

09:52:09  9            MR. KRISHNAMURTHY:  PERHAPS I COULD GO THROUGH EACH

09:52:11  10   ONE AND DESCRIBE FOR THE COURT WHAT EVIDENCE AND HOW LONG IT

09:52:13  11   WILL TAKE.

09:52:14  12           THE COURT:  ALL RIGHT.  BRIEFLY, PLEASE DO THAT.

09:52:16  13           MR. KRISHNAMURTHY:  SURE.

09:52:18  14       SO FOR THE JULY 7, 2019 ARREST, WE ANTICIPATE PLAYING A

09:52:22  15   BRIEF VIDEO OF ABOUT FIVE MINUTES AND HAVING TESTIMONY FROM A

09:52:26  16   WITNESS WHO WILL ALREADY BE TESTIFYING ABOUT TEN MINUTES ABOUT

09:52:30  17   THIS.

09:52:31  18           THE COURT:  SO 15 MINUTES TOTAL?

09:52:33  19           MR. KRISHNAMURTHY:  CORRECT.

09:52:33  20           THE COURT:  ALL RIGHT.

09:52:37  21           MR. KRISHNAMURTHY:  FOR THE OCTOBER 2019 ARREST, WE

09:52:40  22   ANTICIPATE HAVING BRIEF TESTIMONY OF ABOUT FIVE MINUTES FROM A

09:52:43  23   WITNESS WHO WILL ALREADY BE TESTIFYING.

09:52:48  24       FOR THE JANUARY 3RD, 2020 ARREST, WE ANTICIPATE ABOUT TEN

09:52:52  25   MINUTES OF TESTIMONY FROM A WITNESS WHO WILL ALREADY BE

09:52:57  1    TESTIFYING, AS WELL AS PERHAPS TEN MINUTES OF TEXT MESSAGES.

09:53:10  2          FOR THE AUGUST 22ND, 2020 ARREST, WE ANTICIPATE ABOUT A

09:53:15  3    TEN-MINUTE VIDEO AS WELL AS ABOUT FIVE MINUTES OF TEXT

09:53:21  4    MESSAGES.

09:53:25  5          AND FOR THE JANUARY 26TH, 2022 ARREST, WE ANTICIPATE ABOUT

09:53:36  6    TEN MINUTES OF TESTIMONY FROM A WITNESS WHO WILL ALREADY BE

09:53:41  7    TESTIFYING, AS WELL AS ABOUT FIVE MINUTES OF TEXT MESSAGES.

09:53:57  8          THE COURT:  SO THE COURT'S ANALYSIS, WHICH I WILL

09:54:03  9    TAKE UNDER ADVISEMENT AT THIS POINT, I'M GOING TO DOUBLE THAT

09:54:05  10   TIME, AGAIN WITHOUT LIMITING THE DEFENSE IN ITS

09:54:11  11   CROSS-EXAMINATION, BUT JUST FOR PURPOSES OF CALCULATION, TO

09:54:15  12   DOUBLE THAT TIME THAT THE GOVERNMENT JUST ESTIMATED TO INCLUDE

09:54:20  13   ANY POTENTIAL CROSS-EXAMINATION, WITH THE NOTION THAT THE

09:54:27  14   DEFENSE IS OBVIOUSLY LIMITED.

09:54:31  15         SO THE QUICK ESTIMATE, AGAIN I WAS RUNNING DOWN AND

09:54:33  16   CALCULATING, IT WAS ABOUT AN HOUR AND TEN MINUTES, SO THAT WILL

09:54:38  17   BE TWO HOURS AND TWENTY MINUTES TOTAL WITH CROSS-EXAMINATION.

09:54:40  18         SO I WILL TAKE THAT UNDER ADVISEMENT AND THAT WILL BE

09:54:46  19   SUBJECT TO -- THAT WILL MAKE THE RULINGS THAT I'M ABOUT TO MAKE

09:54:51  20   SUBJECT TO MY CONSIDERATION OF A 403 SITUATION, ESPECIALLY IF

09:54:54  21   AS THE TRIAL EVOLVES IT BECOMES -- WE GET INVOLVED IN MINI

09:54:58  22   TRIALS ON THESE OTHER ISSUES, THEN I WILL RECONSIDER.

09:55:04  23         SO HERE'S THE SPECIFIC RULING:  SO THE MOTION, I WILL SAY

09:55:09  24   AS A GENERAL MATTER, IS GRANTED.  THE GOVERNMENT'S MOTION TO

09:55:13  25   ADMIT EVIDENCE IS GRANTED IN PART, AS FOLLOWS:

09:55:15  1          THE COURT FINDS THAT THE INCIDENTS IN OCTOBER 2019 AND

09:55:21  2    JANUARY 3RD, 2020, ON AUGUST 22ND, 2020 AND ON JANUARY 26, 2022

09:55:30  3    ARE INTRINSIC TO THE CONSPIRACY CHARGE.  ALL APPEAR TO INVOLVE

09:55:35  4    THE USE OF EXCESSIVE FORCE AND COMMUNICATION BRAGGING ABOUT THE

09:55:39  5    SAME BETWEEN ONE OR BOTH OF THE DEFENDANTS AND OTHER OFFICERS.

09:55:43  6    SO THOSE ARE ADMITTED.

09:55:45  7          THE GOVERNMENT HAS NOT DEMONSTRATED, HOWEVER, THAT THE

09:55:49  8    JULY 7, 2019 ARREST BY MR. WENGER IS INTRINSIC TO THE ALLEGED

09:55:55  9    CONSPIRACY, AND THE COURT WILL THEREFORE NOT ADMIT THAT UNDER

09:55:59  10   THE INEXTRICABLY INTERTWINED CONCEPT BUT WILL CONSIDER -- WILL

09:56:04  11   EVALUATE THE EVIDENCE UNDER RULE 404(B).

09:56:09  12         NOW THE NINTH CIRCUIT IMPOSES A FOUR-PART TEST TO

09:56:14  13   DETERMINE WHETHER OTHER EVIDENCE MAY BE ADMITTED.  "SUCH

09:56:17  14   EVIDENCE MAY BE ADMITTED IF:

09:56:19  15         ONE, THE EVIDENCE TENDS TO PROVE A MATERIAL POINT.

09:56:23  16         TWO, THE OTHER ACT IS NOT TOO REMOTE IN TIME.

09:56:26  17         THREE, THE EVIDENCE IS SUFFICIENT TO SUPPORT A FINDING

09:56:31  18   THAT DEFENDANT COMMITTED THE OTHER ACT.

09:56:33  19         AND FOUR, IN CERTAIN CASES, THE ACT IS SIMILAR TO THE

09:56:36  20   OFFENSE CHARGED."

09:56:38  21         AND I'M QUOTING THERE, UNITED STATES V. BAILEY, 696 F.3D,

09:56:44  22   794 AT 799, 2012.

09:56:49  23         TO PROVE MATERIALITY, THE GOVERNMENT "MUST ARTICULATE

09:56:53  24   PRECISELY THE EVIDENTIAL HYPOTHESIS BY WHICH A FACT OF

09:56:59  25   CONSEQUENCE MAY BE INFERRED FROM THE OTHER ACTS'S EVIDENCE."

09:57:04  1    MEANING, "THE GOVERNMENT MUST PROVE A LOGICAL CONNECTION

09:57:08  2    BETWEEN THE KNOWLEDGE GAINED AS A RESULT OF THE COMMISSION OF

09:57:11  3    THE PRIOR ACT AND THE KNOWLEDGE AT ISSUE IN THE CHARGED ACT."

09:57:16  4        AND FOR THAT THE COURT IS CITING THE NINTH CIRCUIT CASE OF

09:57:19  5    UNITED STATES V. MAYANS, M-A-Y-A-N-S.  17 F.3D, 1174 AT 1181

09:57:28  6    THROUGH 82, DECIDED IN 1994.

09:57:31  7        THE COURT WILL PERMIT EVIDENCE REGARDING THE REMEDIAL

09:57:35  8    TRAINING MR. WENGER UNDERTOOK FOLLOWING THE ARREST AS EVIDENCE

09:57:39  9    OF MR. WENGER'S KNOWLEDGE OR INTENT IN THE CHARGED CONDUCT.

09:57:44  10       THE GOVERNMENT HAS DEMONSTRATED A DIRECT CONNECTION

09:57:46  11   BETWEEN THE REMEDIAL TRAINING AND MR. WENGER'S KNOWLEDGE OR

09:57:50  12   INTENT IN LATER ALLEGED MISCONDUCT, INCLUDING THE -- HIS

09:57:55  13   PARTICIPATION IN THE ALLEGED CONSPIRACY AND IN THE ALLEGED USE

09:57:58  14   OF FORCE IN COUNT 8.

09:58:01  15       THE INCIDENT IS NOT REMOTE IN TIME AND IS ENCOMPASSED BY

09:58:06  16   THE SCOPE OF THE CONSPIRACY.  THE ACT IS SIMILAR TO THE OTHER

09:58:09  17   OFFENSES CHARGED.  HOWEVER, UNLIKE WITH OTHER ALLEGATIONS

09:58:13  18   REPORTING TO CONSPIRACY, THE GOVERNMENT HAS NOT PROVIDED ANY

09:58:17  19   INFORMATION REGARDING MR. WENGER'S COMMUNICATIONS ABOUT THE USE

09:58:21  20   OF FORCE CLOSE IN TIME TO THE EVENT.

09:58:24  21       EVIDENCE REGARDING THE INCIDENT MAY ALSO LEAD THE JURY TO

09:58:28  22   MAKE AN IMPERMISSIBLE INFERENCE THAT BECAUSE MR. WENGER ACTED

09:58:32  23   VIOLENTLY, HE HAS VIOLENT CHARACTERISTICS AND THEREFORE ACTED

09:58:36  24   WITH EXCESSIVE FORCE DURING THE CRIME ALLEGED IN COUNT 8.

09:58:40  25       THE COURT WILL NOT PERMIT EVIDENCE OF THE DETAILS OF THE

09:58:43  1    ARREST, OR ALLEGEDLY THE DETAILS OF THE ARREST, OR ALLEGEDLY

09:58:48  2    FALSIFYING THE POLICE REPORT UNLESS AND UNTIL THE GOVERNMENT

09:58:52  3    PROVIDES EVIDENCE TO THE COURT'S SATISFACTION CONNECTING THE

09:58:56  4    CONDUCT TO THE CONSPIRACY TO VIOLATE RIGHTS, THAT WILL OCCUR IN

09:59:00  5    THE COURSE OF THE TRIAL IN A DETAILED OFFER OF PROOF WHEN THE

09:59:04  6    COURT IS READY TO INDUCE THAT EVIDENCE AND THE COURT WILL THEN

09:59:08  7    CONSIDER IT AT THE MOMENT -- AT THAT MOMENT.

09:59:11  8         BUT SHOULD THE COURT REVISIT THIS DECISION, THE COURT WILL

09:59:17  9    REQUIRE A LIMITING INSTRUCTION TO PREVENT USE OF THE INCIDENT

09:59:20  10   AS EVIDENCE OF WENGER'S GUILT IN COUNT 8.  AND THE COURT WILL

09:59:23  11   REQUIRE THE GOVERNMENT IN THAT INSTANCE TO, IN THE FIRST

09:59:26  12   INSTANCE, TO DRAFT SUCH AN INSTRUCTION, A LIMITING INSTRUCTION,

09:59:33  13   AND TO RUN IT BY DEFENSE COUNSEL IN AN EFFORT TO COME TO AN

09:59:41  14   AGREEMENT ON THAT.

