UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

   v.

DEVON CHRISTOPHER WENGER,

      Defendant.

Case No.  23-cr-00269-JSW-3

**FINAL JURY INSTRUCTIONS**

United States District Court
Northern District of California

Table of Contents

1.   Duties of Jury to Find Facts and Follow Law ........................................................... 4

2.   Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof ..... 5

3.   Defendant's Decision Not to Testify ........................................................................ 6

4.   Reasonable Doubt – Defined ................................................................................... 7

5.   What Is Evidence ................................................................................................... 8

6.   What Is Not Evidence ............................................................................................. 9

7.   Charts and Summaries Admitted into Evidence ........................................................ 10

8.   Stipulations of Fact ................................................................................................ 11

9.   Direct and Circumstantial Evidence ....................................................................... 12

10.   Credibility of Witnesses ...................................................................................... 13

11.   Stipulated Testimony .......................................................................................... 15

12.   Activities Not Charged ........................................................................................ 16

13.   Statements by Defendant ..................................................................................... 17

15.   Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits,
Accomplice, Plea ..................................................................................................... 18

16.   Opinion Evidence, Expert Witnesses .................................................................... 19

17.   On or About – Defined ........................................................................................ 20

18.   Conspiracy Against Rights (18 U.S.C. § 241) ....................................................... 21

19.   Knowingly ......................................................................................................... 23

20.   Conspiracy – Knowledge of and Association with Other Conspirators ..................... 24

21.   Duty to Deliberate .............................................................................................. 25

22.   Consideration of Evidence – Conduct of the Jury .................................................. 27

23.   Use of Notes ...................................................................................................... 28

United States District Court
Northern District of California

24.    Jury Consideration of Punishment ........................................................ 29

25.    Verdict Form ........................................................................................ 30

26.    Communication with Court ................................................................... 31

27.    Post-Discharge Instruction .................................................................. 32

United States District Court
Northern District of California

### 1. Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
Northern District of California

**2.  Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof**

The indictment is not evidence.  Only Count One, Conspiracy Against Rights, is before you for your consideration.  The defendant has pleaded not guilty to the charge.   The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

### 3.  Defendant's Decision Not to Testify

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

### 4.  Reasonable Doubt – Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

### 5. What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

### 6. What Is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.     Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

### 7.  Charts and Summaries Admitted into Evidence

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

United States District Court
Northern District of California

**8.   Stipulations of Fact**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

### 9.  Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

**10. Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same

event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**11. Stipulated Testimony**

The parties have agreed what Mustafa Issa's testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

**12. Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 13. Statements by Defendant

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

1

**15. Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits,**

2

**Accomplice, Plea**

3      You have heard testimony from Eric Rombough, a witness who pleaded guilty to crimes

4  arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence

5  against the defendant, and you may consider it only in determining this witness's believability.

6

7       For this reason, in evaluating the testimony of Mr. Rombough, you should consider the

8  extent to which or whether his testimony may have been influenced by this factor.  In addition,

9  you should examine the testimony of Mr. Rombough with greater caution than that of other

10  witnesses.

**16. Opinion Evidence, Expert Witnesses**

You have heard testimony from Darryl Holcombe who has testified about his opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**17. On or About – Defined**

The indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in each count, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**18. Conspiracy Against Rights (18 U.S.C. § 241)**

The defendant is charged in Count One of the Indictment with conspiracy against rights in violation of Section 241 of Title 18 of the United States Code.  For a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than in or about February 2019 and ending in or about March 2022, there was an agreement between two or more persons to injure, oppress, threaten, or intimidate one or more persons in the free exercise or enjoyment of any right or privilege secured to them by the Constitution or laws of the United States.

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some

United States District Court
Northern District of California

object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1

**19. Knowingly**

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

United States District Court
Northern District of California

United States District Court
Northern District of California

**20. Conspiracy – Knowledge of and Association with Other Conspirators**

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though the defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**21. Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is

wrong.

**22. Consideration of Evidence – Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

**23. Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1

**24. Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment against the defendant in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

### 25. Verdict Form

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

1

**26. Communication with Court**

2    If it becomes necessary during your deliberations to communicate with me, you may send

3    a note through the Courtroom Deputy, signed by any one or more of you.  No member of the jury

4    should ever attempt to communicate with me except by a signed writing, and I will respond to the

5    jury concerning the case only in writing or here in open court.  If you send out a question, I will

6    consult with the lawyers before answering it, which may take some time.  You may continue your

7    deliberations while waiting for the answer to any question.  Remember that you are not to tell

8    anyone—including me—how the jury stands, numerically or otherwise, on any question submitted

9    to you, including the question of the guilt of the defendant, until after you have reached a

10   unanimous verdict or have been discharged.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**27. Post-Discharge Instruction**

2      Now that the case has been concluded, some of you may have questions about the

3   confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any

4   person you choose.  By the same token, however, I would advise you that you are under no

5   obligation whatsoever to discuss this case with any person.

6

7      If you do decide to discuss the case with anyone, I would suggest you treat it with a degree

8   of solemnity in that whatever you do decide to say, you would be willing to say in the presence of

9   the other jurors or under oath here in open court in the presence of all the parties.

10

11     Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully

12  and freely stated their opinions with the understanding they were being expressed in confidence.

13  Please respect the privacy of the views of the other jurors.

14

15     Finally, if you would prefer not to discuss the case with anyone, but are feeling undue

16  pressure to do so, please feel free to contact the Courtroom Deputy, who will notify me, and I will

17  assist.

18



September 16, 2025

Judge Jeffrey S. White

19

20

21

22

23

24

25

26

27

28