Kasey A. Castillo, Esq. [SBN 236690]
**KC LAW GROUP**
Mail: 31566 Railroad Canyon Road
Suite 2, PMB 1123
Canyon Lake, CA  92587
Telephone: (951) 364-3070
Email: kasey@kc-lawgroup.com

Michael D. Schwartz, Esq. [SBN 166556]
**THE MICHAEL SCHWARTZ FIRM**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, CA 90010
Telephone: (323)793-6735
Email: mds@themichaelschwartzfirm.com

*Attorneys for Defendant.*
DEVON CHRISTOPHER WENGER

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 4:23-CR-00269-JSW |
| Plaintiff, | Trial Date: September 8, 2025 |
| | Judge Presiding: Hon. Jeffrey S. White |
| v. | **DEFENDANT DEVON CHRISTOPHER WENGER'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED. R. CRIM. PROC. 29(c)** |
| DEVON CHRISTOPHER WENGER, | |
| Defendant. | |

TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

**I.    INTRODUCTION**

Comes now Defendant, Devon Christopher Wenger, by counsel, and respectfully renews his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). While the jury has returned a guilty verdict on Count One charging

1

conspiracy against rights in violation of 18 U.S.C. § 241, this Court retains the independent duty to determine whether the government presented legally sufficient evidence to support that verdict.

The Supreme Court and the Ninth Circuit make clear that the relevant inquiry is not whether the jury in fact convicted, but whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). Where the government's case rests on speculation, suspicion, or ambiguous inferences, the Constitution requires acquittal even after a guilty verdict. *Id.* at 1167–68.

Here, the record across Volumes 4, 5, and 6 of the trial transcript demonstrates a total failure of proof. The government's case-in-chief (Vol. 2-Vol. 5) relied heavily on vulgar text messages and generalized allegations, while defense testimony (Vols. 4 - 6) showed inconsistent conduct, lack of coordination, absence of interdependent benefits, and even rejection of Wenger by alleged co-conspirators. The contrast is stark: unlike *United States v. Gonzalez*, 906 F.3d 784 (9th Cir. 2018), where officers acted together and coordinated concealment, the record here reflects only bluster, inconsistent associations, and routine police reporting.

Because no rational juror could conclude that Wenger entered into an unlawful agreement, knowingly joined such a conspiracy, or obtained interdependent benefits from it, this Court should grant judgment of acquittal notwithstanding the jury's verdict.

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction…. A motion for judgment of acquittal is reviewed on a sufficiency of the evidence standard." *United States v Graf,* 610 F.3d 1148, 1166 (9th

Cir. 2010) (quoting *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998)). Evidence is insufficient to sustain a conviction unless, viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (*en banc*) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307 (1979)).

"More than a 'mere modicum' of evidence is required to support a verdict." *Nevils*, 598 F.3d at 1164 (quoting *Jackson*, 443 U.S. at 320). As the Ninth Circuit has explained, the court must grant a Rule 29 motion if "the evidence construed in favor of the government [is] insufficient to establish every element of the crime" and "evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case or where there is a 'total failure of proof of [a] requisite' element." *Nevils*, 598 F.3d at 1167 (internal citation omitted) (quoting *Briceno v. Scribner*, 555 F.3d 1069, 1079 (9th Cir. 2009)); see also *O'Laughlin v O'Brien*, 568 F.3d 287, 301 (1st Cir. 2009) ("A reviewing court should not give credence to evidentiary interpretations and illations that are unreasonable, insupportable, or overly speculative.") (citation and alterations omitted)); *Gonzales v. Gipson*, 701 Fed. Appx. 558, 561 (9th Cir. 2017) (Reversing judgment where conviction "rest[s] on a speculative and weak chain of inferences.")

Further Rule 29(c) authorizes the Court to set aside a guilty verdict and enter judgment of acquittal where the evidence is legally insufficient. The standard, rooted in the Due Process Clause, asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 318–19. In applying this standard, courts view the evidence in the light most favorable to the prosecution but must ensure that convictions do not rest on speculation or suspicion. *Nevils*, 598 F.3d at 1167–68; *United States v. Thomas*, 987 F.2d 697, 701 (9th Cir. 1993).

