1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  ERIC CHENG (CABN 274118)
   ALETHEA M. SARGENT (CABN 288222)
5  ALEXANDRA SHEPARD (CABN 205143)
   Assistant United States Attorneys
6
        450 Golden Gate Avenue, Box 36055
7       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
8       FAX: (415) 436-7234
        Eric.Cheng@usdoj.gov
9       Alethea.Sargent@usdoj.gov
        Alexandra.Shepard@usdoj.gov
10
   Attorneys for United States of America
11
                    UNITED STATES DISTRICT COURT
12
                    NORTHERN DISTRICT OF CALIFORNIA
13
                    SAN FRANCISCO DIVISION
14

15 | UNITED STATES OF AMERICA,          ) Case Nos.    4:23-CR-00268 JSW-2;
                                        )              4:23-CR-00269 JSW-3
16 |        Plaintiff,                  )
                                        ) **NOTICE REGARDING PROTECTIVE ORDER
17 |    v.                              ) VIOLATIONS**
                                        )
18 | DEVON CHRISTOPHER WENGER,          ) Hon. Jeffrey S. White
                                        )
19 |        Defendant.                  )
                                        )
20

21      The United States notifies the Court of apparent protective order violations in one or both of the

22 above-captioned criminal cases through the improper dissemination of materials, previously produced

23 by the government to Defendant Wenger in discovery and designated as containing

24 "CONFIDENTIAL" protected information, to a public Internet website accompanied by baseless and

25 disparaging accusations about trial witnesses and other third parties. The misappropriated discovery

26 materials include, among other things, documents containing unredacted personal identifying

27 information ("PII") of third parties, internal law enforcement memoranda, and an apparent photograph

28 of a computer screen showing law enforcement personnel information made available for inspection

NOTICE RE PROTECTIVE ORDER VIOLATIONS          1
4:23-CR-00268 JSW-2; 4:23-CR-00269 JSW-3

pursuant to the Jencks Act before trial.

In light of these developments, the government respectfully requests that the Court order past and present counsel for Defendant Wenger to provide a list of all individuals allowed access to protected discovery materials, including experts and Defense Team personnel, and for each such individual, affirmations as to (1) whether they signed and dated a copy of the protective order as required; (2) whether they allowed Defendant Wenger unsupervised access to any protected discovery materials; (3) whether they provided any protected discovery materials to Defendant Wenger without redactions or other protections mandated by the protective order; (4) whether they provided any protected discovery materials to the aforementioned public website or any other third parties, and if so, which third parties; (5) whether they otherwise used any discovery materials for any other purpose than for preparing or presenting a defense in this matter; and (6) anything else this Court finds appropriate to assist in determining how to address the protective order violations.

## I. Background

On August 16, 2023, the grand jury indicted Defendant Devon Christopher Wenger in two federal cases: (1) *United States v. Harris & Wenger*, 23-cr-268 JSW ("the -268 case") for violations of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(E)(i) (Conspiracy to Distribute or Possess with the Intent to Distribute Anabolic Steroids) and 18 U.S.C. § 1519 (Destruction, Alteration, or Falsification of Records); and (2) *United States v. Amiri et al.*, 23-cr-269 JSW ("the -269 case") for violations of 18 U.S.C. §§ 241 (Conspiracy Against Rights) and 242 (Deprivation of Rights Under Color of Law).

On March 3, 2025, a jury trial as to Wenger and codefendant Amiri began in the -269 case. After two days of trial, the Court declared a mistrial as to Wenger, pursuant to his counsel's request.

On April 30, 2025, following a three-day trial in the -268 case, the jury found Wenger guilty of violating 21 U.S.C. §§ 846 & 841 and 18 U.S.C. § 1519.

On September 18, 2025, following a seven-day retrial in the -269 case as to Wenger, the jury found Wenger guilty of conspiracy against rights in violation of 18 U.S.C. § 241, and he was remanded to federal custody by the Court.

Sentencing has been consolidated between the -268 and -269 cases, and is scheduled for December 2, 2025.

