Kasey A. Castillo, Esq. [CA SBN 236690]
**KC LAW GROUP, A Professional Law Corporation**
Mail: 31566 Railroad Canyon Road
Suite 2, PMB 1123
Canyon Lake, CA 92587
Telephone: (951) 364-3070
Email: kasey@kc-lawgroup.com

Michael D. Schwartz, Esq. [CA SBN 166556]
**THE MICHAEL SCHWARTZ FIRM**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, CA 90010
Telephone: (323)793-6735
Email: mds@themichaelschwartzfirm.com

*Attorney for Defendant,*
DEVON CHRISTOPHER WENGER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br>v.<br>DEVON CHRISTOPHER WENGER,<br>*Defendant.* | Case No.: 4:23-CR-00269-JSW-3<br><br>**DEFENSE RESPONSE TO NOTICE OF PROTECTIVE ORDER VIOLATIONS; DECLARATIONS OF COUNSEL KASEY A. CASTILLO, MICHAEL D. SCHWARTZ, AND DENA M. YOUNG**<br><br>Judge: Hon. Jeffrey S. White<br>Crtrm: 5<br>Date: November 25, 2025<br>Time: 1:00 p.m. |

Counsel for Defendant Devon Christopher Wenger ("Defendant" or "Mr. Wenger") respectfully submits, pursuant to the Court's order (Dkt. No. 622), by and through counsel, Kasey A. Castillo, Esq. and Michael D. Schwartz, Esq., this Response to the Government's "Notice Regarding Protective Order Violations (Dkt. No. 620).

/ / /

/ / /

1

## I. INTRODUCTION

The Government's filing is predicated on a recent news story related to the case against Defendant Wenger. Since the assignment of new counsel in April 2025, all discovery materials containing confidential or protected information have been handled by current counsel in accordance with the terms stipulated in the protective order.

## II. BACKGROUND AND COMPLIANCE WITH PROTECTIVE ORDER

On September 7, 2023, the Court entered the Parties' stipulated protective order (Dkt. No. 42) which delineated the procedures for handling and reviewing materials designated as "CONFIDENTIAL." All assigned defense counsel appearing on behalf of Mr. Wenger at the inception of the case and beyond—including prior counsel and current counsel—acknowledged and agreed to be bound by those orders.

On April 2, 2025, Attorney Michael D. Schwartz appeared to substitute in as lead defense counsel (Dkt. No. 430). On April 14, 2025, Attorney Kasey A. Castillo appeared as additional counsel for the defense (Dkt. No. 436). On April 28, 2025, counsel for Defendant filed notices acknowledging the stipulated protective order (Dkt. Nos. 446-447).

At all relevant times, Mr. Schwartz and Ms. Castillo, along with the defense team members under their supervision (law clerks Katie Cappuccio, John Hagan, and Yitzy Frankel; investigators Robert Dean and Robert MacFarland) ensured that discovery materials containing Protected Information were securely stored, reviewed only by authorized members of the defense team, and never provided to Mr. Wenger (or any of his associates) in unredacted or unsupervised form. Defense counsel has not disseminated, transmitted, or otherwise disclosed any protected discovery materials to third parties, other than designated expert witnesses (who received and signed acknowledgement of the protective order), or to any public forum, nor have they authorized any other individual to do so on their behalf.

Declarations of Counsel have been filed under seal, including the Declaration of Attorney Dena M. Young (defense counsel in the -268 Case), which contains exhibits consisting of correspondence and responses from prior counsel. These materials are submitted to clarify the timeline of representation and to demonstrate compliance with the stipulated protective order.

### III. RESPONSE TO GOVERNMENT'S ALLEGATIONS

The Government's Notice speculates that the posting of certain materials on a public website "originated from Defendant Wenger and/or individual(s) associated with him." (Notice at p. 7:14.) The Government offers no evidentiary foundation establishing (1) the source of the alleged posting, (2) that any such materials were obtained from the defense, or (3) that any person subject to the Court's protective orders was involved. Further, in light of the history of the case, the timing of any purported dissemination is also relevant. In order to meet its burden, the Government must demonstrate that a specific and definite order of the Court was violated by the Defendant or his counsel. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

### IV. LEGAL STANDARD

#### A. Civil Contempt

A finding of civil contempt requires proof by clear and convincing evidence of a violation of a clear and specific court order. *Id*. Substantial compliance with a court order is a defense to civil contempt. *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 891 (9th Cir. 1982).

Civil contempt sanctions are remedial—they serve to compel future compliance or compensate for losses associated with a violation. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). The Government bears the burden of establishing noncompliance by clear and convincing evidence; mere suspicion or inference is insufficient.

#### B. Criminal Contempt

Criminal contempt, by contrast, is punitive in nature and may only be imposed where there is proof beyond a reasonable doubt that a party willfully disobeyed a clear and specific court order. *United States v. Thoreen*, 653 F.2d 1332, 1339 (9th Cir. 1981); *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003). The purpose of criminal contempt is to vindicate the authority of the Court, not to coerce compliance. *Bagwell*, 512 U.S. at 828.

Because criminal contempt constitutes a crime in the ordinary sense, it carries the full protections of criminal procedure, including notice, the right to counsel, and proof of guilt beyond a reasonable doubt. *Bloom v. Illinois*, 391 U.S. 194, 201 (1968).

### V.   CONCLUSION

The Government's assertions are speculative and unsupported and fail to satisfy the threshold for contempt or any remedial action. Accordingly, no finding of contempt or violation is warranted.

Respectfully submitted,

DATED: November 7, 2025

_____
Kasey A. Castillo, Esq.
KC Law Group, A Professional Law Corporation

_____
Michael D. Schwartz, Esq.
The Michael Schwartz Firm

*Attorney for Defendant*,
DEVON CHRISTOPHER WENGER