UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>Defendant. | Case No. 23-cr-00269-JSW-3<br><br>**ORDER DENYING MOTIONS FOR JUDGMENT OF ACQUITTAL**<br><br>Re: Dkt. Nos. 583, 610 |

This matter comes before the Court upon consideration of the motions for judgment of acquittal filed by Defendant Devon Christopher Wenger ("Wenger"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, including the oral argument on Wenger's initial motion, and it HEREBY DENIES the motions.

## BACKGROUND

On August 16, 2023, the grand jury returned an Indictment charging Morteza Amiri ("Amiri"), Eric Rombough ("Rombough"), and Wenger with conspiracy against rights, in violation of 18 U.S.C. section 241. According to the Indictment, from at least February 2019 through at least March 2022, Amiri, Rombough, and Wenger conspired with one another "to injure, oppress, threaten, and intimidate residents of Antioch, California and the Northern District of California in the free exercise and enjoyment of rights secured to them by the Constitution or laws of the United States, that is, to be free from the use of unreasonable force by a law enforcement officer[.]" (Indictment ¶ 90 ("Count 1").) The Government also charged Wenger with one count of deprivation of rights under the color of law, in violation of 18 U.S.C. section 242. That charge was based on an incident that occurred on October 26, 2021, involving an individual identified as D.S. ("Count 8").

At trial, the Government presented testimony from the Antioch Police Department's ("APD") Chief of Police, Joseph Vigil, former APD Captain Anthony Morefield, former APD Officers Shane Col and Matthew Contreras, Rombough, law enforcement officers involved in the investigation, and from two victims. The Government also presented use of force reports, photographs, videos taken by bystanders, videos from APD officer body worn cameras, and a host of text messages between and among the Defendants. By way of example only, Wenger sent a text to Amiri and Wenger asking them to "f*** this guy in the ass" and sent them a photo of the suspect. Rombough responded "deal." Amiri, who worked with a canine named Purcy, responded, "i'll bite em." (Ex. 107 at 3, 5.) The Government also introduced a text chain between Wenger and Amiri regarding an incident where Pittsburg Police Department Officers activated body cameras during an encounter with a suspect. Amiri wrote Wenger that they would have "f**ed" the individual up more if the body worn cameras were not activated. Wenger responded by emphasizing Amiri's message and stating that is why he does not like body worn cameras. (Ex. 255 at 61-64.)

The Government also presented testimony about Wenger's involvement in an investigation relating to a robbery at a Spirit Halloween Store in October 2019 and a subsequent encounter with the suspects. C.Y. testified that Wenger pushed her up against a wall, and she heard her arm "crack[]." C.Y. also testified that Wenger slammed her sister's head into a police car. (Tr. at 268:9-276:10.) The Government introduced Wenger's incident and use of force reports. The Government also introduced a bystander video of the encounter, which did not align with Wenger's reports. (Ex. 651 (Incident Report), Ex. 667 (Use of Force Report), Ex. 669 (bystander video).) Wenger called APD Officer Erik Nilsen, who provided testimony favorable to Wenger about the encounter with C.Y. and her sister. (Tr. at 1224:7-10, 1232:7-1239:1.)

On September 15, 2025, the parties filed briefs on Wenger's initial motion for judgment of acquittal, and the Court heard oral argument the following day. At the conclusion of that hearing, the Court granted Wenger's motion for judgment of acquittal on Count 8. The Court reserved ruling on Count 1. (Tr. at 1283:6-12.)

On September 18, 2025, the jury found Wenger guilty on Count 1. The Court will address

additional facts as necessary in the analysis.

## ANALYSIS

### A. Applicable Legal Standard.

"A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). "It is well settled that a district court does not have unlimited discretion in resolving a Rule 29(c) motion for judgment of acquittal." *United States v. Dreitzler*, 577 F.2d 539, 545 (9th Cir. 1978). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The answer to that question involves a two-step inquiry. "First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). Second, a reviewing court "must determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 319). In *Nevils*, the court explained the "second step protects against the rare occasions in which 'a properly instructed jury may … convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt." *Id.* (quoting *Jackson*, 443 U.S. at 317).

### B. The Court Denies the Motions.

In order to convict Wenger on Count 1, the jury was required to find (1) an agreement between two or more persons to injure, oppress, threaten, or intimidate one or more persons in the free exercise or enjoyment of any right or privilege secured to them by the Constitution or laws of the United States; and (2) that Wenger joined that agreement knowing its purpose and intending to help accomplish that purpose. *See, e.g., United States v. Gonzalez*, 906 F.3d 784, 792 (9th Cir. 2018).

Wenger argues that the Court's ruling granting his motion on Count 8 demonstrates the evidence of conspiracy was insufficient and argues that "it would be inconsistent to uphold a

conspiracy conviction when the predicate event failed." (Renewed Mot. at 11:22-23.) The Court finds this argument unpersuasive, because a conviction for conspiracy "does not require completion of the intended underlying offense." *United States v. Iribe*, 564 F.3d 1155, 1161 (9th Cir. 2009).

Wenger also argues that the Government's evidence is indicative only of vulgar banter, isolated bluster, speculation, and the fact that the defendants associated with one another. Unlike Rombough, Wenger did not explicitly state he violated people's civil rights. (*See* Ex. 102 at 2188.) However, a tacit agreement "may be inferred from the conspirators' conduct as well as other circumstantial evidence." *Gonzalez*, 906 F.3d at 792. The Court also instructed the jury that "[i]t is not enough, …, that [the conspirators] simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. (*See* Dkt. No. 587, Final Jury Instructions, Instruction 18.) In addition, the Court instructed the jury that

> one who has no knowledge of a conspiracy, but happens to act in a way which further some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor by merely knowing that a conspiracy exists.

(*Id.*)

Examining the evidence in the light most favorable to the Government, both before and after Nilsen testified, the Court concludes it was sufficient for the jury and any rational fact finder to find Wenger guilty on Count 1. When the Court considers Wenger's arguments about why the evidence is more indicative of innocence, the Court also is not persuaded that this is one of the "rare occasions" where that evidence "is such that all rational fact finders would have to conclude that the evidence of guilt fails to establish every element of the crime beyond a reasonable doubt." *Nevils*, 598 F.3d at 1165.

Accordingly, the Court DENIES Wenger's motions for judgment of acquittal.

**IT IS SO ORDERED**.

Dated: November 26, 2025

_____
JEFFREY S. WHITE
United States District Judge

4