1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEVON CHRISTOPHER WENGER,

Defendant.

Case No. 23-cr-00269-JSW-3

**ORDER DENYING MOTION FOR NEW TRIAL**

Re: Dkt. No. 614

Now before the Court for consideration is the motion for new trial filed by Defendant Devon Christopher Wenger ("Wenger"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it DENIES the motion.

## BACKGROUND

On August 16, 2023, the grand jury returned an Indictment charging Morteza Amiri ("Amiri"), Eric Rombough ("Rombough"), and Wenger with conspiracy to violate rights, in violation of 18 U.S.C. section 241, specifically the right to be free from unreasonable use of force ("Count 1"). The Government also charged Wenger with one count of deprivation of rights under color of law, in violation of 18 U.S.C. section 242 ("Count 8"). Count 8 was based on an incident that occurred on October 26, 2021, involving an individual identified as D.S.

On March 3, 2025, Wenger and Amiri proceeded to trial together. On March 5, 2025, the Court granted Wenger's motion for a mistrial and severed his case from Amiri. (Dkt. No. 350.) The jury acquitted Amiri on Count 1 but convicted him on two other counts.

On April 2, 2025, Wenger's current counsel entered their appearance. On June 13, 2025, Wenger's counsel requested a copy of the data extraction taken from Wenger's cell phone. Wenger's counsel also discussed possible expert witnesses, including Jon Berryhill. Wenger

provided the Government with Berryhill's curriculum vitae that same day. On June 17, 2025, the Government sent Wenger's new counsel a full copy of the extraction performed on Wenger's cell phone. (Dkt. No. 616-1, Declaration of Alexandra Shephard ("Shepard Decl.") ¶¶ 5-6.) The deadline to disclose expert witnesses was July 7, 2025. Wenger noticed four expert witnesses, but he did not include Berryhill on that list. (*Id.* ¶ 7.) On September 14, 2025, Berryhill produced a report to Wenger's counsel and expressed his opinion that "any evidence obtained from Mr. Wenger's iPhone has been un-reparably damaged and cannot be trusted." (Mot. Ex. A ("Berryhill Report" at 6).)

Wenger filed a motion *in limine* prior to trial asking the Court to exclude text messages referenced in the Indictment. (Dkt. No. 462, MIL No. 1.) The Government opposed the motion and argued that it also would seek to introduce statements by Amiri and Rombough as co-conspirator statements. (Dkt. No. 474, Opp. to MIL No. 1 at 4:6-6:11.) At the pretrial conference, the Court denied Wenger's motion. (Dkt. No. 504, Minute Entry.) Rombough testified during the retrial and was subject to cross-examination. During his testimony the Government introduced text messages between Rombough and Amiri, which the Court admitted as co-conspirator statements. (*See, e.g.,* Ex. 102.)

The Court granted Wenger's motion for judgment of acquittal on Count 8, and the jury convicted Wenger on Count 1. The Court will address relevant facts in the analysis.

## ANALYSIS

### A.   Applicable Legal Standards.

A "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for a judgment of acquittal." *United States v. Inzunza*, 638 F.3d 1006, 1026 (9th Cir. 2011) (quoting *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992)). A court need not view the evidence in the light most favorable to the government. Rather, a court is free to weigh the evidence and evaluate for itself the credibility of witnesses. *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000); *Alston*, 974 F.2d at 1211. By the plain terms of Rule 33, however, a court's focus must be whether failing to grant a

United States District Court
Northern District of California

1    new trial would result in manifest injustice.

2           New trial motions are disfavored and should be granted "only in exceptional cases in

3    which the evidence preponderates heavily against the verdict." *United States v. Rush*, 749 F.2d

4    1369, 1371 (9th Cir. 1984) (quoting *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981)).

5    **B.    The Court Denies the Motion.[1]**

6           **1.    Admission of Co-Conspirator Text Messages.**

7           Wenger argues the Court erroneously admitted the text messages between Amiri and

8    Rombough.  The Court admitted those text messages pursuant to Federal Rule of Evidence

9    801(d)(2)(E), which requires the Court to find by a preponderance of the evidence that a

10   conspiracy existed and that the statements were made during and in furtherance of the conspiracy.

11   *See Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987); *United States v. Peralta*, 941 F.2d

12   1003, 1006-08 (9th Cir. 1990) (holding that co-conspirator statements may be admitted even when

13   declarant has been acquitted of conspiracy).

14          In his motion, Wenger cites text messages included in Exhibit 102, which the Government

15   introduced during Rombough's testimony.  Before the Court admitted the cited portions of Exhibit

16   102, it gave Wenger the opportunity to raise objections.  Wenger neither objected nor raised a

17   continuing objection.  (*Compare* Tr. at 617:26-619:9 (discussing Ex. 102 pages 1968-69, 1411-13)

18   *with* Tr. at 928:1-18 (raising objections to admission of text messages between Amiri and Wenger

19   that were obtained from Wenger's cell phone).)  The Court concludes this argument is subject to

20   plain error review, which requires a finding of (1) error, (2) that is plain, and (3) that affected

21   "substantial rights." *United States v. Recio*, 371 F.3d 1093, 1100 (9th Cir. 2004) (citing *United

22   States v. Olano*, 507 U.S. 725, 732-35 (1993)).  If those three requirements are met, the Court may

23   "notice the forfeited error only if the error seriously affects the fairness, integrity or public

24   reputation of judicial proceedings." *Id.* (cleaned up).

