UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEVON CHRISTOPHER WENGER,

Defendant.

Case No. 23-cr-00269-JSW-3

**ORDER DENYING REQUESTS FOR RESTITUTION AND DENYING GOVERNMENT'S MOTION TO SEAL WITHOUT PREJUDICE**

Re: Dkt. Nos. 658, 667-668

This matter comes before the Court upon consideration of requests for restitution by China Young and Claudjanae Young, following Defendant Devon Wenger's ("Wenger") conviction for one count of conspiracy to violate civil rights.[1]  The Court has considered the parties' briefs on the issue and their arguments at the hearing held on January 27, 2026.[2]  For the following reasons, the Court DENIES the requests for restitution.

**BACKGROUND**

The Court sentenced Wenger on December 8, 2025, and it postponed the restitution hearing to permit the parties to brief the issue.  China seeks $210.99, which represents the balance due on a student loan.  Claudjanae seeks $1,383.50, which represents a balance due for tuition at

---

[1]    If necessary to distinguish between the Youngs, the Court will refer to them by their first name.  Although the Court has previously referred to the Youngs by their initials, they filed a civil suit against Wenger based on the incident that formed the basis of the conspiracy conviction.  That lawsuit is a matter of public record.

[2]    The Government filed a motion to seal excerpts of Claudjanae Young's deposition in her civil case against Wenger.  The Court DENIES that motion without prejudice.  It is not clear that the portions of the exhibit were designated confidential in the civil case, and the Court is not persuaded that the exhibit in its entirety needs to be sealed.  Accordingly, the Government may renew its motion to seal by no later than February 27, 2026.  The Court shall maintain the document under seal pending a renewed motion.

Contra Costa Community College.  The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

This case is governed by 18 U.S.C. section 3663, the Victim Witness Protection Act of 1982 ("VWPA"), which gives the Court discretion to award restitution.  Under the VWPA, a "victim" is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered."  18 U.S.C. §§ 3663(a)(2).  "[I]n the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity," a court may order restitution to "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy or pattern."  *Id.*  The Government bears the burden to show the Youngs are "victims" entitled to restitution and to prove the amount of their losses.  *United States v. Wakine*, 543 F.3d 546, 557 (9th Cir. 2008).

Wenger argues the Youngs are not victims under the VWPA because they cannot establish the requisite causal nexus between his conduct and their claims for restitution.  He also argues that an order of restitution would punish him for uncharged misconduct.  The Court finds these arguments unpersuasive.  Wenger was convicted of conspiracy to violate rights.  Although the Government did not charge Wenger with a substantive offense relating to this incident, the Government introduced evidence of a physical altercation between Wenger and the Youngs.  The jury convicted Wenger for his part in the conspiracy.  This is also not a case where restitution would be imposed on Wenger for harm caused by one of his co-conspirators.  Therefore, whether the harm to the Youngs was reasonably foreseeable is not an issue.  *See United States v. Riley*, 335 F.3d 919, 932 (9th Cir. 2003) (affirming restitution imposed for conduct committed by co-conspirators because "[a] conspirator is vicariously liable for reasonably foreseeable substantive crimes committed by a coconspirator in furtherance of the conspiracy").  The Court concludes that the Government has met its burden to show the Youngs are victims under Section 3663.

Wenger also argues that the losses the Youngs seek are not recoverable.  Section 3663 provides that when an offense results in bodily injury to a victim, the Court may order a defendant to

2

United States District Court
Northern District of California

(A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

(B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

(C) reimburse the victim for income lost by such victim as a result of such offense[.]

The Government acknowledges that the Young sisters' requests to be reimbursed for lost tuition do not fall within these categories.  Wenger, in turn, acknowledges that courts have awarded restitution for future lost income.  A restitution award for future lost income "must not be predicated on speculation or conduct unrelated to the offense of conviction[.]"  *United States v. Cienfuegas*, 462 F.3d 1160, 1168 (9th Cir. 2006).

Here, the only evidence the Government has submitted to substantiate the connection between the tuition costs and the Youngs' lost future income is a citation from the United States Census Bureau noting a "correlation between having a bachelor's degree and higher incomes." (Gov. Rest. Brief at 6:21-22.)  The Court concludes that however modest the Youngs' requests may be, that reference alone is not sufficient to meet the Government's burden to show by a preponderance of the evidence that their lost tuition is correlated to future income "lost … as a result of" Wenger's offense.

Accordingly, the Court DENIES the Youngs' request for restitution.

**IT IS SO ORDERED**.

Dated: February 4, 2026

_____
JEFFREY S. WHITE
United States District Judge