UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

DEVON WENGER,
Defendant.

Case No. 23-cr-00269-JSW-3

**ORDER RESOLVING MOTION FOR INDICATIVE RULING RE MOTION FOR NEW TRIAL**

Re: Dkt. Nos. 725-726

This matter comes before the Court upon consideration of the motion for an indicative ruling on a proposed motion for new trial filed by Defendant Devon Wenger ("Wenger").[1] The Court has considered the parties' papers, relevant legal authority, the record in this case, and it found the motions suitable for disposition without oral argument. The Court issues an indicative ruling that it would deny the motion for a new trial.

**BACKGROUND**

The Court will not recite the facts underlying this case in detail. On September 18, 2025, a jury found Wenger guilty on one count of conspiracy to violate rights, in violation of 18 U.S.C. section 241. Co-Defendant Eric Rombough testified against Wenger during the trial. The Court denied Wenger's post-trial motions for judgment of acquittal and new trial and, on December 8, 2025, sentenced him to a term of 90 months imprisonment.[2] Wenger appealed his conviction and

[1] Wenger conditionally moved to seal his opening brief and reply, and the Government moved to seal its opposition because they address matters that the Court sealed in *United States v. Rombough*, 23-cr-269-2. The Court will address those motions in a separate Order and will not refer to the substance of the sealed materials in this Order.

[2] The Court consolidated the sentencing in this case with the sentencing in case 23-cr-268-JSW-2.

United States District Court
Northern District of California

sentence, which remains pending before the United States Court of Appeals for the Ninth Circuit.

On March 26, 2026, the Court sentenced Rombough, who submitted a report prepared by Vladimir Bokarius, M.D., Ph.D., QME on March 11, 2024, in support of his sentencing (the "Report"). That Report forms the basis for Wenger's current motion. The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

In general, Wenger's pending appeal would divest this Court of jurisdiction "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 46, 58 (1982). However, Wenger seeks an indicative ruling under Federal Rule of Criminal Procedure 37(a)(3), which provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

Wenger asks for an indicative ruling on a motion for a new trial based on newly discovered evidence: Dr. Bokarius's Report. New trial motions are disfavored and should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir. 1984) (quoting *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981)). To prevail on a motion for new trial based on newly discovered evidence, Wenger must show: "(1) the evidence [is] newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." *United States v. Kluczyk*, 931 F.2d 542, 548 (9th Cir. 1991).

The Government does not dispute, and the Court concludes that Wenger could meet the first two prongs of this test. Wenger argues he meets the third through fifth prongs because the Report presents an entirely different picture of Rombough than portrayed at trial. The Court expresses no opinion on its admissibility and will assume for the sake of argument that the Report could have been used to impeach Rombough. "Ordinarily, evidence impeaching a witness will not

United States District Court
Northern District of California

be material … because it will not refute an essential element of the government's case." *United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992). In some instances, the evidence might "be so powerful that, if it were to be believed by the trier of fact, it could render the witness' testimony totally incredible." *Id.* at 825. In such a case, if that witness' testimony was uncorroborated and was the only evidence directed to an essential element, it would be considered "material" for purposes of a new trial. *Id.*

In *Davis*, for example, the defendants were convicted of conspiracy and other drug related crimes, and the government's case consisted primarily of two undercover agents. After they were convicted, the defendants learned that one of the agents had been involved in a conspiracy to steal confiscated drug money from the Los Angeles County Sherrif's Department. *Id.* at 822. The court assumed that the evidence would have caused the jury to find the agent's testimony totally incredible. It also noted that "[i]f newly discovered evidence establishes that a defendant in a narcotics case had been convicted solely on the uncorroborated testimony of a crooked cop involved in stealing drug money, the interest of justice would support a new trial[.]" *Id.* (cleaned up). The court then examined the record and trial and concluded that even if the jury had totally disregarded the agent's testimony, there still was sufficient evidence to support the convictions, *i.e.* the evidence would not have "probably result[ed] in an acquittal." *Id.* at 827.

The Court has reviewed Rombough's trial testimony in light of the contents of the Report, and it concludes the Report is "not so powerful that, if it were to be believed by the trier-of-fact," it would discredit Rombough's trial testimony entirely. Unlike Rombough, Wenger did not explicitly state he violated people's civil rights. (See Ex. 102 at 2188.) However, a tacit agreement "may be inferred from the conspirators' conduct as well as other circumstantial evidence." *United States v. Gonzalez*, 906 F.3d 784, 792 (9th Cir. 2018). As the Court noted in its Order denying Wenger's motions for judgment of acquittal, in addition to Rombough's testimony there was other evidence supporting Wenger's participation in the conspiracy, including text messages from Wenger to Amiri and Rombough. The Government also introduced a video regarding Wenger's participation in an encounter with suspects following a robbery at a Spirit Halloween Store in October 2019, which did not align with his incident and use of force reports.

(*See* Ex. 107 at 3, 5; Ex. 255 at 61-64; Ex. 651 (Incident Report), Ex. 667 (Use of Force Report), Ex. 669 (Video).)

The Court concludes Wenger has not met his burden to show that the Report is material, is more than merely impeaching, and that if presented to a jury it would likely lead to his acquittal. Accordingly, the Court issues this indicative ruling that it would deny the motion for a new trial.

**IT IS SO ORDERED**.

Dated: September 8, 2026

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California