09:59:42  15        AGAIN, THE COURT WILL ALLOW EVIDENCE OF THE REMEDIAL

09:59:45  16   TRAINING TO COME IN FOR BOTH COUNT 1 AND COUNT 8.

09:59:48  17        NEXT MOTION.  MOTION TO ADMIT EVIDENCE AS TO DEFENDANT

09:59:52  18   MORTEZA AMIRI PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B).

09:59:59  19        THAT MOTION TO ADMIT EVIDENCE WITH RESPECT TO DEFENDANT

10:00:02  20   AMIRI IS GRANTED -- IS DENIED, EXCUSE ME, IS DENIED.

10:00:08  21        THE GOVERNMENT CONTENDS THAT MR. AMIRI GAINED KNOWLEDGE OF

10:00:11  22   HIS PRIOR ALLEGED FALSITIES, THAT "HE WOULD BE ABLE TO EVADE

10:00:15  23   SCRUTINY AND MANIPULATE EXTERNAL REVIEW SYSTEMS BY FALSIFYING

10:00:19  24   POLICE REPORTS."  THAT'S MOTION IN LIMINE NUMBER 1, AT PAGE 4,

10:00:25  25   LINES 10 THROUGH 11.

10:00:27  1        IN OTHER WORDS, BECAUSE MR. AMIRI BELIEVED HE GOT AWAY

10:00:31  2    WITH THE ALLEGED FALSITIES IN 2019, WHICH ARE THE SUBJECT OF

10:00:36  3    COUNT 9, HE HAD KNOWLEDGE THAT HE COULD GET AWAY WITH OTHER

10:00:40  4    FALSITIES IN 2020.  THE GOVERNMENT ALSO CONTENDS THAT THE

10:00:43  5    EVIDENCE DEMONSTRATE THE INTENTIONALITY OF THE ALLEGED

10:00:46  6    FALSITIES IN THE 2019 REPORT.

10:00:51  7        THE INTENT REQUIREMENT FOR COUNT 9 IS THAT THE DEFENDANT

10:00:56  8    "KNOWINGLY, ALTERED, DESTROYED, CONCEALED OR FALSIFIED A

10:01:01  9    RECORD, DOCUMENT OR TANGIBLE OBJECT," AND "ACTED WITH THE

10:01:05 10    INTENT TO IMPEDE, OBSTRUCT OR INFLUENCE AN ACTUAL OR

10:01:09 11    CONTEMPLATED INVESTIGATION OF A MATTER WITHIN THE JURISDICTION

10:01:12 12    OF ANY DEPARTMENT OR AGENCY OF THE UNITED STATES."  AND THAT'S

10:01:16 13    STIPULATED JURY INSTRUCTION NUMBER 57.  "THE DEFENDANT'S

10:01:22 14    INTENTION TO OBSTRUCT JUSTICE MUST BE SUBSTANTIAL."  AND THAT'S

10:01:26 15    THE PREVIOUS CITATION.

10:01:29 16        ELEMENTS TWO AND THREE OF THE 404(B) TEST ARE SATISFIED

10:01:35 17    BECAUSE MR. AMIRI'S OTHER ACTS ARE NOT REMOTE IN TIME AND THERE

10:01:42 18    IS SUFFICIENT EVIDENCE BY MR. AMIRI'S OWN ADMISSIONS TO SHOW

10:01:44 19    THAT MR. AMIRI COMMITTED THE OTHER ACTS.  HOWEVER, THE

10:01:48 20    GOVERNMENT FALTERS ON ELEMENTS ONE AND FOUR THAT THE EVIDENCE

10:01:52 21    TENDS TO PROVE A MATERIAL POINT AND THE ACTS WERE SUFFICIENTLY

10:01:57 22    SIMILAR.

10:01:59 23        THE SIMILARITY ARGUMENT BOILS DOWN TO THIS, AMIRI LIED

10:02:04 24    KNOWINGLY TWICE SO HE MUST HAVE LIED KNOWINGLY A THIRD TIME,

10:02:08 25    WHICH UNDER THE LATIN DOCTRINE, FALSUS IN UNO, FALSUS IN

10:02:14  1    OMNIBUS, ONCE A LIAR, ALWAYS A LIAR.  THE GOVERNMENT OFFERS

10:02:17  2    NOTHING MORE TO CONNECT THE ACTS OTHER THAN THAT MAXIM,

10:02:21  3    ALTHOUGH THEY DIDN'T USE THE LATIN PHRASE, MOST PEOPLE DON'T.

10:02:26  4         SPECIFICALLY, THE COURT FINDS THAT THE OTHER ACT EVIDENCE

10:02:29  5    RELATING TO MR. AMIRI, ALLEGEDLY SEIZING MARIJUANA FOR PERSONAL

10:02:33  6    CONSUMPTION, IS IMPROPER CHARACTER EVIDENCE AND WOULD SERVE

10:02:38  7    ONLY TO SUGGEST THAT MR. AMIRI HAS CRIMINAL PROPENSITIES AND

10:02:43  8    NOT ANY "MATERIAL POINT."

10:02:49  9         FALSIFYING A POLICE REPORT TO CONCEAL THEFT OF MARIJUANA

10:02:51  10   IS MATERIALLY DIFFERENT THAN FALSIFYING A POLICE REPORT TO

10:02:55  11   CONCEAL THE PRESENCE OF ANOTHER POLICE OFFICER DURING A USE OF

10:02:59  12   FORCE INCIDENT.

10:03:00  13        MR. AMIRI IS NOT CHARGED WITH DRUG USE OR UNLAWFUL SEIZURE

10:03:04  14   AND INTRODUCTION OF EVIDENCE RELATING TO HIS CONSUMPTION OF

10:03:08  15   MARIJUANA MAY CONFUSE OR INFLAME THE JURY.

10:03:13  16        MR. AMIRI'S STATEMENT THAT HE "SOMETIMES JUST SAYS PEOPLE

10:03:17  17   GAVE MR. AMIRI A FULL CONFESSION WHEN THEY DIDN'T" SO THAT

10:03:22  18   CASES "GET FILED FASTER," LIKEWISE SERVES TO SHOW THAT FROM THE

10:03:28  19   GOVERNMENT'S PERSPECTIVE, THAT MR. AMIRI IS A LIAR WHO LIES IN

10:03:34  20   POLICE REPORTS.  IT DOES NOT DEMONSTRATE THAT MR. AMIRI GAINED

10:03:37  21   ANY KNOWLEDGE FROM FALSIFYING REPORTS WHICH HELPED HIM TO

10:03:40  22   FALSIFY THE REPORT IN COUNT 9.  TO THE EXTENT THE STATEMENTS

10:03:44  23   REFLECT MR. AMIRI'S INTENT TO OBSTRUCT JUSTICE, AS ALLEGED IN

10:03:48  24   COUNT 9, IT IS OF MARGINAL PROBATIVE VALUE.

10:03:53  25        ADDITIONALLY THE COURT IS CONCERNED OF THE POSSIBILITY OF

10:03:56  1    EVIDENCE OF MULTIPLE CONSPIRACIES BEYOND THE ONE CHARGED IN THE

10:04:00  2    INDICTMENT.

10:04:01  3        NOT ALL BAD ACTS ALLEGEDLY PERFORMED BY THE DEFENDANTS

10:04:05  4    WILL COME IN AT TRIAL TO PROVE COUNT 1 OR TO PROVE INTENT FOR

10:04:09  5    THE REMAINING COUNTS, ONLY ACTS THAT ARE OF THE SAME ILK AS THE

10:04:14  6    ONES CHARGED.

10:04:20  7        NEXT.  MOTION TO EXCLUDE TESTIMONY OF BETH CHRISMAN,

10:04:24  8    C-H-R-I-S-M-A-N, JASON HAWKS, H-A-W-K-S, AND ROBERT MCFARLANE,

10:04:33  9    M-C-F-A-R-L-A-N-E, IS GRANTED IN PART.  MS. CHRISMAN'S PROPOSED

10:04:36 10    TESTIMONY REGARDING HANDWRITING IS IRRELEVANT, AND KNOWING THE

10:04:41 11    QUESTION IS IRRELEVANT TO THE CASE AND MENTIONING OF THE

10:04:46 12    STEROID DISTRIBUTION CASE COULD RESULT IN PREJUDICE TO THE

10:04:47 13    DEFENDANTS.  MR. WENGER'S PURPORTED USE OF THE TESTIMONY TO

10:04:52 14    CHALLENGE THE CREDIBILITY OF THE INVESTIGATION CONFLICTS WITH

10:04:55 15    THE COURT'S REPEATED RULINGS THAT IS INSPECTOR WALLACE'S

10:04:59 16    INVESTIGATION AND STATE WARRANT DID NOT TAINT THE FEDERAL CASE.

10:05:04 17        MR. HAWK'S PROPOSED TESTIMONY ABOUT MR. WENGER'S PHONE AND

10:05:10 18    DEFECTS IN THE STATE WARRANT IS ALSO IRRELEVANT.  THE COURT HAS

10:05:13 19    RULED REPEATEDLY THAT INSPECTOR WALLACE'S ALLEGED FAILURES TO

10:05:17 20    COMPLY WITH THE CAL ECPA IN SEEKING THE STATE WARRANT HAVE NO

10:05:24 21    BEARING ON THE SUBSEQUENT FEDERAL WARRANTS, AND THAT IN ANY

10:05:27 22    EVENT, THE POINT IS MOOT BECAUSE THE GOVERNMENT AGREED NOT TO

10:05:31 23    INTRODUCE EVIDENCE DERIVED FROM THE SEARCHES OF MR. WENGER'S

10:05:35 24    CELL PHONE.

10:05:36 25        MR. WENGER MAY NOT REARGUE THESE MOTIONS TO THE JURY UNDER

10:05:41   1    THE GUISE OF CHALLENGING THE LEGITIMACY OF THE INVESTIGATION AS

10:05:45   2    A WHOLE.

10:05:46   3         MR. MCFARLAND'S TESTIMONY MAY BE RELEVANT, ALTHOUGH IT IS

10:05:50   4    UNCLEAR TO THE COURT AS TO WHAT CHARGE OR DEFENSE.

10:05:54   5         THE COURT ORDERS DEFENSE COUNSEL TO PRODUCE THE

10:05:59   6    "SYNCHRONIZED AUDIO AND VIDEO MATRIX" TO THE GOVERNMENT BY

10:06:03   7    WEDNESDAY, FEBRUARY 12TH BY 5 P.M.  FAILURE TO DO SO MAY RESULT

10:06:08   8    IN EXCLUSION.  THE GOVERNMENT MAY RENEW ITS MOTION IN LIMINE BY

10:06:12   9    FRIDAY, FEBRUARY 14TH 2025 BY 4 P.M.

10:06:18   10        I DO NOT NEED A FURTHER RESPONSE FROM THE DEFENDANTS TO

10:06:24   11   THE GOVERNMENT'S RENEWED MOTION.  IF I NEED IT, I WILL ORDER

10:06:26   12   IT, BUT RIGHT NOW I'M NOT ORDERING IT.