Conspiracy requires proof of three elements: (1) an agreement to accomplish an unlawful objective; (2) knowing and intentional participation; and (3) awareness that the defendant's benefits were probably dependent on the success of the venture. *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999); Ninth Cir. Model Crim. Jury Instr. 11.4. Mere presence, association, approval, or routine conduct is insufficient. United States v. *Melchor-Lopez*, 627 F.2d 886, 891; *Lopez*, 484 F.3d at 1193.

### III. ARGUMENT

### A. The Government Failed to Prove an Agreement Under § 241
### Transcript Excerpts

| Transcript Quote (Page: Line) | Summary/Legal Significance |
|---|---|
| (Vol. 5, Tr. 933:17-22) "Bro… FUCK YES!! … that's what fucking happens when you run, you acquire a tax. His tax was paid properly! Good shit bro." | It shows vulgar banter but no concrete plan or agreement. |
| (Vol. 5, Tr. 936:9-11) Amiri: "Let's fuck some people up next work week." (Vol. 5, Tr. 936:13-21) Wenger: "Fuck to the more fucking yes. … Bite some nerds and crush some dweebs bro!" | Reflects after-the-fact enthusiasm, not an adopted meeting of the minds. |
| (Vol. 5, Tr. 1064:14-20) Wenger to Amiri: "I'm serious bro. After work, let's find this guy and f-him up." | More probative than banter, but still a one-sided solicitation absent evidence of assent or follow-through. |
| (Vol. 4, Tr. 575:11-19) Rombough: My conduct depended on whether I was around trustworthy officers. | Testimony shows variable behavior, undermining any claim of a stable agreement Wenger joined. |
| (Vol. 5, Tr. 1148:16-21) Amiri to Wenger: "I don't know you—this must be a new Wenger." | Contradicts the idea of a consistent, tacit agreement with Wenger. |

The government did not prove that Wenger entered into an agreement to use excessive and unlawful force. The record shows isolated bluster and inconsistent associations, not a conspiratorial meeting of the minds.

A conspiracy under § 241 requires proof of an agreement – a "meeting of the minds" – to accomplish an unlawful objective. *United States v. Lopez*, 484 F.3d 1186, 1193 (9th Cir. 2007) (mere proximity or awareness of wrongdoing is insufficient). Likewise, *United States v. Ramirez*, 714 F.3d 1134, 1140-41 (9th Cir. 2013), reversed a conspiracy conviction where the government relied on conversations and presence but failed to prove actual assent. As the Ninth Circuit explained long ago in *United States v. Melchor-Lopez*, 627 F.2d 886, 891 (9th Cir. 1980), association, knowledge, or approval is not enough; there must be proof of an actual agreement. And, while *United States v. Espinoza-Valdez*, 889 F.3d 654, 658-59 (9th Cir. 2018), involved expert testimony rather than direct texts, the principle still applies: speculation and inference cannot substitute for evidence of mutual assent. The Ninth Circuit reaffirmed this principle in *Espinoza-Valdez*, 889 F.3d at 658–59, warning that the line between conspiracy and an unexercised opportunity to join a conspiracy must be drawn where the existence of an agreement is absent.

Proof of mere negotiations between the defendant and someone isn't sufficient to support a conspiracy conviction, even though those negotiations clearly prove the defendant's intention or strong desire to engage in criminal conduct, because the crime of conspiracy is made out only when the alleged co-conspirators actually come to some agreement or understanding between themselves that they will commit a criminal act. *United States v. Pemberton*, 853 F.2d 730 (9th Cir. 1988); See also *United States v. Croxton*, 482 F.2d 231, 233 (9thCir. 1973). In the current case, there is no evidence indicating that Wenger engaged in any negotiations or reached an agreement. Unlike in *Pemberton*, where the defendant was engaged in negotiations and yet that still was not enough. It is unlikely that a reasonable juror knowing the law should be able to convict on speculative conjecture.