## II. Applicable Law

Courts possess inherent power to punish disobedience to judicial orders through the mechanism of contempt. *Michaelson* v. *United States ex rel. Chicago, St. P., M , & O.R. Co.*, 266 U.S. 42, 65-66 (1924). The contempt power is regarded as essential to judicial function and extends to disobedience that occurs both in and out of court proceedings. *Young* v. *U.S. ex rel. Vuitton et Fils S.A. ,* 481 U.S. 787, 797 (1987). Contempt sanctions may be civil or criminal. "[W]hether a contempt is civil or criminal turns on the 'character and purpose' of the sanction involved." *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 827 (1994). Civil contempt sanctions are remedial and generally seek to compel compliance with a court order or provide compensation to a complainant for actual losses associated with the order's violation. *Id.* In contrast, criminal contempt sanctions are "punitive, to vindicate the authority of the court." *Id.* at 828.

### a. Civil Contempt

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695 (9th Cir. 1993). Courts do not consider the intent of parties in finding civil contempt, and contempt need not be willful. *In re Crystal Palace Gambling Hall, Inc. ,* 817 F.2d 1361, 1365 (9th Cir. 1987). "'Substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *Dual-Deck,* 10 F.3d at 695 (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.,* 689 F.2d 885, 891 (9th Cir. 1982)). The party alleging civil contempt must show that the alleged contemnor violated the court order by clear and convincing evidence. *Id.* (citing *Vertex,* 689 F.2d at 899).

Exceptional circumstances or a good faith attempt at compliance are not defenses to a finding of civil contempt. *Crystal Palace,* 817 F.2d at 1365. However, the party moving for contempt sanctions must show that the nonmoving party violated the order beyond substantial compliance and that the violation was not based on a good faith and reasonable interpretation of the order. *Wolfard Glassblowing Co. v. Vanbraght,* 118 F.3d 1320, 1322 (9th Cir. 1997). Further, "[t]o hold an individual in civil contempt for violation of a court order, that order must be clear in its commands." *In re TFT-*

*LCD (Flat Panel) Antitrust Litig.,* 289 F.R.D. 548, 552-53 (N.D. Cal. 2013), *dismissed* (May 23, 2014) (citing *Balla v. Idaho St. Bd. Of Corr.,* 869 F.2d 461, 465 (9th Cir. 1989)).

"A party may also be held liable for knowingly aiding and abetting another to violate a court order." *Inst. Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014).

Upon a finding of civil contempt, the court may impose penalties that are either compensatory or coercive. *In re Dyer,* 322 F.3d 1178, 1192 (9th Cir. 2003); *see also Ahearn ex rel. NL.R.B. v. Int'l Longshore & Warehouse Union, Locs. 21 &4,* 721 F.3d 1122, 1128 (9th Cir. 2013) ("civil contempt proceedings serve two purposes: (1) coercing compliance with a court order; and (2) compensating the prevailing party.") (citations omitted). "Civil contempt sanctions" are "penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Bagwell,* 512 U.S. at 827. "Neither a jury trial nor proof beyond a reasonable doubt is required." *Id.*

The court has broad authority "to grant the relief that is necessary to effect compliance with its decree." *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 193 (1949). "The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief." *Id.* To that end, the court may order "the doing of a variety of acts" or "the payment of money." *Id.* at 193-94.

A finding of civil contempt is reviewed for abuse of discretion. *Dual-Deck,* 10 F.3d at 695.

**b.  Criminal Contempt**

"Criminal contempt is a crime in the ordinary sense." *Bloom v. Illinois,* 391 U.S. 194, 201 (1968). "[C]riminal contempt sanctions are entitled to full criminal process." *Bagwell,* 512 U.S. at 833. The character and purpose of criminal contempt is punitive and "is imposed retrospectively for a 'completed act of disobedience'" that cannot be purged by an affirmative act in compliance with a remedial order of the court. *Id.* at 828-29 (citing *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 443 (1911)).

Criminal contempt is set forth in 18 U.S.C. § 401, which provides that a court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority" as

(1) Misbehavior by any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree or command.

*Id.*

Contempt exists under subsection (1) where the "contumacious behavior occurred in or near the presence of the court, it actually disrupted or materially obstructed the administration of justice, and it was willful." *U.S. v. Milan*, 215 Fed. Appx. 597, 598 (9th Cir. 2006) (citing *United States v. Galin,* 222 F.3d 1123, 1127 (9th Cir. 2000)).  Contempt exists under subsection (3) where the following exist: (1) a clear and definite order of the court, (2) that the party alleged of contempt knew, (3) and willful disobedience of the order.  *United States v. Thoreen,* 653 F.2d 1332, 1339 (9th Cir. 1981).  Thus, criminal contempt requires a finding of willfulness.