25          The Court has considered Wenger's arguments, but none persuade the Court that it erred,

26   let alone plainly erred, in concluding that the texts between Rombough and Amiri were admissible

27   _____

28   [1]    Wenger included allegations of jury misconduct in his opening brief, but he has withdrawn
       that argument.  (Reply at 11.)

3

as co-conspirator statements.

### 2. Admission of Video Clips.

Wenger also argues that a new trial is warranted based on the admission of video clips, which included statements by other APD officers.[2]  In the section of the motion that specifically addresses these claims, Wenger cites to the transcript at 900:3-12, which sets forth the Government's position on why certain clips would be admissible.  In Section B of his motion, Wenger cites to certain video exhibits, not all of which were admitted.  The Government asserts the exhibits in question are 511-513 and 515, and Wenger does not challenge the Government's assertion in his reply.  Accordingly, the Court limits its evaluation of Wenger's motion to those exhibits, which relate to the incident involving D.S., and the impact, if any, on Count 1.

Wenger did not object to the admission of Exhibits 511, 512, and 513 at trial.  The Court concludes Wenger has failed to show that admission of these three exhibits was plain error.  Wenger also did not object to admitting all the clips shown from Exhibit 515, including the portion cited in his reply at 3:44-4:01.  Wenger also did not ask for a limiting instruction.  (Tr. 1107:21-24.)  The Court has denied Wenger's motion for judgment of acquittal on Count 1, finding the evidence was sufficient for a rational trier of fact to convict.  Therefore, even if the Court could find this clip should have been excluded under Rule 403, it cannot conclude that admission of that clip "seriously affect[ed] the fairness, integrity or public reputation" the proceedings.  *Recio*, 371 F.3d at 1100.

### 3. The Berryhill Report.

Wenger also moves for a new trial based on newly discovered evidence: the Berryhill Report.[3]  In its discretion, a court can grant a motion for new trial based on newly discovered

---

[2]     Wenger does not assist the Court by clearly identifying which exhibits are at issue. "Judges are not like pigs, hunting for truffles in briefs."  *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (*per curiam*)).

[3]     Wenger also argues about newly discovered text messages.  Because he raised that argument for the first time in his reply, the Court will not consider it.  *See, e.g., Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  Even if the Court were to consider the argument, it would not alter the Court's decision.  Wenger fails to show the messages are material because he does not discuss their content.  Although the Berryhill Report references text messages between Wenger and Dan Harris or Brendan Mahoney, Berryhill appears to be responding to testimony from case

United States District Court
Northern District of California

1  evidence. *See United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991); Fed. R. Crim. P.

2  33(b)(1).  In general, a defendant must satisfy a five pronged test when moving for a new trial

3  based on newly discovered evidence: "(1) the evidence must be newly discovered; (2) the failure

4  to discover the evidence sooner must not be the result of a lack of diligence on the defendant's

5  part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither

6  cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would

7  probably result in acquittal." *Kulczyk*, 931 F.2d at 548.

8        The Court concludes Wenger falters on the first two prongs of this test.  First, the Ninth

9  Circuit has defined newly discovered evidence as evidence discovered after a trial is complete.

10  *See, e.g., United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005); *United States v.*

11  *McKinney,* 952 F.2d 333, 335-36 (9th Cir. 1991) (citing *Pitts v. United States*, 263 F.2d 808, 810

12  (9th Cir. 1959)).  The Berryhill Report is not "newly discovered" under that definition.

13        Second, Wenger fails to show he was diligent in obtaining the Berryhill Report and in

14  seeking to bring it to the Court's attention.  The record shows that three weeks after he failed to

15  list Berryhill as an expert, Wenger's counsel wrote to the Government, stating they wanted a

16  digital forensics specialist to review Wenger's cell phone.  Wenger also asked the Government to

17  send the cell phone to Berryhill.  (Shepard Decl., ¶ 8.)  Because the cell phone was evidence, the

18  Government advised Wenger's counsel it would be made available for inspection at Berryhill's

19  convenience.  Berryhill did not inspect the phone.  (*Id.*, ¶¶ 9-10.)  On August 6, 2025, Wenger's

20  mother delivered a hard drive containing the extraction to Berryhill.  The Berryhill Report was

21  prepared on September 14, 2025, but Wenger did not bring it to the Court's attention on

22  September 15, 2025, when trial resumed.  *See, e.g., Kulczyk*, 931 F.2d at 548-49 (affirming denial

23  of motion for new trial and citing defendant's failure to advise the court during trial about inability

24  to locate witness as lack of diligence).

25  //

26  //

27

28

---

23-cr-268.

1    For the foregoing reasons, the Court DENIES Wenger's motion for a new trial.

2    **IT IS SO ORDERED**.

3    Dated:  December 1, 2025

4    _____

5    JEFFREY S. WHITE
     United States District Judge