10:06:30   13        4.  MOTION TO LIMIT AND EXCLUDE EXPERT TESTIMONY ON THE

10:06:32   14   USE OF FORCE.  THAT MOTION IS GRANTED.  THE ANTICIPATED

10:06:37   15   TESTIMONY OF MR. GLEN AND MR. PFANNENSTIEL,

10:06:47   16   P-F-A-N-N-E-N-S-T-I-E-L, INTRUDES UPON THE PROVINCE OF THE JURY

10:06:49   17   AND REACH ULTIMATE LEGAL CONCLUSIONS WHICH IS NOT PERMISSIBLE.

10:06:54   18        MR. GLEN AND MR. PFANNENSTIEL MAY NOT TESTIFY WHETHER THEY

10:07:00   19   BELIEVE THE DEFENDANT'S USE OF FORCE WAS "REASONABLE,"

10:07:05   20   "JUSTIFIED," "NOT CRIMINAL," OR "LAWFUL."  THEY MAY FURTHER NOT

10:07:11   21   TESTIFY AS TO THE DEFENDANT'S MENTAL STATE OR AS TO ANY LEGAL

10:07:16   22   STANDARDS.

10:07:17   23        MR. GLEN AND MR. PFANNENSTIEL MAY TESTIFY REGARDING

10:07:21   24   GENERAL POLICE POLICIES AND PROFESSIONAL STANDARDS OF PRACTICE

10:07:25   25   BUT SHALL NOT APPLY THE STANDARDS TO THE SPECIFIC FACTS OF THIS

10:07:28  1    CASE.  THAT ADMONITION INCLUDES HYPOTHETICALS.  COUNSEL MAY NOT

10:07:34  2    TRY TO ELICIT TESTIMONY REGARDING APPLICATION OF GENERAL

10:07:38  3    STANDARDS TO HYPOTHETICALS THAT TRAP THE FACTS PRESENTED BY THE

10:07:41  4    PARTIES.

10:07:44  5        COUNSEL MAY, HOWEVER, ELICIT TESTIMONY REGARDING THE FACTS

10:07:48  6    IN THIS CASE AS TO WHETHER LESSER FORCE ALTERNATIVES WERE

10:07:51  7    AVAILABLE IN ANY INJURIES THAT THEY OBSERVED.

10:07:57  8        THEY MAY ALSO TESTIFY AS TO THE DEFENDANT'S TRAINING OR

10:08:00  9    THE ANTIOCH POLICE DEPARTMENT'S POLICIES.

10:08:05  10       NUMBER 5.  MOTION TO PRECLUDE IRRELEVANT ATTEMPTS TO

10:08:08  11   ENCOURAGE JURY NULLIFICATION.  GRANTED.  THE PARTIES SHALL NOT

10:08:13  12   APPEAL TO THE JURY'S SYMPATHY OR REFERENCE POTENTIAL

10:08:16  13   PUNISHMENT.

10:08:17  14       MR. WENGER SOUGHT DISMISSAL ON THE BASIS OF SELECTIVE

10:08:21  15   PROSECUTION AND THE COURT DENIED THE MOTION.  HE MAY NOT

10:08:24  16   REARGUE THAT THEORY TO THE JURY.

10:08:27  17       NOW I WANT TO TURN TO MR. AMIRI'S MOTIONS IN LIMINE.

10:08:32  18       FIRST, MOTION TO EXCLUDE STATEMENTS OF CO-CONSPIRATORS.

10:08:32  19   DENIED.

10:08:37  20       THE GOVERNMENT HAS PRODUCED ENOUGH EVIDENCE OF CONSPIRACY

10:08:42  21   VELNON, AND THAT AS AN EVIDENTIARY MATTER.  COCONSPIRATOR

10:08:48  22   STATEMENTS ARE ADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE

10:08:51  23   801(D)(2)(E).

10:08:54  24       NUMBER 2.  MOTION TO EXCLUDE UNFAIRLY PREJUDICIAL

10:08:58  25   LANGUAGE.  GRANTED IN PART.

10:09:02  1    THE COURT AGREES THAT THE WORD "FAGGOT" IN EXHIBITS 902

10:09:07  2    AND 932 IS INFLAMMATORY.  HOWEVER, INCLUSION OF THE WORD IS

10:09:13  3    MORE PROBATIVE THAN PREJUDICIAL AS IT RELATES TO THE

10:09:16  4    GOVERNMENT'S THEORY OF INTENT.  THE GOVERNMENT MAKES REFERENCE

10:09:19  5    TO A NUMBER OF EXCHANGES IN WHICH MR. AMIRI OR OTHERS USED THE

10:09:24  6    "N WORD," AND SADLY WE ALL KNOW WHAT THAT MEANS, OR REFERRED TO

10:09:29  7    BLACK PEOPLE AS "GORILLAS".  THE COURT WAS UNABLE TO LOCATE

10:09:34  8    THESE EXCHANGES IN THE EXHIBITS IDENTIFIED BY MR. AMIRI.  THE

10:09:38  9    GOVERNMENT STATES THAT IT DOES NOT INTEND TO USE THOSE

10:09:41  10   STATEMENTS IN ITS CASE IN CHIEF, SO MR. AMIRI'S MOTION IS MOOT

10:09:45  11   ON THAT POINT.

10:09:46  12    AND AS AN ASIDE, THE GOVERNMENT WILL NOT ALLOW ANY

10:09:49  13   EVIDENCE ABOUT THE ALLEGED USE OF THAT WORD OR THOSE WORDS, AS

10:09:53  14   THEY ARE EXTREMELY PREJUDICIAL AND NOT -- AND THE PREJUDICE

10:09:58  15   OUTWEIGHS ANY PROBATIVE EFFECT.

10:10:01  16    3.  THE MOTION TO EXCLUDE REFERENCE TO DEFENDANT'S

10:10:04  17   TERMINATION AND EMPLOYMENT STATUS.  THAT MOTION IS GRANTED.

10:10:08  18    THE FACT THAT MR. AMIRI'S TERMINATION FROM THE ANTIOCH

10:10:13  19   POLICE DEPARTMENT WILL BE ADMISSIBLE ONLY FOR IMPEACHMENT.

10:10:15  20   WITH A REMINDER, IT IS THE COURT, NOT THE GOVERNMENT, WHO

10:10:20  21   DETERMINES WHETHER AMIRI HAS OPENED THE DOOR TO THAT EVIDENCE.

10:10:23  22   EVIDENCE OF DISCIPLINE OR TRAINING WHILE ON THE FORCE WILL NOT

10:10:27  23   BE EXCLUDED.

10:10:30  24    4.  MOTION TO EXCLUDE EVIDENCE OF PRIOR CONVICTION.

10:10:34  25    IF MR. AMIRI DECIDES TO TESTIFY AT TRIAL, EVIDENCE OF HIS

10:10:38  1    CONVICTION OF WIRE FRAUD IS ADMISSIBLE UNDER RULE 609(A)(2) OF

10:10:43  2    THE FEDERAL RULES OF EVIDENCE BECAUSE IT INVOLVED THE DISHONEST

10:10:47  3    ACT OR FALSE STATEMENT.

10:10:50  4         THE COURT WILL PROVIDE A LIMITING INSTRUCTION TO ENSURE

10:10:52  5    EVIDENCE OF THE CONVICTION MAY BE CONSIDERED ONLY FOR

10:10:56  6    IMPEACHMENT PURPOSES.

10:10:59  7         SO THAT IS -- THOSE ARE THE COURT'S RULINGS WITH RESPECT

10:11:04  8    TO IN LIMINE MOTIONS.  THE COURT WILL NOT ISSUE ANY FURTHER

10:11:08  9    WRITTEN RULING.  I COMMEND YOU TO THE MINUTES OF THE COURTROOM

10:11:18  10   DEPUTY, BUT THERE WILL NOT BE ANY FURTHER WRITTEN RULING.

10:11:21  11   THERE WILL NOT BE ANY WRITTEN RULING ON THOSE POINTS BECAUSE

10:11:25  12   THEY ARE WELL BRIEFED AND DOCUMENTED BY THE PARTIES.

10:11:28  13        NOW I WANT TO TALK ABOUT JURY ISSUES.  AND FIRST, THE JURY

10:11:32  14   CERTIFICATION FORM.  I WOULD LIKE TO -- HAVE WE GIVEN COUNSEL

10:11:37  15   YET THE CERTIFICATION FORMS?  YES, YOU HAVE THEM.

10:11:41  16        NOW AGAIN, THIS FORM, JUST TO MENTION TO YOU, IS KIND

10:11:44  17   OF -- IT DOESN'T HAVE ANY LEGAL EFFECT, BUT IT INFORMS THE

10:11:53  18   JURY, EMPHASIZES TO THE JURY THE IMPORTANCE OF ITS CONDUCT

10:11:56  19   DURING THE TRIAL.

10:11:58  20        DOES THE GOVERNMENT HAVE ANY OBJECTION TO THE

10:12:00  21   CERTIFICATION?

10:12:05  22             MR. KRISHNAMURTHY:  NO OBJECTION.

10:12:06  23             THE COURT:  MR. GOYETTE?

10:12:09  24             MR. GOYETTE:  NO OBJECTION, YOUR HONOR.

10:12:10  25             MS. CRANDELL:  NO OBJECTION.

10:12:11  1          THE COURT:  THANK YOU VERY MUCH.

10:12:13  2       NOW REGARDING JURY SELECTION, FIRST OF ALL, I WILL CONDUCT

10:12:19  3   QUESTIONING AT THE VOIR DIRE, BUT I WILL CONDUCT -- I WILL

10:12:24  4   PERMIT THE PARTIES TO GIVE A BRIEF FOLLOW-UP QUESTIONING AS

10:12:28  5   APPROPRIATE, BUT THOSE QUESTIONS SHOULD NOT BE USED AS AN

10:12:31  6   OPPORTUNITY TO PRE-ARGUE THE CASE.  THE QUESTIONS SHOULD BE

10:12:34  7   LIMITED TO FACTS THAT ARE ADDUCED DURING THE COURT'S

10:12:37  8   QUESTIONING OR ON THE QUESTIONNAIRES, BUT SHOULD NOT BE USED TO

10:12:45  9   ARGUE OR TEST THE JURY'S VIEWS WITH RESPECT TO LEGAL THEORIES

10:12:49 10   OR TRY TO ENURE THE JURY TO ONE SIDE'S THEORY OF THE CASE OR

10:12:52 11   THEME OR THE OTHER SIDE'S THEORY OF THE CASE OR THEME.

10:13:02 12       NOW I WANT TO ASK, IS IT MS. CRANDELL?  COULD YOU COME UP,

10:13:09 13   PLEASE, THANK YOU VERY MUCH.

10:13:10 14       I WOULD LIKE TO ASK YOU WHAT EXACTLY MR. AMIRI IS

10:13:12 15   REQUESTING, IN TERMS OF VOIR DIRE, THAT DIFFERS FROM THE

10:13:15 16   COURT'S PROCEDURE OF READING THE IN LIMINE -- I'M SORRY,

10:13:19 17   READING THE VOIR DIRE, DOING ANY NECESSARY FOLLOW-UP, AND THEN

10:13:23 18   ALLOWING COUNSEL TO DO ITS OWN FOLLOW-UP?

10:13:27 19          MS. CRANDELL:  I THINK THAT WAS THE FOCUS OF OUR

10:13:29 20   REQUEST, YOUR HONOR.  SO AS LONG AS YOU ARE ALLOWING FOLLOW-UP

10:13:32 21   QUESTIONS CONDUCTED BY THE ATTORNEYS, THAT WOULD BE OUR

10:13:36 22   REQUEST.

10:13:36 23          THE COURT:  GREAT.  ALL RIGHT.  THANK YOU VERY MUCH.

10:13:38 24       AND YOU CAN BE SEATED.  THANK YOU, COUNSEL.

10:13:43 25       WHETHER TO ALLOW QUESTIONING BY COUNSEL IS WITHIN THE

10:13:45  1    COURT'S DISCRETION.  AND AGAIN, IT IS THIS COURT'S PRACTICE TO

10:13:48  2    ALLOW SOME QUESTIONING BY COUNSEL.  IN A CASE LIKE THIS, ONE

10:13:51  3    WHERE MANY, IF NOT ALL THE POTENTIAL JURORS ARE LIKELY TO HAVE

10:13:55  4    SOME OPINION ABOUT THE POLICE, POSITIVE OR NEGATIVE, IT IS

10:13:59  5    IMPORTANT THAT THE COURT EXERCISE EVEN MORE CONTROL, NOT LESS,

10:14:03  6    NOT LESS, OVER THE VOIR DIRE, TO ENSURE THAT THOSE PREJUDICES

10:14:07  7    ARE OR ARE NOT SUCH THAT CONDUCT QUALIFICATIONS AS NECESSARY,

10:14:11  8    AND OF EQUAL IMPORTANCE NOT OF THE CHARACTER THAT MIGHT TAINT

10:14:15  9    THE REST OF THE JURY BY HEARING JURORS SAY NEGATIVE OR POSITIVE

10:14:19  10   THINGS ABOUT THE POLICE IN A PUBLIC FORUM WHICH MAY INFLUENCE

10:14:26  11   OTHER JURORS INAPPROPRIATELY.

10:14:27  12       SO THAT'S WHY THE COURT WILL ATTEND, AS IT DOES IN CASES

10:14:30  13   OF SOME NOTORIETY AND SOME EMOTIONAL -- LIKELY EMOTIONAL

10:14:37  14   RESPONSE BY POTENTIAL JURORS TO EXERCISE GREATER CONTROL, AND

10:14:41  15   IF I THINK THAT THE QUESTIONS BY EITHER SIDE ARE GOING BEYOND

10:14:45  16   WHAT THE COURT ALLOWS, I WILL BE SURE TO TELL YOU AND POLITELY

10:14:50  17   ASK YOU TO MOVE ON TO SOMETHING ELSE.

10:14:54  18       AND ALSO, BY THE WAY, THE COURT AGREES WITH THE

10:14:56  19   GOVERNMENT'S ANALYSIS IN DOCKET NUMBER 291 THAT MR. AMIRI HAS

10:14:59  20   NOT SHOWN ANY PREJUDICE IN THE JURY POOL THAT CANNOT BE ROOTED

10:15:03  21   OUT THROUGH STANDARD VOIR DIRE.

10:15:07  22       THE COURT POSTED ITS STANDARD JURY QUESTIONNAIRE AND VOIR

10:15:11  23   DIRE AND THE DEADLINE TO OBJECT WAS ON FEBRUARY 17TH.  THE

10:15:15  24   COURT WILL ADD ALL OF THE CASE-SPECIFIC QUESTIONS PROPOSED BY

10:15:18  25   THE PARTIES TO THE JURY QUESTIONNAIRE, EXCEPT FOR NUMBER 7.

10:15:23  1    NUMBER 7 MAY ENCOURAGE INDEPENDENT RESEARCH AHEAD OF JURY

10:15:29  2    SELECTION, WHICH HAS HAPPENED UNFORTUNATELY, IN THE COURT'S

10:15:31  3    EXPERIENCE.  IN FACT, I HAD A JUROR IN A CIVIL CASE WHO SAID HE

10:15:34  4    WOULD BE THE BEST POSSIBLE JUROR BECAUSE HE REVIEWED THE ENTIRE

10:15:37  5    DOCKET BEFORE, SO HE WAS EXTREMELY KNOWLEDGEABLE AND WOULD BE A

10:15:41  6    GREAT JUROR.  OF COURSE WE COUNT -- WE DID NOT LAUGH, BUT WE

10:15:45  7    DID THANK HIM AND EXCUSE HIM.  AND I WORRY ABOUT THAT.

10:15:51  8         AND JURORS HAVE BEEN FOUND TO, WHEN THEY GET SUMMONED AND

10:15:54  9    THEY DON'T KNOW THE NAME OF THE CASE, THEY WILL DO RESEARCH ON

10:15:56  10   THE DOCKET AND FIGURE OUT WHAT KIND OF CASE IT IS AND THEN READ

10:15:59  11   THE DOCKET OR DO RESEARCH, WHICH WE DISQUALIFY THEM AND IT

10:16:04  12   WOULD BE VERY UPSETTING TO THE COURT.

10:16:06  13        AFTER REVIEWING THE SURVEY RESPONSES FROM POTENTIAL

10:16:08  14   JURORS, THE PARTIES WILL NEED TO MEET AND CONFER REGARDING

10:16:13  15   EXCUSES FOR CAUSE AND HARDSHIP AND WILL PROVIDE THAT

10:16:15  16   INFORMATION TO THE COURT PRIOR TO JURY SELECTION.  I WILL SET A

10:16:19  17   DATE ONCE WE RECEIVE THE RESPONSES.

10:16:22  18        NOW I HAVE TO SAY THAT IN RECENT TRIALS THAT THIS COURT

10:16:28  19   HAS HAD, COUNSEL HAS DONE A GOOD JOB IN FOCUSING ON THOSE

10:16:33  20   EXCUSES THAT SUMMARILY SHOULD BE GRANTED, RECOGNIZING THAT THE

10:16:40  21   COURT, AND AS YOU WILL HEAR WHEN WE ARE ACTUALLY IN THE

10:16:42  22   SELECTION PROCESS, THE COURT DOES NOT -- I'M VERY STRICT WHEN

10:16:49  23   IT COMES TO EXCUSES FOR CAUSE, BECAUSE IN MY VIEW IT'S THE

10:16:56  24   OBLIGATION OF EVERY PERSON, IF QUALIFIED, TO SERVE ON A JURY

10:17:02  25   AND WE ALL HAVE REASONS FOR NOT BEING IN THE JURY BOX.

```
10:17:07   1        SO I WILL ASK COUNSEL WHEN THEY -- TO KEEP IN MIND WHEN
10:17:13   2   THEY MEET IN CONFER THAT THE COURT IS PRETTY STRICT WITH
10:17:17   3   RESPECT TO EXCUSES FOR CAUSE.
10:17:20   4        SO ONE OF THE THINGS THAT I THINK -- THIS IS SOMETHING
10:17:26   5   THAT HAS COME UP IN THE COURT'S MIND BASED UPON THE NATURE OF
10:17:28   6   THIS CASE.
10:17:29   7        SO WE INTEND TO SUMMON 90 PANELISTS, AND ALTHOUGH I DON'T
10:17:39   8   THINK WE CAN GET 90 PANELISTS IN THIS COURTROOM, WE CAN
10:17:43   9   PROBABLY GET 70 OR 75.  WHAT I INTEND TO DO IS START WITH THE
10:17:51  10   75 OR AS MANY AS WE CAN SQUEEZE IN IN THE COURT, FOR THE
10:17:58  11   INITIAL VOIR DIRE.  IF WE ARE UNABLE, BASED UPON THE COURT'S
10:18:04  12   RULING WITH RESPECT TO EXCUSALS, TO SEAT A JURY, WE WILL BRING
10:18:10  13   IN THE OTHER TRANCHE OF PEOPLE, WHATEVER IS LEFT, WHICH WOULD
10:18:14  14   BE A SMALL NUMBER, ACTUALLY, WE WOULD BE ABLE TO GO THROUGH IT
10:18:16  15   PRETTY QUICKLY, BUT I THINK WITH 75 OR SO, WE WILL BE ABLE TO
10:18:21  16   GET A JURY GIVEN THE NUMBER OF PEREMPTORIES AND THE STANDARD
10:18:26  17   EVEN EXPANDED NUMBER OF EXPECTED EXCUSALS FOR CAUSE.
10:18:32  18        SO THAT'S MY PLAN.  IF I COULD GET MORE IN THE COURTROOM,
10:18:35  19   I WOULD PUT AS MANY IN.  BECAUSE THIS COURT USES WHAT'S CALLED
10:18:40  20   THE MODIFIED ARIZONA METHOD OF JURY SELECTION WHICH MEANS THAT
10:18:45  21   THE INQUIRY, THE VOIR DIRE IS TO THE ENTIRETY OF THE ARRAY.
10:18:50  22        WHY DO WE DO THAT?  WE DO THAT BECAUSE IF WE DO 12 PACKS
10:18:55  23   OR 6 PACKS OR WHATEVER THEY DO IN STATE COURT, SOME OTHER
10:18:59  24   COURTS, THEN THE PARTIES REALLY, WHEN THEY EXERCISE THEIR
10:19:03  25   PEREMPTORIES, HAVE NO IDEA WHAT'S LOOMING IN THE BACK BENCHES
```

10:19:07  1    IF YOU WILL, OR BEHIND THESE JURORS, BUT THIS WAY YOU WILL HAVE

10:19:11  2    A SENSE OF ALL THE PANELISTS, THEIR RESPONSES, SO THAT WHEN YOU

10:19:17  3    EXERCISE YOUR PEREMPTORIES YOU WILL HAVE A GOOD SENSE OF WHO

10:19:20  4    ARE THE OTHER PEOPLE THAT MIGHT GET STUCK IN THE BOX AFTER

10:19:24  5    THESE JURORS ARE EXCUSED.  AND SO WE USE THE MODIFIED ARIZONA

10:19:28  6    METHOD, WE ADDRESS ALL QUESTIONS TO THE ENTIRE ARRAY.

10:19:32  7        NOW, SO I REQUIRE THE PARTIES TO EXERCISE THEIR PEREMPTORY

10:19:40  8    CHALLENGES SIMULTANEOUSLY AND BLIND AS TO THE OTHER PARTY'S

10:19:45  9    SELECTION UNTIL THE JURY IS FINAL.

10:19:46 10        IN OTHER WORDS, UNLIKE SOME COURTS, IN THIS COURT WE DO

10:19:49 11    NOT PASS THE LIST OF JURORS BACK AND FORTH, YOU EXERCISE YOUR

10:19:55 12    PEREMPTORIES SIMULTANEOUSLY WITH EACH OTHER.  OBVIOUSLY THE

10:20:01 13    DEFENDANTS CAN SHARE INFORMATION BUT I DON'T REQUIRE EITHER

10:20:10 14    SIDE TO DISCLOSE TO THE OTHER SIDE WHO THEY HAVE STRICKEN.

10:20:14 15        SO EACH DEFENDANT WILL HAVE TEN PEREMPTORY CHALLENGES, AND

10:20:18 16    THE DEFENDANTS, AS I SAID, DO NOT NEED TO EXERCISE THEIR

10:20:22 17    PEREMPTORY CHALLENGES BLIND TO EACH OTHER.  SO THE DEFENDANTS

10:20:27 18    CAN SHARE INFORMATION ABOUT WHAT PEREMPTORIES THEY ARE

10:20:31 19    EXERCISING SO THEY DON'T UNDULY OVERLAP AND USE MORE THAN THEY

10:20:38 20    NEED TO USE.  AND I'M GOING TO SEAT 12 JURORS WITH FOUR

10:20:43 21    ALTERNATES.

10:20:45 22        NOW WITH RESPECT TO ALTERNATES, THE WAY I DO IT, I DON'T

10:20:52 23    TELL THE JURORS, YOU WILL KNOW BUT THEY WILL NOT KNOW, WHO IS

10:20:57 24    AN ALTERNATE.  WE BASICALLY MIX THEM UP, PUT THEM IN THE JURY

10:21:00 25    BOX AND WE TELL THEM WE ARE NOT LETTING THEM KNOW WHO THE

1    PEREMPTORIES ARE UNTIL AFTER CLOSING ARGUMENTS.  THAT WAY

2    NOBODY THINKS THAT THEY ARE, IF YOU WILL, ON THE BENCH OR IN

3    RESERVE, AND THEY ALL PAY ATTENTION AND THEY KIND OF AT THE

4    VERY END, THEY TRY TO THINK ABOUT WHO MIGHT BE THE ALTERNATES,

5    BUT THERE IS NO WAY TO KNOW, BUT YOU ALL WILL KNOW AND THE

6    COURT WILL KNOW WHO THE ALTERNATES ARE.

7        SO ALL CHALLENGES WILL BE EXERCISED OUTSIDE THE PRESENCE

8    OF THE JURY.  EACH SIDE HAS TWO ADDITIONAL PEREMPTORY

9    CHALLENGES WITH RESPECT TO -- WHICH MAY BE USED ONLY TO REMOVE

10   ALTERNATE JURORS.  AND THAT'S UNDER FEDERAL RULE OF CRIMINAL

11   PROCEDURE 24(C)(4)(A) WHICH REQUIRES A SEPARATE SELECTION FOR

12   ALTERNATES VIS A VI THE PRIMARY JURY.

13       THESE CHALLENGES WILL BE EXERCISED AFTER THE PARTIES HAVE

14   EXERCISED THEIR PEREMPTORY CHALLENGES AS TO THE REGULAR JURORS.

15       COUNSEL, AS I SAID, WILL KNOW WHO THE ALTERNATES ARE BUT

16   THE JURORS WILL NOT AND WE WILL EXCUSE THE ALTERNATES AFTER

17   CLOSING ARGUMENTS.  THEY WILL BE EXCUSED FROM DELIBERATIONS BUT

18   WILL REMAIN ON CALL AND SUBJECT TO THE COURT'S PROPER CONDUCT

19   INSTRUCTION UNTIL THE JURORS REACH A VERDICT AND THEN THEY WILL

20   BE RELIEVED.

21       SO IF SOMETHING HAPPENS DURING DELIBERATION AND WE NEED TO

22   SUBSTITUTE AN ALTERNATE, THEY WILL BE PRISTINE WITH RESPECT TO

23   THEIR POTENTIAL SERVICE AS REGULAR JURORS.

24       AND SO THE ORDER OF CHALLENGES AND/OR EXCUSALS ARE AS

25   FOLLOWS:

10:22:46  1          FIRST, HARDSHIP OR TIME, TO THE EXTENT JURORS HAVE NOT

10:22:52  2     RESPONDED IN THEIR QUESTIONNAIRES AND COUNSEL HAS NOT AGREED,

10:22:56  3     THAT WILL BE THE FIRST GROUP THAT WE WILL CONSIDER.

10:23:04  4          WITH RESPECT TO THE SECOND ONE, THE SECOND APPROACH WILL

10:23:09  5     BE WILL BE FOR CAUSE, CHALLENGES FOR CAUSE.  THE THIRD WILL BE

10:23:13  6     PEREMPTORY CHALLENGES, AND THE FOURTH WOULD BE BATSON

10:23:16  7     CHALLENGES, ONCE WE HAVE A PUTATIVE COMPLETE JURY AND WE KNOW

10:23:20  8     WHO THE PANELISTS ARE, OR THE POTENTIAL JURORS ARE, IF THERE IS

10:23:26  9     A BATSON ISSUE, YOU CAN RAISE THAT AT THAT PARTICULAR TIME AND

10:23:29  10    I WILL DEAL WITH IT.

10:23:30  11         NOW PROPOSED PRELIMINARY AND GENERAL JURY INSTRUCTIONS

10:23:36  12    HAVE BEEN POSTED, THE LAST DAY FOR OBJECTIONS IS FEBRUARY 17TH.

10:23:43  13    THE COURT HAS ALSO POSTED ITS INTENDED JURY SLIDE SHOW, AND

10:23:47  14    OBJECTIONS ARE DUE -- THE LAST DAY FOR OBJECTIONS ON THE 17TH

10:23:54  15    AND IT'S ALSO THE 17TH FOR OBJECTIONS TO THE JUROR SLIDE SHOW

10:24:00  16    THAT THE COURT SHOWS WHICH HAS THE BENEFIT OF EDUCATING THE

10:24:03  17    JURORS ON THE IMPORTANCE OF WHAT THEY ARE ABOUT TO UNDERTAKE

10:24:07  18    AND ALSO AS YOU WILL SEE, A SLIDE ABOUT ALL THE BOOKS THAT I'VE

10:24:14  19    READ ABOUT HOW TO GET OUT OF JURY DUTY FOR DUMMIES, AND THERE

10:24:17  20    ACTUALLY IS A BOOK ON THAT.

10:24:19  21         SO I HAVE READ THEM ALL, AND I ALSO HAVE A LITTLE SLIDE ON

10:24:23  22    WHO HAS ACTUALLY BEEN CALLED, INCLUDING CHIEF JUSTICE OF THE

10:24:27  23    SUPREME COURT, CHIEF JUSTICE OF THE CALIFORNIA SUPREME COURT,

10:24:28  24    AND NOT TO PUT TOO FINE A POINT ON IT, TAYLOR SWIFT, WHO DID

10:24:34  25    SERVE ON A JURY WHEN ASKED.

10:24:36  1          SO JURY PANELISTS MAY NOT HAVE HEARD OF THE CHIEF JUSTICE,

10:24:41  2     I'M SURE THEY HAVE HEARD OF TAYLOR SWIFT.  SO I WILL LOOK

10:24:45  3     FORWARD TO GETTING ANY OBJECTION THAT YOU MIGHT HAVE TO EITHER

10:24:47  4     THE SUBSTANCE OF THOSE SLIDES OR THE ORDER OF THOSE SLIDES.  I

10:24:51  5     TRY TO MAKE THEM AS NEUTRAL AS POSSIBLE FOR BOTH SIDES, BUT IF

10:24:55  6     ANY SIDE HAS ANY OBJECTION, PLEASE LET ME KNOW, PARTICULARLY IF

10:25:00  7     THERE ARE ANY CHANGES TO THE WITNESS LIST IN ACCORDANCE TO WHAT

10:25:03  8     I HAVE SAID TODAY BECAUSE I WILL BE READING THE NAMES OF THE

10:25:06  9     PROSPECTIVE WITNESSES AND ASKING THE JURORS IF THEY KNOW ANY OF

10:25:11  10    THE POTENTIAL WITNESSES, SO PLEASE PAY PARTICULAR ATTENTION TO

10:25:15  11    THAT.

10:25:18  12         BEFORE I MOVE ON, ARE THERE ANY QUESTIONS WITH RESPECT TO

10:25:21  13    THE WAY THE COURT CONDUCTS VOIR DIRE?

10:25:25  14         OKAY.  YES.  COME ON UP, PLEASE, COUNSEL.

10:25:32  15         AND DO ME FAVOR, WOULD YOU MIND REIDENTIFYING YOURSELF FOR

10:25:35  16    THE COURT REPORTER.

10:25:36  17              MS. LOPES:  NICOLE LOPES.

10:25:38  18              THE COURT:  THANK YOU.

10:25:38  19              MS. LOPES:  MY QUESTION WAS IS THERE A THIRD SET OF

10:25:40  20    JURY INSTRUCTIONS THAT WILL BE COMING OUT ABOUT THE SUBSTANTIVE

10:25:43  21    CRIMES?

10:25:45  22              THE COURT:  BESIDE, AFTER -- OTHER THAN THE

10:25:48  23    PRELIMINARY THAT I'VE -- NO, JUST THOSE.  DID YOU HAVE

10:25:53  24    SOMETHING PARTICULARLY IN MIND?  BECAUSE TYPICALLY WE DON'T, WE

10:25:56  25    JUST TALK ABOUT WHAT THE PARTIES AGREE IS THE STATEMENT OF THE

10:26:00  1    CASE, THE NEUTRAL STATEMENT OF THE CASE.

10:26:03  2         IS THERE SOMETHING ELSE YOU HAD IN MIND?  BECAUSE I

10:26:05  3    HAVEN'T SEEN ANYTHING YOU SUBMITTED.

10:26:06  4         MS. LOPES:  NOT AS TO VOIR DIRE, YOUR HONOR, I WAS

10:26:09  5    JUST ASKING IF WE HAD A THIRD SET OF JURY INSTRUCTIONS, BECAUSE

10:26:12  6    I JUST NOTICED THERE WAS NOTHING IN THE JURY INSTRUCTIONS THAT

10:26:15  7    INSTRUCTS ON THE ACTUAL CRIMES.  I DID SUBMIT SEPARATE JURY

10:26:18  8    INSTRUCTIONS AS TO THAT BECAUSE I DISAGREED WITH THE GOVERNMENT

10:26:21  9    EXCLUDING THE ELEMENTS OF THE CRIME.  SO THAT'S -- SINCE THAT'S

10:26:26 10    WHAT THE JURY IS GOING TO BE DELIBERATING OVER.

10:26:27 11         THE COURT:  ALL RIGHT.  I WILL TAKE ANOTHER LOOK AT

10:26:29 12    THAT IN LIGHT OF WHAT YOU ARE SAYING AND SEE IF I MISSED

10:26:33 13    SOMETHING, WHICH IS QUITE POSSIBLE.  THANK YOU FOR BRINGING

10:26:35 14    THAT TO MY ATTENTION.

10:26:36 15         MS. LOPES:  THANK YOU, YOUR HONOR.

10:26:37 16         THE COURT:  SO JUST IN TERMS OF -- YEAH, COME ON

10:26:40 17    FORWARD, COUNSEL, YOU LOOK LIKE YOU HAVE SOMETHING.  AND JUST

10:26:42 18    REIDENTIFY YOURSELF.

10:26:43 19         MS. CRANDELL:  YES.  JANELLE CRANDELL.

10:26:45 20         DID THE COURT PROVIDE ANY KIND OF DECISION WITH THE

10:26:47 21    REQUEST FOR THE PEREMPTORY CHALLENGES THAT WE ALSO REQUESTED IN

10:26:52 22    OUR MOTION?

10:26:53 23         THE COURT:  I DIDN'T, BUT EXCEPT IMPLICITLY BY GIVING

10:26:59 24    YOU THE NUMBER THAT I'M ALLOWING.  YES, I DID TAKE THAT INTO

10:27:03 25    ACCOUNT.  THANK YOU VERY MUCH.

10:27:03  1          MS. CRANDELL:  THANK YOU.

10:27:04  2          THE COURT:  ALL RIGHT.

10:27:05  3      I JUST WANTED TO SAY THAT IN TERMS OF TIMING, SO TYPICALLY

10:27:14  4  IF WE HAVE TIME AT THE CONCLUSION OF JURY SELECTION, WHETHER

10:27:20  5  IT'S IN ONE DAY OR WE HAVE TO MOVE IT TO THE NEXT, TO TWO DAYS,

10:27:24  6  I HAVE TO SAY IN TWENTY SOME ODD YEARS ON THE BENCH, I'VE NEVER

10:27:29  7  HAD TO GO TO THE SECOND DAY, WE WOULD GO A LITTLE LATER, WE

10:27:33  8  WOULD GET IT DONE SO WE GET THOSE JURORS WHO ARE ULTIMATELY

10:27:38  9  GOING TO BE EXCUSED TO COME BACK, BECAUSE I ALWAYS WORRY THEY

10:27:38 10  WON'T COME BACK, SO I TRY TO FINISH IT.

10:27:40 11      BUT IF WE HAVE ENOUGH TIME, WHENEVER THAT DAY IS, I WOULD

10:27:43 12  TYPICALLY DO THE PRE-INSTRUCTION RIGHT THEN AND THERE WHILE

10:27:48 13  THEY ARE -- JUST TO KIND OF GET THEM ENURED TO THE RULES AND

10:27:51 14  BEHAVIOR AND ALL OF THAT, SO I GIVE THE PRELIMINARY

10:27:54 15  INSTRUCTIONS THEN, AND -- BUT I DO NOT SWEAR THE JURY PRIOR TO

10:28:00 16  THE TESTIMONY BEGINNING.  I DON'T THINK IT'S -- IT'S

10:28:06 17  APPROPRIATE PRACTICE, BUT IT'S NOT FAIR TO THE GOVERNMENT TO

10:28:09 18  SWEAR THE JURY PREMATURELY BECAUSE JEOPARDY MAY ATTACH, SO I

10:28:13 19  DON'T DO THAT, BUT THEY WILL BE INSTRUCTED AS TO THEIR PROPER

10:28:16 20  CONDUCT.

10:28:17 21      SO I WANT TO TALK ABOUT EXHIBITS EVIDENCE AND ADDITIONAL

10:28:20 22  WITNESS ISSUES.

10:28:21 23      FIRST OF ALL, STIPULATIONS.  THE STIPULATIONS FOR

10:28:26 24  AUTHENTICITY WERE VERY HELPFUL, THANKS COUNSEL.  I WILL JUST

10:28:29 25  SAY FOR EVERYBODY'S BENEFIT, INCLUDING MOSTLY THE JURY AND THE

10:28:33  1    PROCESS, THE MORE STIPULATIONS YOU COULD MAKE, ESPECIALLY WITH

10:28:37  2    REGARD TO AUTHENTICITY, ADMISSIBILITY, FOUNDATION, ET CETERA,

10:28:43  3    THEN THE MORE OF THE JURORS' TIME WE WILL SAVE AND THE MORE

10:28:46  4    THEY WILL PAY ATTENTION TO YOUR PRESENTATIONS OF THE SUBSTANCE

10:28:48  5    OF THE CASE, AND JURORS DON'T REALLY LIKE TECHNICAL OBJECTIONS.

10:28:53  6         LET ME ASK STARTING WITH GOVERNMENT COUNSEL, HAVE YOU

10:28:59  7    DISCUSSED -- WELL, TO YOUR KNOWLEDGE, IS THE GOVERNMENT GOING

10:29:02  8    TO USE A SEPARATE COMPUTER PRESENTATION SYSTEM FROM DEFENSE

10:29:06  9    COUNSEL?

10:29:09  10             MR. KRISHNAMURTHY:  YES, I BELIEVE WE WILL.

10:29:11  11             THE COURT:  ALL RIGHT.

10:29:12  12        SO COUNSEL SHOULD BE SURE TO SCHEDULE A TRAINING SESSION

10:29:16  13   WITH THE COURTROOM DEPUTY AHEAD OF TRIAL TO MAKE SURE THAT THE

10:29:21  14   TECHNOLOGY GOES SMOOTHLY, BECAUSE THAT'S ANOTHER THING THAT

10:29:25  15   REALLY BUGS A JURY, AND NOT TO MENTION THE COURT, IF THERE ARE

10:29:28  16   GLITCHES IN PRESENTATION THAT COULD HAVE BEEN AVOIDED, I THINK

10:29:31  17   CASES WHERE YOU PRESENT EXHIBITS AND INFORMATION VISUALLY TO A

10:29:37  18   JURY WITHOUT GLITCHES, THE JURORS REALLY APPRECIATE THAT.

10:29:40  19        AND THEY EXPECT IT.  YOU WILL SEE THEY WILL GET

10:29:43  20   CONDITIONED TO LOOK DOWN AT THEIR -- OH, THE JURY GETS

10:29:49  21   CONDITIONED TO HAVING EXHIBITS COME UP ON THEIR SCREENS.

10:29:55  22        JUST TO GO BACK TO THE POINT REGARDING THE JURY

10:29:58  23   INSTRUCTIONS, I WAS JUST THINKING THAT, SO ANY FINAL JURY

10:30:01  24   INSTRUCTIONS THAT DEAL WITH THE APPROPRIATE ELEMENTS OF THE --

10:30:04  25   ALL THE ELEMENTS AND THE SUBSTANTIVE INSTRUCTIONS, THOSE ARE

10:30:08  1    DISCUSSED DURING THE CHARGING CONFERENCE WHEN WE ARE GETTING

10:30:11  2    CLOSE TO THE END OF THE PRESENTATION.

10:30:13  3         AND THOSE WILL ALL BE IRONED OUT AND COUNSEL WILL KNOW

10:30:16  4    WELL IN ADVANCE OF WHAT THOSE ARE, BUT WE DON'T GENERALLY

10:30:21  5    PRESENT THOSE IN THE PRELIMINARY INSTRUCTIONS, THEY WILL BE IN

10:30:24  6    THE FINAL INSTRUCTIONS, SO YOU WILL HAVE EVERY OPPORTUNITY TO

10:30:26  7    ARGUE AND URGE ON THE COURT, THE INSTRUCTIONS THAT EACH SIDE

10:30:29  8    REQUESTS.

10:30:32  9         SO WITH RESPECT TO -- SO MAKE SURE YOU HAVE THE TRAINING.

10:30:40  10   AND WITH RESPECT TO THE EXHIBITS, THE PARTIES SHOULD PROVIDE

10:30:53  11   THE COURT WITH TWO USB DRIVES WITH EXHIBITS AT THE START OF

10:30:59  12   TRIAL, TO THE EXTENT YOU HAVE THEM, AND YOU SHOULD HAVE THEM.

10:31:02  13   AND AT THE END OF EACH TRIAL DAY, THE PARTIES SHALL MEET WITH

10:31:06  14   THE COURTROOM DEPUTY TO CONFIRM WHICH EXHIBITS HAVE BEEN

10:31:09  15   ADMITTED INTO EVIDENCE.

10:31:11  16        IN OTHER WORDS, THE COURTROOM DEPUTIES ARE EXCELLENT AT

10:31:14  17   KEEPING TRACK, BUT IT'S REALLY UP TO COUNSEL TO MAKE SURE THAT

10:31:18  18   ONLY -- THAT A, THE EXHIBITS YOU THOUGHT YOU WERE OFFERING AND

10:31:23  19   THAT YOU THOUGHT THE COURT RULED ON WERE ACTUALLY IN EVIDENCE,

10:31:27  20   AND AT THE CLOSE OF THE TRIAL, PARTIES SHALL PREPARE A

10:31:31  21   DIRECTORY OF ALL THE EXHIBITS THAT WILL GO TO THE JURY ON A

10:31:37  22   NORTHERN DISTRICT OF CALIFORNIA COMPUTER, WE CALL IT CAND PC,

10:31:42  23   WHICH IS A DUMB COMPUTER WHICH THE JURY WILL HAVE TO VIEW

10:31:45  24   EXHIBITS, BUT NOT ANYTHING ELSE.

10:31:50  25        AND SO THE DIRECTORY REALLY IS JUST A LIST OF EXHIBITS,

10:31:54    1    THE NAME OF THE EXHIBIT AND THE NUMBER OF THE EXHIBIT.  SO IF

10:31:59    2    THE JURY WANTS TO FIND A VIDEO OR WHATEVER, THEY HAVE THE

10:32:03    3    DIRECTORY BOTH ON PAPER AND ON THE CAND PC SO THEY CAN GO RIGHT

10:32:08    4    TO THAT AND CLICK IT AND OPEN THAT PARTICULAR EXHIBIT.  SO WE

10:32:11    5    WILL TALK MORE ABOUT THAT WHEN WE GET INTO THE CHARGING

10:32:14    6    CONFERENCE, ET CETERA.

10:32:15    7        I URGE THE PARTIES TO PRESENT AS MUCH EVIDENCE AS POSSIBLE

10:32:19    8    ELECTRONICALLY, AND THEN WITH RESPECT TO THE CAND PC, THERE IS

10:32:26    9    A PORTION OF THE COURT'S WEBSITE WHICH GIVES INSTRUCTIONS ON

10:32:31   10    ELECTRONIC JURY PRESENTATION OF EVIDENCE AND THE USE OF THE

10:32:34   11    CAND PC.  SO TO THE EXTENT YOU ARE NOT FAMILIAR WITH THAT, THAT

10:32:37   12    WILL GIVE YOU EVERYTHING YOU NEED.  SHOULD YOU NEED DISCUSSION

10:32:40   13    WITH THE COURT'S I.T. DEPARTMENT, WE WILL BE HAPPY TO MAKE THAT

10:32:44   14    AVAILABLE FOR YOU.

10:32:48   15        NOW WITH RESPECT TO OBJECTIONS, THE COURT HAS REVIEWED A

10:32:52   16    NUMBER OF OBJECTIONS THAT HAVE BEEN RECEIVED BY THE COURT.  THE

10:32:56   17    COURT HAS REVIEWED THEM -- WILL REVIEW THEM, BUT I WILL NOT

10:33:00   18    PRE-RULE ON THEM BECAUSE I FIND THAT THERE'S ONLY SO MUCH WE

10:33:03   19    CAN DO IN THESE CONFERENCES AND I REALLY NEED TO HEAR THE

10:33:06   20    EVIDENCE IN -- THE EVIDENCE THAT WE HEAR AT THE TRIAL IN THE

10:33:19   21    CONTEXT.

10:33:23   22        ALL RIGHT.  SO ANOTHER MISCELLANEOUS ISSUE, I DON'T WANT

10:33:29   23    WHAT I WOULD CALL "DEAD AIR."  WHAT I MEAN BY DEAD AIR IS

10:33:37   24    EXACTLY WHAT IT SOUNDS LIKE.  IN OTHER WORDS, I DON'T WANT --

10:33:40   25    IF WE ARE GOING TO SIT UNTIL 4:30, I DON'T WANT COUNSEL TO SAY,

10:33:44  1    WELL IT'S 3:30, WE DON'T HAVE ANY MORE WITNESSES.  THAT WILL BE

10:33:48  2    VERY UPSETTING TO THE COURT.  I WOULD RATHER INCONVENIENCE

10:33:51  3    WITNESSES RATHER THAN INCONVENIENCE THE COURT.  SO PLEASE MAKE

10:33:59  4    SURE THAT YOU HAVE SUFFICIENT -- IT DOESN'T HAVE TO BE A

10:34:03  5    WITNESS, SUFFICIENT MATERIAL TO FILL EVERY MINUTE OF THE COURT

10:34:07  6    DAYS, BECAUSE IT'S A ZERO SUM GAME, IT COMES OUT AT THE END.

10:34:11  7         AS I SAID, I DON'T IMPOSE TIME DEADLINES ON CRIMINAL

10:34:15  8    CASES, I DO IT IN CIVIL, PLEASE RESPECT THAT SINCE THE

10:34:19  9    GOVERNMENT HAS THE BURDEN, THEY HAVE MORE WITNESSES, INITIALLY

10:34:24  10   IT APPLIES TO THE GOVERNMENT BUT ALSO TO THE DEFENSE.

10:34:31  11        LET ME ASK GOVERNMENT COUNSEL, WILL THE GOVERNMENT BE

10:34:34  12   REQUESTING DAILY TRANSCRIPTS?

10:34:39  13             MR. KRISHNAMURTHY:  YES, WE WILL.

10:34:41  14             THE COURT:  ALL RIGHT.  DO THE DEFENDANTS INTEND TO

10:34:43  15    REQUEST DAILY TRANSCRIPTS?

10:34:46  16             MS. CRANDELL:  YES, YOUR HONOR.

10:34:48  17             THE COURT:  ALL RIGHT.

10:34:49  18             MS. LOPES:  US AS WELL, YES.

10:34:50  19             THE COURT:  OKAY.  SO ALL PARTIES DO.

10:34:52  20        PLEASE COOPERATE WITH THE COURT REPORTER WITH RESPECT TO

10:34:57  21    ORDERING THOSE AND MAKE SURE YOU COMPLY WITH ALL THEIR

10:35:04  22    REQUIREMENTS, ET CETERA.

10:35:07  23        NOW I WANT TO TALK ABOUT ONE SORT OF, I WILL CALL IT

10:35:10  24   ELEPHANT IN THE ROOM.  THE COURT NOTES, AND I NOTED THIS IN AN

10:35:14  25   ORDER WHICH COUNSEL RESPONDED TO, ON THE ISSUE OF MR. WENGER'S

10:35:20  1    APPEAL, I WANT TO JUST SAY THE FOLLOWING TO MR. WENGER, AND IF

10:35:28  2    HIS COUNSEL IS INVOLVED IN ADVISING HIM AS COUNSEL, THE COURT

10:35:32  3    STILL BELIEVES IT HAS JURISDICTION OVER THIS ACTION DESPITE

10:35:37  4    MR. WENGER'S APPARENT PRO SE APPEAL OF ITS LATEST ORDER DENYING

10:35:41  5    MR. WENGER'S MOTION TO SUPPRESS.  A DISTRICT COURT LOSES ITS

10:35:45  6    POWER TO PROCEED ONLY IF THE DEFENDANT'S INTERLOCUTORY CLAIM OR

10:35:50  7    APPEAL IS CONSIDERED IMMEDIATELY APPEALABLE.  AND I'M CITING

10:35:54  8    FOR THAT UNITED STATES V. HICKEY, H-I-C-K-E-Y, 580 F.3D 922 AT

10:36:02  9    928, NINTH CIRCUIT 22,009 "FILING AN APPEAL FROM AN

10:36:07 10    UNAPPEALABLE DECISION DOES NOT DIVEST THE DISTRICT COURT OF

10:36:12 11    JURISDICTION."  THE SUPREME COURT HAS MADE CLEAR THAT "PRETRIAL

10:36:15 12    ORDERS GRANTING OR DENYING A MOTION TO SUPPRESS EVIDENCE IN A

10:36:19 13    FEDERAL CRIMINAL TRIAL ARE NOT APPEALABLE UNTIL AFTER TRIAL."

10:36:25 14        AND I'M CITING FOR THAT DIBELLA V. UNITED STATES, 369 U.S.

10:36:32 15    121 AT 127, DECIDED IN 1962.

10:36:37 16        ACCORDINGLY, THE COURT WILL PROCEED, UNLESS AND UNTIL

10:36:40 17    ORDERED BY A HIGHER COURT, INCLUDING THE NINTH CIRCUIT OR THE

10:36:43 18    SUPREME COURT, NOT TO PROCEED, THE COURT WILL PROCEED WITH THIS

10:36:46 19    TRIAL NOTWITHSTANDING MR. WENGER'S PRO SE APPEAL.

10:36:52 20        AND I JUST WANT TO SAY ONE OTHER THING AS AN ASIDE.  I

10:36:55 21    MENTIONED THIS AT THE VERY BEGINNING WHICH IS FOR THOSE OF YOU

10:36:59 22    WHO HAVE NOT TRIED CASES IN THIS COURT, I DO NOT ALLOW SPEAKING

10:37:02 23    OBJECTIONS, MEANING IF YOU HAVE AN OBJECTION, USUALLY

10:37:06 24    "OBJECTION" IS FINE ENOUGH, OR IF YOU WANT TO ADD A CITATION TO

10:37:09 25    A LOCAL RULE OR A CASE, YOU CAN CITE THAT, BUT PLEASE DON'T

10:37:13  1    GIVE A SPEECH ABOUT WHY THIS IS OBVIOUSLY INCOMPETENT EVIDENCE

10:37:21  2    OR WHATEVER, JUST GIVE ME A RULE, I WILL RULE ON IT.  I THINK I

10:37:25  3    HAVE A PRETTY GOOD IDEA OF WHAT THE FEDERAL RULES OF EVIDENCE

10:37:29  4    OF THE CASE REQUIRES WITH RESPECT TO ADMISSION OF EVIDENCE.

10:37:32  5         JUST SIMPLY SAY "OBJECTION, HEARSAY" OR "OBJECTION,

10:37:37  6    403(B)," OR WHATEVER, "404(B)" WHATEVER IT IS.  IF I WANT TO

10:37:42  7    HEAR MORE ARGUMENT THEN I WILL EITHER BRIEFLY HEAR IT IN FRONT

10:37:46  8    OF THE JURY OR MORE LIKELY HAVE A SIDEBAR, WHICH REMINDS ME

10:37:51  9    THAT SIDEBARS ARE VERY RARE IN MY COURT, I FIND NO NEED TO HAVE

10:37:55  10   THEM, MOST OF THE TIME, BECAUSE MOST OF THOSE ISSUES THAT ARE

10:38:00  11   RAISED, I KNOW WHAT THEY ARE AND I CAN RULE ON COUNSEL'S

10:38:04  12   CONCERN, IF ANY, AND MANY OF THEM CAN BE DEALT WITH OUTSIDE OF

10:38:08  13   THE HEARING OF THE JURY BEFORE COURT STARTS IN THE MORNING.

10:38:12  14        SO AS YOU CAN SEE, WHAT THE COURT IS TRYING TO DO HERE IS

10:38:16  15   SQUEEZE ALL OF THE UNNECESSARY AIR OUT OF THIS CASE SO IT'S ALL

10:38:19  16   A JURY CASE AND YOU CAN ALL PRESENT YOUR CASES AND GO FORWARD

10:38:22  17   FROM THERE.

10:38:24  18        SO THAT CONCLUDES THE COURT'S REMARKS.  DOES GOVERNMENT

10:38:27  19   COUNSEL HAVE ANYTHING ADDITIONAL THAT THEY WOULD LIKE TO RAISE

10:38:29  20   AT THIS TIME?

10:38:30  21        MR. KRISHNAMURTHY:  YES, YOUR HONOR.

10:38:32  22        I WAS ACTUALLY HOPING TO BRIEFLY SEEK CLARIFICATION ON THE

10:38:35  23   COURT'S ORDER WITH RESPECT TO MR. AMIRI'S SECOND MOTION IN

10:38:39  24   LIMINE, THE MOTION TO EXCLUDE RACIALLY DEROGATORY LANGUAGE.

10:38:44  25        IN READING THE COURT'S ORDER, THE COURT REFERENCED THE

10:38:47  1    GOVERNMENT'S AGREEMENT WITH MR. AMIRI'S POSITION, BUT THE

10:38:53  2    GOVERNMENT ONLY AGREED WITH MR. AMIRI'S POSITION IN PART IN

10:38:57  3    WHICH IT AGREED THAT RACIALLY DEROGATORY LANGUAGE THAT WAS NOT

10:38:57  4    CONNECTED TO AN INTENT TO USE FORCE WAS EXCLUDABLE, BUT IT DID

10:39:02  5    NOT AGREE THAT SUCH LANGUAGE THAT WAS CONNECTED TO INTENT TO

10:39:05  6    USE FORCE OR EXPRESSIONS REGARDING FORCE WERE EXCLUDABLE.

10:39:10  7         WAS THE COURT ADOPTING THE GOVERNMENT'S POSITION OR

10:39:13  8    MR. AMIRI'S POSITION?

10:39:15  9              THE COURT:  WELL I THINK THAT I NEED TO RECONSIDER

10:39:17 10    THAT BECAUSE I SAID GENERALLY, AS A GENERAL MATTER, THE USE OF

10:39:22 11    THOSE TYPES OF -- THAT TYPE OF LANGUAGE -- IS SO INFLAMMATORY

10:39:28 12    IN THIS DAY AND AGE THAT THE COURT USUALLY WOULD EXERCISE IT'S

10:39:33 13    403 DISCRETION.

10:39:35 14         I UNDERSTAND THE GOVERNMENT'S POSITION THAT SOMEHOW THAT

10:39:39 15    INFORMS THE INTENT OF MR. AMIRI IN DOING THE THINGS YOU CLAIM

10:39:44 16    HE DID.  I TAKE IT THAT'S YOUR PRINCIPAL POINT, IS IT NOT?

10:39:48 17              MR. KRISHNAMURTHY:  CORRECT.  AND MORE SPECIFICALLY,

10:39:50 18    THERE ARE CERTAIN COMMUNICATIONS WHERE THERE ARE BOTH

10:39:54 19    REFERENCES TO RACIALLY INFLAMMATORY LANGUAGE AND EXPRESSIONS OF

10:39:57 20    INTENT TO USE FORCE.

10:39:59 21              THE COURT:  ALL RIGHT.  WELL I WILL REEVALUATE THAT

10:40:03 22    SPECIFICALLY AND I WILL ALSO REREAD THE DEFENSE RESPONSES, SO

10:40:07 23    IT'S ALL DONE IN CONTEXT, AND I WILL ISSUE A FURTHER RULING ON

10:40:10 24    THAT.

10:40:11 25              MR. KRISHNAMURTHY:  THANK YOU.

```
10:40:11   1         THE COURT:  THE SHORT ANSWER TO YOUR QUESTION IS IT
10:40:18   2    MAY VERY WELL BE -- WHY CAN'T WE JUST REDACT THAT LANGUAGE FROM
10:40:23   3    THE COMMUNICATIONS, THE RACIALLY CHARGED EPITHETS, IF YOU WILL?
10:40:28   4         MR. KRISHNAMURTHY:  YOUR HONOR, PART OF OUR THEORY IS
10:40:30   5    THAT THE EXTREME LANGUAGE SORT OF CONVEYED THE EXTREME NATURE
10:40:34   6    OF THE DEFENDANT'S INTENT, THE INTENT TO VIOLATE CONSTITUTIONAL
10:40:37   7    RIGHTS.
10:40:38   8         THERE ARE A NUMBER OF COURTS THAT HAVE HELD THAT ABUSIVE
10:40:41   9    LANGUAGE IS PROBATIVE OF THAT INTENT.  AND SO WE THINK WHEN
10:40:44  10    THEY ARE DIRECTLY CONNECTING THE CONVERSATION, THEY SHOULD BE
10:40:47  11    ADMITTED, ALTHOUGH WE AGREE WHEN THEY ARE NOT CONNECTED, WE
10:40:50  12    WOULD NOT SEEK TO ADMIT IT.
10:40:51  13         THE COURT:  SO MAYBE THE LATTER IS WHAT I WAS
10:40:54  14    FOCUSING ON RATHER THAN THE FORMER, SO I'M GOING TO REREAD THE
10:40:59  15    GOVERNMENT'S PAPERS AS WELL AS THE DEFENSE PAPERS SO I CAN GET
10:41:01  16    BOTH SIDES AND THEN I WILL ISSUE A FINAL RULING ON THAT.  THANK
10:41:01  17    YOU FOR BRINGING IT TO THE COURT'S ATTENTION.
10:41:06  18         ANYTHING FURTHER FROM DEFENSE COUNSEL AT THIS POINT?  COME
10:41:12  19    ON UP.
10:41:14  20         MS. LOPES:  I JUST WANTED TO PUT TO THE COURT'S
10:41:15  21    ATTENTION THAT THE SLIDE SHOW DID NOT HAVE DEFENDANT WENGER'S
10:41:19  22    WITNESSES IN IT.
10:41:19  23         THE COURT:  OH, REALLY?  OKAY.
10:41:21  24         MS. LOPES:  YES.
10:41:21  25         THE COURT:  DO WE HAVE THOSE IN SOME DOCKET THAT I
```

| | | |
|---|---|---|
| 10:41:23 | 1 | CAN -- |
| 10:41:24 | 2 | MS. LOPES:  YES. |
| 10:41:25 | 3 | THE COURT:  WHICH ONE CAN WE LOOK AT? |
| 10:41:27 | 4 | MS. LOPES:  THE JOINT STATEMENT OF THE CASE. |
| 10:41:28 | 5 | THE COURT:  ALL RIGHT.  I WILL DEFINITELY ADD THOSE |
| 10:41:30 | 6 | TO THE SLIDES.  THANK YOU VERY MUCH, THAT WAS AN OVERSIGHT ON |
| 10:41:33 | 7 | THE COURT'S PART. |
| 10:41:34 | 8 | MS. LOPES:  ALSO MARK LILLIENFELD IS AN INVESTIGATOR, |
| 10:41:36 | 9 | NOT AN ATTORNEY.  HE WAS LISTED IN THE SLIDE SHOW AS AN |
| 10:41:39 | 10 | ATTORNEY, SO I JUST WANTED TO MAKE SURE THE COURT WAS AWARE OF |
| 10:41:42 | 11 | THAT. |
| 10:41:42 | 12 | AND THEN LASTLY, WE HAD RAISED AN OBJECTION TO THE SLIDE |
| 10:41:45 | 13 | SHOW AND THE STATEMENT OF CASE.  THERE IS A ONE-OFF LINE IN |
| 10:41:49 | 14 | THERE THAT BASICALLY INTIMATES THAT DEVON WENGER HAD FALSIFIED |
| 10:41:53 | 15 | OR FILED MISLEADING POLICE REPORTS, BUT THERE IS NO CHARGES |
| 10:41:58 | 16 | AGAINST HIM FOR THAT.  AND THEN BASED ON THE COURT'S RULING IN |
| 10:42:01 | 17 | THE 404'S THIS MORNING, THE ONLY ONE THAT TOUCHED ON THAT HAS |
| 10:42:05 | 18 | NOW BEEN EXCLUDED, SO I JUST WANTED TO BRING THAT TO THE |
| 10:42:09 | 19 | COURT'S ATTENTION AS WELL. |
| 10:42:09 | 20 | THE COURT:  ALL RIGHT.  BEFORE WE GET TO YOUR NEXT |
| 10:42:12 | 21 | POINT, LET ME ASK THE GOVERNMENT COUNSEL ON THAT, TYPICALLY I |
| 10:42:15 | 22 | LIKE TO HAVE A KIND OF, MAYBE IN AN UNUSUAL CASE LIKE THIS, A |
| 10:42:21 | 23 | KUMBAYA MOMENT WHERE EVERYBODY AGREES, BECAUSE I WANT THE |
| 10:42:24 | 24 | STATEMENT TO BE AS NEUTRAL AS POSSIBLE. |
| 10:42:25 | 25 | CERTAINLY BOTH SIDES ARE FREE TO BRING UP POINTS NOT IN -- |

10:42:28  1    AND I'M SURE THEY WILL BECAUSE THEY ARE ADVOCATES -- WHAT'S

10:42:32  2    YOUR POSITION ABOUT EXCLUDING THAT LANGUAGE THAT COUNSEL FINDS

10:42:36  3    PROBLEMATIC IN THE STATEMENT OF THE CASE, BECAUSE IT DOES DEAL

10:42:39  4    WITH BOTH THE SLIDE SHOW AND THE VOIR DIRE.

10:42:42  5            MR. KRISHNAMURTHY:  I APOLOGIZE.  I WASN'T FAMILIAR

10:42:44  6    WITH THAT SPECIFIC OBJECTION, IN FACT I THOUGHT WE DID HAVE

10:42:47  7    AGREEMENT ON THE DESCRIPTION OF THE CASE.  THAT MAY BE OUR

10:42:50  8    MISTAKE.

10:42:51  9            THE COURT:  WELL NO, NO, NO, LET ME INTERRUPT YOU.

10:42:54  10   COUNSEL IS SAYING THAT BECAUSE OF THE COURT'S IN LIMINE

10:42:56  11   RULINGS, SOME OF THE LANGUAGE MAY NOT BE APPROPRIATE.  SO WHY

10:42:59  12   DON'T THE TWO OF YOU, OR I DON'T KNOW HOW MANY THERE, MEET AND

10:43:02  13   CONFER AND TRY TO COME UP WITH SOMETHING AND SUBMIT IT BY THE

10:43:06  14   DAY'S END SO WE CAN GET THAT IN THE CAND.

10:43:09  15           MR. KRISHNAMURTHY:  YES, YOUR HONOR.

10:43:09  16           MS. LOPES:  THANK YOU, YOUR HONOR.

10:43:10  17           THE COURT:  ALL RIGHT.  SO I WILL DEFINITELY LOOK AT

10:43:11  18   THAT.  BECAUSE AGAIN, MY GOAL IS TO MAKE THIS -- IT'S NEVER

10:43:15  19   GOING TO BE PLAIN VANILLA BECAUSE THE GOVERNMENT IS MAKING

10:43:18  20   ALLEGATIONS AGAINST DEFENDANTS, BUT I TRY TO MAKE IT AS NEUTRAL

10:43:21  21   AS POSSIBLE, SINCE I'M READING IT, I DON'T WANT THERE TO BE ANY

10:43:24  22   UNDUE EMPHASIS BEING GIVEN TO EITHER SIDE'S CASE, BUT I WILL DO

10:43:29  23   THAT, THAT'S A GOOD POINT.  THANK YOU.

10:43:31  24   ANYTHING FROM MR. GOYETTE OR --

10:43:34  25           MR. GOYETTE:  NO, YOUR HONOR.

10:43:35  1          THE COURT:  ALL RIGHT.

10:43:36  2      WE WILL SEE YOU AT TRIAL, AND IF THERE ARE ANY CHANGES,

10:43:38  3  LET ME KNOW.  BUT PLEASE -- AND BY THE WAY, THE SLIDE SHOW,

10:43:45  4  REALLY THE DISCLOSURE IN THE SLIDE SHOW, THE INTENTION OF IT IS

10:43:49  5  FOR EVERYBODY TO CAPTURE THE NAMES OF EVERYBODY SITTING AT

10:43:53  6  COUNSEL TABLE, INCLUDING COUNSEL, AND INVESTIGATORS,

10:43:57  7  PARALEGALS, ET CETERA.  SO I INTEND IT TO BE -- BECAUSE I'VE

10:44:00  8  HAD SITUATIONS WHERE SOMEBODY MIGHT SAY, HEY I KNOW HIM, OR I

10:44:05  9  KNOW HER, AND THAT'S A PROBLEM, SO PLEASE KEEP THAT IN MIND.

10:44:08  10      ALL RIGHT.  SO I WOULD EXPECT BY THE END OF THE DAY IF

10:44:10  11  THERE'S -- I WILL LOOK AT MR. WENGER'S WITNESSES AND WE WILL

10:44:14  12  DEFINITELY ADD THAT, AND I WILL LOOK FORWARD TO GETTING BY THE

10:44:16  13  END OF TODAY, THE UPDATED, IF THERE WILL BE SUCH, STATEMENT OF

10:44:23  14  THE CASE.

10:44:24  15      AND I WILL LET YOU KNOW AT SOME POINT AS SOON AS WE KNOW

10:44:28  16  OR HOW MANY PHYSICAL PEOPLE -- PANELISTS WE CAN GET INTO THIS

10:44:35  17  ROOM SO AS TO AVOID HAVING TO -- BECAUSE I READ -- IN ADDITION

10:44:44  18  TO THE SLIDE SHOW, I READ A LITTLE STATEMENT WHICH I CALL THE

10:44:49  19  COURT'S 4TH OF JULY SPEECH WHICH TALKS ABOUT GENERALLY THE

10:44:52  20  HISTORY OF OUR JURY SYSTEM AND THE IMPORTANCE OF JURY DUTY AND

10:44:56  21  JURY SERVICE WHICH IS CALCULATED TO IMPRESS ON THE JURY THE

10:45:03  22  SERIOUSNESS OF THE PROCEEDINGS AND THE IMPORTANCE OF THEIR BOTH

10:45:08  23  SERVICE AND COMPLIANCE WITH THE COURT'S RULES.

10:45:10  24      SO ANYWAY, I WILL SEE YOU AT TRIAL.  THANK YOU VERY MUCH,

10:45:13  25  EVERYBODY.

10:45:14    1                THE CLERK:  COURT IS ADJOURNED.

10:45:14    2           (THE PROCEEDINGS WERE CONCLUDED AT 10:45 A.M.)

1

2

3                    <u>**CERTIFICATE OF REPORTER**</u>

4

5

6

7              I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE

8    UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

9    CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO

10   HEREBY CERTIFY:

11             THAT THE FOREGOING TRANSCRIPT, CERTIFICATE

12   INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF

13   PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

14

15

16

17

18

19

20

21

22   _____
     SUMMER A. FISHER, CSR, CRR
23   CERTIFICATE NUMBER 13185

24
     DATE:  2/17/25
25