**DEFENDANT DEVON CHRISTOPHER WENGER'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED R. CRIM. PROC. 29(c)**

These precedents illustrate that the government must do more than show suggestive words or associations. In *Lopez*, presence at the scene was not enough. In *Ramirez*, ambiguous conversations failed to show assent. By contrast in *United States v. Gonzalez*, 906 F.3d 784, 790–91 (9th Cir. 2018), the Ninth Circuit upheld convictions under § 241 where multiple officers participated together in a beating and then "huddled" to create matching falsified reports. The huddle and the uniform falsification provided circumstantial proof of a tacit agreement that could not be explained innocently. Wenger's case is distinguishable. There is no comparable coordinated action—only crude banter and occasional applause.

The government's reliance on messages such as "Fuck to the more fucking yes" and "Bite some nerds and crush some dweebs" (Vol. 5, Tr. 936:13-21) illustrates the weakness of its case. These are not statements of logistics, division of roles, or mutual planning; they are casual, exaggerated comments with no agreed target, no time or place, and no evidence of follow-through. Meanwhile, defense testimony painted a different picture. Rombough admitted that his own conduct changed depending on who he was with (Vol. 4, Tr. 575:11-19), demonstrating that any alleged conspiracy was fluid and subjective rather than a stable agreement. Even Amiri later had a difference in opinion of Wenger, texting "I don't know you—this must be a new Wenger" (Vol. 5, Tr. 1148:16-21), which undercuts any notion of a continuous conspiratorial bond.

Although the government will emphasize the direct message Devon sent to Amiri after the long Swing Shift thread — "I'm serious bro. After work, let's find this guy and f-him up" — that single solicitation, measured in context, does not establish the mutual "meeting of the minds" required for § 241. The message is an offer or invitation from Wenger to Amiri; it is not evidence that Amiri accepted, that Wenger and Amiri agreed on any time, place, method, or division of roles, or either acted together in furtherance of the plan. The Ninth Circuit has been explicit that a mere opportunity to conspire, or a one-

6

**DEFENDANT DEVON CHRISTOPHER WENGER'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED R. CRIM. PROC. 29(c)**

sided solicitation unaccompanied by corroborating action or acceptance, does not constitute an agreement. *Espinoza-Valdez*, 889 F.3d at 658–59; *Melchor-Lopez*, 627 F.2d at 891. Here, the government's record lacks affirmative proof that Amiri replied with a commitment, that the men met to coordinate, or that any contemporaneous act was taken in reliance on the message. Absent such corroboration — unlike the coordinated post-event huddle in *Gonzalez* that established mutual intent — the isolated direct message is insufficient to establish the agreement element as a matter of law.

Further, unlike *Gonzalez*, the government failed to establish coordinated action or concealment. The record shows bravado, not agreement. No rational juror could find this element beyond a reasonable doubt.

### B. The Government Failed to Establish Wenger Knowingly and Intentionally Joined the Conspiracy

### Transcript Excerpts

| Transcript Quote (Page: Line) | Summary / Legal Significance |
|---|---|
| (Vol. 5, Tr. 933:3-16; 940:14-21) Wenger "loved" message about cameras being off. | Mere approval, insufficient to show conspiratorial intent. |
| (Vol. 6, Tr. 1225:3-11; 1229:9-17) Ofc. Nilsen: Wenger was "primary officer" receiving routine info. | Routine reporting duties cannot be criminalized as conspiratorial intent. |

The government did not prove Wenger knowingly and intentionally joined the conspiracy. The record shows, at most, passive approval or professional routine.

The Ninth Circuit requires more than presence or approval; there must be evidence of knowing, voluntary participation. *United States v. Lopez*, 484 F.3d 1186, 1193 (9th Cir. 2007) ("Mere proximity to the scene of a crime or association with conspirators is not sufficient evidence of participation."). In *United States v. Garcia*, 151 F.3d 1243, 1246–47 (9th Cir. 1998), the court reversed a conspiracy conviction where the defendant's

7

**DEFENDANT DEVON CHRISTOPHER WENGER'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED R. CRIM. PROC. 29(c)**

conduct was consistent with mere presence and knowledge, but not intentional participation.

Again, *Gonzalez* illustrates the difference: the defendants there did not simply observe or comment—they acted in unison and then falsified reports, proving intentional participation.

The government highlighted Wenger's "love" reaction to a text about turning off cameras (Vol. 5, Tr. 933:3-16; 940:14-21). But a reaction emoji is the digital equivalent of a nod; it is not evidence of intentional conspiracy. Defense testimony supports this. Officer Nilsen testified that Wenger was simply the primary officer on a call, receiving routine contextual information (Vol. 6, Tr. 1225:3-11; 1229:9-17). That is consistent with ordinary police work, not unlawful intent.

The text "I'm serious bro" plainly makes the message more than idle boasting; it is probative of Wenger's subjective desire to commit violence. But Ninth Circuit precedent requires objective proof that the defendant knowingly joined a conspiratorial enterprise, not merely that he privately intended harm. *Garcia*, 151 F.3d at 1246–47; *Lopez,* 484 F.3d at 1193. A defendant's private willingness to act must be accompanied by corroborative proof — an acceptance by the proposed co-conspirator, coordinated conduct, or overt acts in furtherance — for a reasonable juror to conclude beyond a reasonable doubt that the defendant joined a conspiracy. On this record the government cannot point to such corroboration. If Amiri did not accept the proposition, if no logistics were arranged (no time/place/weaponization), and if no subsequent joint act occurred or was covered up in coordination between the two, then the message, even with "I'm serious bro," remains an uncorroborated expression of intent and cannot substitute for proof of knowing participation.

The contrast with *Gonzalez* is stark. There is no evidence of Wenger knowingly entering an unlawful agreement. No rational juror could conclude otherwise.

**DEFENDANT DEVON CHRISTOPHER WENGER'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED R. CRIM. PROC. 29(c)**

### C. The Government Failed to Show Wenger's Benefits Depended on the Success of the Entire Venture

**Transcript Excerpts**

| Transcript Quote (Page: Line) | Summary / Legal Significance |
|---|---|
| (Vol. 5, Tr. 973:6-14) Wenger: "Be ready for a de-escalation and use of force masterpiece reviewed by both Duff and Palma." | Isolated brag, not evidence of shared, interdependent benefits. Also, hyperbole and rhetoric. |
| (Vol. 4, Tr. 663:9-20) Rombough: Wenger denied SWAT advancement by co-conspirators. | Undermines claim that Wenger's benefits depended on the conspiracy's success. |

The government failed to prove Wenger knew his benefits depended on the conspiracy's success.

Conspiracy requires proof that a defendant knew his benefits were probably dependent on the success of the entire venture. *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999); *United States v. Kearney*, 560 F.2d 1358, 1362 (9th Cir. 1977).

In *Duran*, the Ninth Circuit upheld conspiracy where the benefits—drug profits—were necessarily tied to the conspiracy's collective success. By contrast, when benefits are personal, sporadic, or independent, conspiracy liability cannot be attached.

The government argued that Wenger's "masterpiece" comment (Vol. 5, Tr. 973:6-14) shows he sought benefits. But this was boastful exaggeration, not evidence of interdependent gain. The defense presented evidence that Wenger was denied advancement to SWAT by alleged co-conspirators (Vol. 4, Tr. 663:9-20). This undercuts the theory of shared benefits and demonstrates that Wenger's professional aspirations were independent, not collective. Unlike *Duran*, where drug profits were indivisible, Wenger's supposed benefit did not depend on anyone else's conduct.

Because the evidence did not show Wenger's benefits rose and fell with the alleged conspiracy, the government failed to prove this element.

## D. The Government Failed to Establish Coordinated Concealment or Falsification Comparable to Gonzalez

### Transcript Excerpts

| Transcript Quote (Page: Line) | Summary / Legal Significance |
|---|---|
| (Vol. 5, Tr. 973:6-14): Wenger refers to "masterpiece" report. | No evidence of coordinated falsification with co-conspirators. |
| (Vol. 4, Tr. 745:1–746:15) Rombough admits Wenger not present or engaged in the uses of force between Amiri and he. | Undermines concealment theory. |

The government failed to establish that Wenger engaged in coordinated concealment or falsification.

Coordinated concealment can support conspiracy, but it requires evidence of collaboration. In *United States v. Gonzalez*, 906 F.3d 784, 790–91 (9th Cir. 2018), the Ninth Circuit upheld convictions where officers assaulted a detainee and then huddled together to produce matching false reports.

Without proof of coordination, the inference of conspiracy collapses. The distinguishing factor in *Gonzalez* was the "huddle," which showed a deliberate, joint decision to lie.

Here, the government offered Wenger's "masterpiece" brag (Vol. 5, Tr. 973:6-14) as evidence of falsification. But the record shows no meeting, huddle, or coordination between Wenger and others. On the contrary, Rombough admitted Wenger was not always present or engaged in such conversations (Vol. 4, Tr. 745:1–746:15). Without coordinated falsification, Wenger's comments cannot be elevated to conspiracy.

The concealment theory lacks the critical element that supported conviction in *Gonzalez*. Wenger was never present with the other officers, could not have determined the reasonableness of the acts used.

**DEFENDANT DEVON CHRISTOPHER WENGER'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED R. CRIM. PROC. 29(c)**

### E. The Court's Prior Rule 29 Acquittal on the § 242 Count Confirms Insufficiency

**Transcript Excerpts**

| Transcript Quote (Page: Line) | Summary / Legal Significance |
|---|---|
| (Vol. 6, Tr. 1215:6-7) Court grants Rule 29 on § 242 D.S. count. | Confirms insufficiency of substantive proof, undermining conspiracy inference. Moreover, no other alleged offense has legally been determined to be an excessive use of force, only suggested and therefore to use speculative conjecture to determine overt act is legally insufficient. |

The Court's prior acquittal on the § 242 count demonstrates that the conspiracy verdict cannot stand.

Under *Jackson v. Virginia*, 443 U.S. 307 (1979), and *Nevils*, 598 F.3d at 1167–68, sufficiency review asks whether evidence permits conviction beyond a reasonable doubt. Acquittal on a substantive count undermines a conspiracy verdict built on the same record.

In *United States v. Thomas*, 987 F.2d 697, 701 (9th Cir. 1993), the Ninth Circuit held that speculation or suspicion cannot sustain a conviction. If the government failed to prove Wenger committed an actual unlawful act of excessive force, it cannot bootstrap those same facts into a conspiracy conviction.

2432.0 This Court granted Rule 29 on the substantive § 242 D.S. count (Vol. 6, Tr. 1215:6-7). That ruling recognized that the government's best-developed substantive charge was legally insufficient. It would be inconsistent to uphold a conspiracy conviction when the predicate event failed.

The acquittal on the § 242 count confirms that no rational juror could convict Wenger of conspiracy under § 241.

### IV. CONCLUSION

The jury returned a guilty verdict, but sufficiency review requires more than deference—it demands proof beyond a reasonable doubt under constitutional standards. The government's case relied on vulgar texts, speculation, and association, but failed to prove the elements of conspiracy under § 241. By contrast, defense testimony revealed inconsistency, exclusion, and lack of coordination. The evidence shows, that Wenger was merely an associate of Amiri. Amiri and Rombough were close, colluded with one another outside the presence of Wenger, who unwittingly though he was doing his job and joining in the comradery of the department.

Because no rational trier of fact could have found Wenger guilty beyond a reasonable doubt, the Court should grant this renewed motion for judgment of acquittal pursuant to Rule 29(c).

Respectfully submitted,

DATED: September 26, 2025

_____/**s**/_____
Kasey A. Castillo, Esq.
CA State Bar Number: 236690
**KC LAW GROUP**
31566 Railroad Canyon Road
Suite 2, PMB 1123
Canyon Lake, CA 92587
Telephone: (951) 364-3070
Email: kasey@kc-lawgroup.com

DATED: September 26, 2025

_____/**s**/_____
Michael D. Schwartz, Esq.
CA State Bar Number: 166556
**THE MICHAEL SCHWARTZ FIRM**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, CA 90010
Telephone: (323)793-6735
Email: mds@themichaelschwartzfirm.com

*Attorneys for Defendant,*
DEVON CHRISTOPHER WENGER

**DEFENDANT DEVON CHRISTOPHER WENGER'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED R. CRIM. PROC. 29(c)**