**III.    Discussion**

   **a.    Stipulated Protective Orders and Attorney Signatories**

   i.    <u>-268 Case</u>

On September 5, 2023, the Court entered the parties' stipulated protective order.  Dkt. No. 22. Defendant Wenger then was represented by attorneys Candice Fields and David Fischer.  On June 18, 2024, attorney Dena Young appeared as Wenger's substitute counsel in place of Fields and Fischer. Dkt. No. 95.

On August 15, 2024, attorney Dena Young filed a notice acknowledging the stipulated protective order and "agree[ing] to be bound by it."  Dkt. No. 97.

   ii.    <u>-269 Case</u>

On September 7, 2023, the Court entered the parties' stipulated protective order.  Dkt. No. 42. Defendant Wenger was then represented by attorneys Candice Fields and David Fischer.

On June 3, 2024, following her appearance for Defendant Wenger, attorney Nicole Castronovo a/k/a Lopes filed a notice acknowledging the stipulated protective order and "agree[ing] to be bound by it."  Dkt. No. 118.

On June 18, 2024, attorneys Fields and Fischer withdrew from representing Wenger.  Dkt. No. 134.

On April 2, 2025, attorney Michael Schwartz appeared as Wenger's substitute counsel in place

of attorney Castronovo a/k/a Lopes.  Dkt. No. 430.

On April 28, 2025, attorneys Schwartz and Kasey A. Castillo filed notices acknowledging the stipulated protective order and "agree[ing] to be bound by it."  Dkt. Nos. 446–447.

        iii.   Requirements of the Protective Orders

The stipulated protective orders entered by this Court in the -268 and -269 cases imposed the following requirements, among others:

- "IT IS HEREBY ORDERED that defense counsel, their investigators, assistants, employees, and independent contractors (collectively, 'the Defense Team') may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to any discovery material produced by the government that contains Protected Information, unless the Protected Information has first been **entirely redacted** from the discovery materials." (emphasis in original)

- "The defendant, all members of the Defense Team, and any experts who receive Protected Information under this Order shall be provided a copy of this Order along with those materials and shall sign and date the order reflecting their agreement to be bound by it."

- "The Defense Team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by not divulging the contents or permitting anyone to see Protected Information except as set forth in this Protective Order."

- "The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court."

- "This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case."

*See* Case No. 23-CR-268, Dkt. No. 22; Case No. 23-CR-269, Dkt. No. 42.

**b.  Publication of Protected Discovery Materials**

Despite the protective orders entered by this Court as set out above, the government has become aware of a posting on a public Internet website that contains unredacted excerpts of materials previously produced by the government to Defendant Wenger in discovery and designated as containing "CONFIDENTIAL" protected information.  *See* Ex. 1 (filed under seal).  The posting's contents include protected discovery material, including, for example:

- **Page 2**: two images of pages produced in discovery, clearly marked as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" and bearing Bates numbers EAR-APD-00252–253, showing unredacted PII of a third party including a phone

number and email address.

- **Page 3**: an image of a page produced in discovery, clearly marked as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" and bearing Bates numbers EAR-APD-000255, showing the first page of an internal APD investigation report.

- **Pages 6–7**: images of text message exports between a codefendant and a third party, designated as protected material and produced in discovery.

- **Page 8**: appears to be a manually-captured photograph of a computer screen displaying law enforcement personnel information, designated as protected material and made available for inspection pursuant to the Jencks Act prior to trial.

In addition to these misappropriated discovery materials, the website posting also contains baseless allegations and disparaging accusations about trial witnesses and other third parties, suggesting that the posting originated from Defendant Wenger and/or individual(s) associated with him.

Accordingly, the government notifies this Court of these protective order violations with this filing and respectfully requests the Court take the action set forth above to determine next steps.

DATED: October 22, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　CRAIG H. MISSAKIAN
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　　　　___/s/_____
　　　　　　　　　　　　　　　　　　　　　　　ERIC CHENG
　　　　　　　　　　　　　　　　　　　　　　　ALETHEA SARGENT
　　　　　　　　　　　　　　　　　　　　　　　ALEXANDRA SHEPARD
　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys